RECEIPT # _____ 14308
AMOUNT $ 256 Cash
SUMMONS ISSUED Y-5
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-16-05 _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, | ) |
| | ) |
| | ) |
| Plaintiff , | ) **CIVIL ACTION** |
| | ) |
| | ) |
| | ) **CASE NO.** _____ |
| | ) |
| Bruce Bastian, Kate Dcamp, | ) |
| Lynn Fraser, Celia Harper-Guerra , | ) **05 - 11005 GAO** |
| Rick Justice, Cisco Systems Inc. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants , | ) |
| | ) |

MAGISTRATE JUDGE Bowler

## COMPLAINT

Plaintiff Anthony Bayad complains of defendants Bruce Bastian , Kate Dcamp, Lynn Fraser, Celia Harper-Guerra , Rick Justice, and Cisco Systems as follows:

## PRELIMINARY STATEMENT

1.    This action seeks declaratory, injunctive, and equitable relief, compensatory and  punitive damages,  legal costs, and other remedies  as deemed  and appropriate,  for the violation of Plaintiff Anthony Bayad ' Federally Protected Civil Rights under title 42 U. S. C Section 1981 and 1985 for intentional conspiracy to discriminate and to retaliate based on the plaintiff's Moroccan ancestry, and his Arab race; and similar situated individuals, and for  breach of contractual of obligations (Business & Employment  Relationship); emotional distress, mental anguish,  and loss of  enjoyment of life, and;  include injury to character and reputation  (defamation) ,and  injury to credit standing suffered by plaintiff Anthony Bayad while  working and  associating with  Defendants.

## **JURISDICTION**

2.      This action arises under the Civil Rights Reconstruction Era Statues, 42 U.S.C §§ 1981,

1981(a) as amended by the Civil Rights Act of 1991, the Civil Right Act of 1871, section two now

codified at 42 U.S.C. § § §1985, 1985(3), 1985(C),1988, and § 704 of Civil Act of 1964, and the

Commonwealth Law of Massachusetts at Part I, Title XXI Chapters 149, section 52c., and

M. G. L.A. c.266. § 120. Supplemental Right of Due Process the Fourteen Amendment and Equal

Protection clause (Classification of race) under the United State Constitution and Massachusetts

state law.

3.      Jurisdiction over the federal issues is invoked pursuant to 28 U.S.C. § 1343(4)

and, over the Constitution and state law claims pursuant to the doctrine of supplemental

jurisdiction, now codified at 28 U.S.C. §1367 and Equal Protection Clause.

4.      Declaratory, injunctive, and equitable relief is sought pursuant to 42 U.S.C. §§§§

1981, 1985, 704, and supplemental Constitution and State law claims.

5.      Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981 and § 1985;

42 U.S.C. § 704, and the supplemental Constitution and state laws claims. Costs and other fees may

be awarded pursuant to 42 U.S.C §§ 1988 and 2000e-5(k), Federal Rule 54 of Civil Procedures and

Massachusetts state law.

## **VENUE**

6.      This action lies in the district of Massachusetts, pursuant to 28 U.S.C. § 1391(b), because

the claim initially arose in the judicial district, and pursuant 28 U.S.C. § 2000e-5(f) (3); Because the

Plaintiff associated, and works in this judicial district. Moreover, Defendants Bruce Bastian, Kate

Dcamp, Lynn Fraser, Celia Harper-Guerra , Rick Justice and Cisco Systems have a business office

located in this district, and the Plaintiff resides here.

7.      Plaintiff Anthony Bayad is a U.S. Citizen for twenty [20] years native of Morocco and is of

Arab ethnicity. Plaintiff is currently a resident of the State of Massachusetts. for twenty [20] years.

8.      Defendants Bruce Bastian Kate Dcamp, Lynn Fraser,   Celia Harper-Guerra , Rick Justice,

and Cisco Systems are all Executives and partners/owners of Cisco Systems, whom some of them

own 10 percent of shares of the Company Cisco Systems Inc. ("Cisco").

9.      ("Cisco "), an employer that engages in an industry affecting commerce and employs

approximately more than  40,000.00 employees  World Wide. .

## FACTS

10.     Plaintiff Bayad was born in Casablanca Morocco a North African country,  immigrated

to the United States at age of  17 years old to enjoy the freedom and the opportunity that this

wonderful country the United States of America has to offer.

11.     Bayad worked his way through College thank to the help of  the Tax payers

( the promissory student loan) and  by washing dishes at burger King, doing construction work and

as a gasoline  attendant, as well as other low paying jobs such as cleaning bathrooms, and

distributing news papers. Bayad graduated with Bachelor's of Science in Computer Engineering

Technologies the year of  1994 from Wentworth Institute of Technology,  with a GPA approaching

3.5 on a 4.0 scale, and was placed four time in the honorable Dean's list for his high achievement

during his four year College. After graduation he began his career as a network engineer.

12.     On or about **April 12 of the year 2000**,  Bayad was offered a position as Project Engineer

I I grade level 9 Cisco Systems Inc., Professional Services- U.S. Enterprise Northeast region,

reporting directly to Lynn Fraser starting salary of $90,000.00 yearly, working out of  Cisco Systems

Massachusetts Lexington  office. A copy of the Cisco offer letter is as Exhibit 1 to the complaint.

12. Bayad was hired because of his experience in the field of Data Networking, after the

well known rigorous five interviews process, and personal background check that Bayad was put

through by Cisco; Bayad has been through out his entire career an excellent employee Project

Engineer with Cisco Systems.

13. Bayad continued his outstanding performance by executing well all of his duties, was

rated his overall **job performance as an "E"**, which in Cisco performance rating means: Employee

is successful; meets or exceeds all key performance expectations, and his review input summary was

quoted as follow : A copy of the letter of Plaintiff Bayad ' Cisco job performance is attached as

Exhibit 2 to the complaint.

> " Anthony is very dedicated to Customer satisfaction. He works hard and is very
> conscientious . . . Anthony has been mentoring a former Strata-Com Engineer who is
> working hard to cross-train on LAN technologies. Anthony has been an integral part
> of the Engineer's success, who is constantly giving me positive feedback on Anthony'
> mentoring and reasoning capabilities. . . he is also very impress with Anthony' s
> technical capabilities. . . Anthony is clearly a Team Player. He is very supportive of
> his Team, and encourages other's success. . .

14. The President of Cisco John Chambers and Chief Executive of Cisco sent a letter to

Bayad on August 21, 2000 addressed to his Home address begin with Dear Anthony (formality Mr.

Bayad) and signed personally by him (Chambers) and by Bayad ' Manager also wrote on top of the

page with her hand writing " Congratulation Anthony ! ( sign)---Lynn" . and Chambers' s letter to

Bayad state the following : A copy of the letter of Cisco President John Chambers to Plaintiff Bayad

is attached as Exhibit 3 to the complaint.

> I want to congratulate you on our 42nd quarter of consecutive revenue and earnings growth
> which was the strongest quarter and year-over-year growth . . .. Your individual
> contributions have played a significant role in making year 2000 a success. As a result, you
> ( Anthony) will be receiving a Cisco Incentive Plan ( CIP) bonus for $5, 858.05 in
> recognition of your accomplishments this past year. You ( Anthony) will receive your bonus
> via direct or, if you do not have direct deposit, via mail to your home…"

4

15.    Hence Plaintiff Bayad has been successful at meeting his performance objectives and clearly

performed in an exceptional manner accordingly to Cisco 'rating; On about  October 16, 2000 was

spotted by Anthony Savastano ( known as Tony Savastano) a Director or Vice President of Cisco

Finance, was a former Manager or Executive of Lucent Technologies that Bayad used to report to

him during his employment at Lucent Technologies, the year of 1995 and 1997 prior of joining

Cisco Systems;

Factual Background of Hate Crime executed on Bayad at work place within Lucent Technologies '
jurisdiction of  intent , defamation , false imprisonment no right of due process harassment ,
disparate treatments of discrimination and the list goes on. Provided as follow: (Justice Miscarriage)

15. During Bayad ' employment with Lucent Technologies , Tony Savastano demoted Anthony

Bayad for no reason or justification, promoted instead a Spanish person to take over the position that

Anthony Bayad held. Tony Savastano 'tactic was aimed to cover up his hate toward Moroccan,

replacing him by a minority, by keeping him in the lower ranks and eventually terminating his

employment, because he ( Savastano) was motivated by hatred of Bayad ' race Moroccan or

similar situated as him.

16.    During Bayad ' employment at Lucent with Tony Savastano, Bayad requested a meeting with

Amado Navas a Manager reporting to Tony Savastano and Carl Wiese an Executive of Lucent

Technologies that Bayad reported to him also , and during the meeting Bayad complained to them

(Savastano and Wiese) about their treatment and discrimination toward him because of his race, by

asking them if they have a problem with people with an accent like him ( meaning Anthony Bayad)

and why can John White ( an engineer similar situated as Bayad), a white employee also reported to

Carl Wiese and Tony Savastano, who had just gotten a significant promotion, fly high, like an eagle

5

(John White) and he (Bayad) can't , Why is it that he ( Bayad) have to prove him self every day to you ( Carl Wiese and Tony Savastano), Carl Wiese immediately shouted: shut up!! Stop talking about my people!!. A copy of the declaration of Mr. Amado Navas who attended the  is attached as Exhibit 4 to the complaint.

17.    Tony Savastano and Carl Wiese approached Kaslow a Phone technician without a college degree or similar qualification as Bayad, offered him the managerial position, instead of Bayad and others qualify educated minorities that sought the position the  Manager of the Largo Florida ' Office.

18.    Additionally Carl Wiese met  personally with Bayad and told him  that he gave a black eye to this organization and Arab like  you are disbarred of being promoted as Managers and Executives at Lucent  Technologies.  Defendant Wiese during his employment at Lucent,  was a The Right Hand man of President Patricia Russo of Lucent and his Brother John Wiese was the Vice President of Lucent and close to the Lucent President Patricia Russo,  was the man and untouchable, Openly  proud promoting  racism in the work force at Lucent (and now Cisco) . The fact drawn he directed Lewis Kaslow to verbally humiliate Bayad , calling him   "**Sand Niger**", "**dirty Arab**" and did not care if Bayad had to take a" **Flying Carpet"** . Carl    Wiese is known to only promote white persons as the fact clearly shows that he approached Lewis Kaslow and  offered hired him the managerial  position,  was not qualified nor met the potential candidature and the experience that others candidates as Bayad possess as they were qualified. A copy of the admission of Lewis Kaslow reporting to Carl Wiese, stating he did not care if Bayad had to take a "**Flying Carpet"** is attached as Exhibit 5 to the complaint.

19.    During Bayad 'employment with Tony Savastano and  Carl Wiese ( both Executives with

6

Lucent Technologies and now Cisco Systems Defendants) proceeded with and act so outrageous and so extreme in degree as to go beyond all possible bound of decency and to be regarded as atrocious and utterly intolerable in a civilized community. They ( Savastano and Wiese) orchestrated a criminal act ( hate crime); by falsely imprisoned Bayad at the hand of lucent technologies corporate police, Renold Laurino acting under the direction of Savastano and Wiese who Bayad reported to them, stated things like: "**I don't know what's wrong with company (Lucent) hiring people like you.**" "**ten year ago I wouldn't even be talking to someone like you.**"(Meaning Moroccans) such remarks were directed specially at Bayad's Arab race and ethnic background, the fact he had been born in North Africa and was considered foreigner under the eyes of Savastano and Wiese.

20.     After being falsely imprisoned and abusively interrogated by Lucent Corporate police Renold Laurino for such intense period of time,     Bayad became sick with fear and tried to leave the room; when Bayad reached the door, several Lucent Technologies including corporate Police , security and Anthony Savastano attempted to physically restrain him and kept him locked in the room where he was being falsely imprisoned, in the scuffle that ensued, Bayad was dragged or thrown down a flight of stairs and ended up submerged head first in a fountain on the floor below; as result of the scuffle, Bayad received injuries to his head and neck and his clothes were torn. of the Pinellas County Sheriff's office incident/Offense report; an ambulance was called to take Bayad to the hospital, while he was lying in the ambulance with an I.V in his arm and being treated by paramedics, Bayad was terminated from Lucent at the presence of Tony Savastano who was on the phone with Carl Wiese. A copy of the Fire Rescue Police report is attached as Exhibit 6 to the complaint.

21.     Bayad was charged of trespassing even though he was asked to come to Largo (Tampa Florida) office at their request even though Bayad was still an employee of Lucent Technologies

7

Inc., and while lying in the ambulance and with an I.V. in his arm, Bayad was forced through the humiliation of having to give back his business addresses, his pager was wet and not operational, and his corporate American Express cards despite the fact the card had already been deactivated and could no longer be used by anyone..

22.     Tony Savastano deliberately and intentionally humiliated, tortured and degraded Bayad. He and others reposed the occurrences of the incident and conspired against Bayad, and they were the ones ( Savastan , Wiese and others) who called the Police and the Fire Rescue to the Scenes, also they were the ones who provided defamatory occurrences to the police, simply to convinced them to commit Bayad to the Psychiatric ward against his will (in Florida they call it "Backer Act").

23.     At the scene, Tony Savastano 'secretary Joan Grohe was heard stating , "I warned", and "I told them (savastano and others)   not to do it. They fucked it up." Grohe also knew that Bayad was going to be Baker Acted (or committed to the psychiatric ward against his will) before the ambulance had even left the parking lot of the Lucent Largo office and remarked to a coworkers that "we're going to baker Act him." Forcibly Bayad was obeyed to spent a good 72 hours in the psychiatric ward, and since he Was recognized not having any problem, the Sun cost Mental Hospital's Doctors released him very shortly.(It was the most grim moments of his life).

24.     Hence when Bayad was released from the hospital, and he was left by Savastano , Wiese , and Lucent Technologies without any money, clothes, or means of transport ting him self to his home, it was an obvious conduct of hate and disgrace by Savastano , Wiese during his employment with Lucent Technologies and Savastano, wanted to proceed with the same hate crime against Bayad now with Cisco Systems.( they did not accomplished their goal as they have done at Lucent).

25.     On about January 24th, 1997 and only days later Tony Savastano sent letter drafted by his

lawyers and stated as follow:

_____.

" Mr. Anthony Bayad
2900 NE. 30th, Apt 7F
Fort Lauderdale, Fl.33306

Dear Mr. Bayad,
I ( meaning Tony Savastano stated herein) have reviewed the information from the security
investigation regarding the purchase of two airline from Morocco to Miami. This is a serious
violation of the Lucent Technologies Code of Conduct, misusing the Corporate American Express
Card for personal expenses.\

This is to notify you that your employment is terminated immediately as a result of your violation of
the Lucent Technologies Code of Conduct.

Signed
Tony Savastano
General Manager "

_____.

A copy of the Letter is attached as Exhibit 7 to the complaint.

26.    Tony Savastano was the lead conspirator as his resume proves that he is an expert in Finance

and accounting during his entire career with Wang Laboratories, AT&T, Lucent Technologies and

now Cisco Systems. It was conspicuous of him to accuses Bayad of financial fraud and stealing

from Lucent technologies Inc., It was a dumb pretext to finish him up once and for all, Brightly

Bayad was a hard working, very educated, and very technically competent in field of

Internetworking; Tony Savastano and Carl Wiese were desperate and not very wise, because the

State of Florida is a state of Employee at "Will" , they could simply pick up the phone, and

terminate Bayad' employment at any time, but "No" they want to send a clear message to all

minorities and to all Moroccans, Spanish, Asians , Arabs, as well as African Americans that they

( Savastano, Wiese, Cisco Defendants, and Chambers et, al are the masters the white supremacists .

27.    Anthony Bayad tried to move forward with his life and career by joining a new company the

9

Consulting Firm the  International Network Services ( "INS"), only to have once again to endure

suffering at the hand of Tony Savastano and his personal secretary Johan Grohe and Carl Wiese and

others. Bayad was terminated the first day of his employment with INS, thereafter Lucent

Technologies purchased the Company INS ( it is a shame), and Tony Savastano was familiar with the

Legal Systems that the attorneys at law ( dispense any liability with summary judgments) are

always on his side, and the share holders always end up loosing by picking up the tabs (legal fees).

A copy of letters of International Network Services ( INS) and communication of Lucent Savastano

and his personal secretary John Grohe is attached as Exhibit 8 to the complaint.

Factual Background at Cisco Systems of Pattern of Intent ( Disparate) Discrimination, Defamation,
Conspirator, false imprisonment , and Retaliation From the year of May 2000 to present time 2003
and 2005 provided as follow

28.     Tony Savastano and Carl Wise now are" Cisco Systems Executives", Carl Wiese is **Vice**

**President of Sales** and Tony Savastano hold a tile of **Vice President of finance"** with Cisco

Systems  Inc., and was reporting to his friend John Chambers the President of Cisco and owner

(an old Buddy at Wang Laboratory Inc.). Tony Savastano and Carl Wise were reunited again with

Bayad at Cisco Systems. A copy of background of John Chambers and Tony Savastano '

employment together with Wang Laboratory is attached as Exhibit 9 to the complaint.

29.     Upon Anthony Bayad being spotted at Cisco Corporate San Jose California where Tony

Savastano works and resides, about October 16, 2000, and upon Bayad ' return from his business

trip from California and back to Massachusetts, informed his Manager Lynn Fraser, was made aware

of the act of the discrimination and disparate treatment that  Bayad has undergone while working

with Tony Savastano with Lucent  Technologies. A copy of Travel Document evidencing Bayad '

Business trip to Cisco Corporate San Jose where Tony Savastano works and resides is attached as

Exhibit 10 to the complaint.

30.    Additionally Bayad correspondent by Cisco inter-mail and by Cisco Electronic Mail to Cisco President of Human Resources Kate Dcamp, Rick Justice Sr. Vice President of Sales, John Chambers the president of Cisco, and Director of Human Resources Celia Harper-Guerra , in regard to the discriminatory conduct executed upon Bayad By Savastano while at Lucent Technologies, International Network Services , and now at Cisco Systems. A copy of the Letter of correspondence to Defendants and this include the President of Cisco Systems John Chambers where Bayad Complaining of discrimination is attached as Exhibit 11 to the complaint.

31.    The correspondence were with the accordance to the Cisco open door policy that encourages any employees and this include the similar situated employees that are minorities as Bayad, to freely communicate without fear of appraisal or retaliation to upper Cisco Managers ( as Rick Justice Sr. Vice President of Cisco) and to Human Resources ( Kate Dcamp Sr. Vice president and Celia Harper Director of Cisco Human Resources), of any discrimination or any violation of law or any wrong doing by any Cisco Employee and this include Tony Savastano Vice president of finance.

32.    Bayad' manager Lynn Fraser (" Fraser ") was made aware of the fact of the discrimination and disparate treatment Bayad have undergone while reporting to Defendant Savastano at Lucent Florida, Thereafter Fraser conspired with Tony Savastano and with Defendants Cisco and others Executives of Cisco, begun to micro manage Bayad , by ordering him to check with her every day and not to work from home while other white persons ( co-workers) were enjoying that privilege and freedom given to them as it is very discriminatory and defined as follow:

> "To discriminate is to make a distinction, to make a difference in treatment or favor, and those distinctions or differences in treatment or favor which are prohibited . . . are those which are based on any five of the forbidden-criteria : race ( applies § 1981), religion, sex, and national origin. Any other

11

criterion or qualification is not affected by this title."

33.     Fraser  assigned two of her best buddies (Bayad co-workers),  Brian Low and Jeremy
Nooman  to watch over  Bayad and to page him each time they wanted for no reasons, simply to
harass Bayad.

34.     Because  Tony  Savastano is a finance Executive of Cisco and a good friend of the President
of Cisco, used his  friendship  ( as Wiese have done with Lucent President) directed Fraser to
scrutinize and demanding Bayad  to submit his Cisco Corporate Finance Expenses (Business Travel
Expenses)  at all the  time to her or to her buddies (Jeremy Nooman and Brian Low), every time
before being submit -  to Cisco Corporate  Finance that Tony Savastano manages  as Vice President
or Director of Finance for Company travel expense reimbursement;

35.     Hence during Bayad employment with  Cisco, was  preparing for the  Cisco Certification
Internetworking Expert ( "CCIE"), has  passed many tougher difficult  College Exams and
Certifications administered by Fortune 500  Companies,  Proteon Inc., Bay/Nortel Networks, and
Cyber Guard. The fact drawn here,  Tony  Savastano did not stop his vendetta of  intentional
discrimination aimed to destroy Bayad a  Moroccan of race. Tony Savastano with Lynn Fraser and
others Cisco Defendants and its Executives,  made it impossible for Bayad to become a Cisco Certify
and for the  sole reason is , to make it easy for Bayad '  employment termination with Cisco; and to
use the CCIE as  defense against Bayad when time of his  termination shall arrive as Lynn Fraser was
planning. A copy  of College Transcript and 500 Fortune Companies certification ( Bayad credential)
is attached as Exhibit 12 to the complaint.

36.     Orchestrated by others and this include Tony Savastano and Carl Wiese, that both are Vice
President(s) of Cisco , conspiring with Lynn Fraser and  directing her  not to pay for any Bayad'
accrued  expenses of the CCIE Exam even though Bayad is an official Cisco Employee. She was put

in notice and made aware of Tony Savastano ' intention to intentionally ( discriminatory act out side if his scope of his duty at Cisco), to <u>fail Bayad</u> for the " eleven [11]times the grant of the Cisco Certification Internetworking Expert ( the CCIE), and never less enabling him ever to become a CCIE certify of Cisco Systems.

37.     Cisco Systems has policy (as many others discriminatory policies will be stated herein) to pay for the Cisco CCIE exams to only non minorities and favor them the grant of the CCIE , as **Michael Pucel** Cisco Systems and others paid for all white person to pass the CCIE exams including Michael Pucel and gave him ( white persons only) free Vouchers, paid full expenses to him ( to others white persons) , granted him ( to other white persons) 6 **[six Titles]** of different subjected the CCIE Exams, the CCIE for Routing and Switching, the CCIE SNA/IP, the CCIE for ISP, the CCIE, for Security, the CCIE for VOICE, and the CCIE for Services, also Greg Gall Senior a white person and the list goes on and on . . .., it is a shame. A copy of the letter Cisco Defendants and Executives graduating Michael Pucel is attached as Exhibit 13 to the complaint.

38.     On about November 2nd of the year 2000, during Bayad employment with Cisco Defendants , and just before being wrongfully terminated by Defendants stated herein and by Chambers et, al. with Cisco Systems . Bayad applied for the position of Systems Engineer for North Africa Region with Cisco Europe Shared Middle East Africa, because Bayad aptitude to speak the Language of English, France, Arabic , and the North African dialect , in addition of his educational and technical background, this include his requirement of being with the company accordingly to the time permitted for a Cisco Employees to transfer ( 3 to 6) months of employment, is allowed according to Cisco Europe Manager(s), who proceeded with the interview process, and Bayad was considered for that position as he was qualified.

39.     Bayad was considered for multiple sets of phone of interviews and technology tests.

Thereafter the manager (s) were very impressed and decided to meet with Bayad in person in 3 countries the United Arab Emirates ( Dubai), France ( Paris), and England ( London) for the purpose to hire him. The interviews went well and the Cisco Arab Manager(s) , the Cisco France Manger(s), and The Cisco British Manager(s) provided Bayad with "verbal Offer" ( oral Contract) and proceeded with the Transfer Process.

40.     Upon Bayad returning to the States,  he was denied - advised with regret  that the Decision was standing at Cisco Corporate. All the European Manager(s )Backed up and only the Arab Manager(s), who spent considerable money and effort for the benefit Cisco Systems, by adding a well skillful and bilingual Engineer (Bayad) to compete against other companies presence in those region.

41.     On November 29,  2000 (one week Later from the trip) the Arab Manager(s) provided and informed Bayad that a Cisco Executive based out of San Jose classified and Broadcast him in a secure website within Cisco called Cisco-No-Hire-List ( very known discriminatory policy list targeted minorities), that only Cisco Executives as Defendants Bruce Bastian , Rick Justice, Lynn Fraser, Celia Harper-Guerra, and Kate Dcamp and Hiring Manager[s], have access to it, and the Cisco Executive ' name was: "Tony Savastano", who directed Celia Harper-Guerra to classified Anthony Bayad in it, aimed to deny him Job Transfer, Promotion, and any opportunity at Cisco. The list also is used to warn Cisco resellers and partners not to hire Bayad or any minorities 'names that is found in the list the Cisco-No-Hire-List. A hard copy of the discriminatory animus the Cisco – No-hire-List targeting only minorities or similar situated as Bayad is attached as Exhibit 14 to the complaint and an authentic electronic copy is also filed before this court in pending in an other pending litigation against other defendants Chambers et,. al.

42.     Cisco Systems has policy in place that allow white individuals as Tony Savastano to exercise

14

their racism on minorities as Bayad without disciplinary actions , for their obvious act that is out side of their normal duties of the company Cisco Systems' daily Business or Ethics or Guidelines, and against the Federal Protected Civil Rights of Bayad and similar situated minorities, and without fear of the Law of this land.

43.    The man responsible of the list the Cisco-No-Hire-List is Rick Justice the Cisco Sr. Vice President of Sales (and president of Cisco John Chambers who Ok it), who used it more often as his name was found in it , and he used it to sent his messages to his sales field ( thru the Cisco-No-hire-List) , also Kate Dcamp the Sr. Vice president of Human Resources used it to control the minorities in her hiring process decision at Cisco, and Celia Harper-Guerra the Cisco Director of Human Resources, a principal administrator of the Cisco-No-Hire-List as she is aware of her violations of Cisco Business ethics and of the law to discriminate only against minorities until to this day, where she has no conscience and aware that no other companies has a list as the Cisco-No-Hire-List as it is a policy of discriminatory animus, where Bayad and other similar Cisco minorities employees are Broadcasted as follow:

" ***        **Do not hire/transfer/promote Anthony Bayad Cisco Employee # 73799**        ***
              **Should you have question, contact Tony Savastano "**

The Cisco-No-Hire-List contains Cisco Agent and Representatives whom only promote none minorities Companies (Cisco Partners/Resellers), and the List ( the Cisco-No-Hire-List) also contains 100 to 1000 Minorities' name and their addresses not to be hired. ( classification of race).

44.    **On about May of the year 2001,**. Bayad was taking by surprise and was terminated from his employment. Lynn Fraser used a ridicules excuse such as the economy was the reason why he was terminated from his employment (Lay off). In the context of a reduction in force, where Bayad was the sole person of protected group (Minority) in his department or group at Cisco

15

Systems, was incrementally in demand than other in the same situated Position as his , the Project Engineer, in term of Time Utilization called Billable Hours to Cisco Customers and to the employer Defendants Cisco . (Evidence is of the time sheet called by Cisco Time Tracker). A copy of the Cisco Time Sheet evidencing Bayad total hours greater to his Co-worker (more utilized, is attached as Exhibit 15 to the complaint.

45.     Bayad was adequately performing his job and the firing of a qualified and skilful and technically competent and well educated minority employee (such as Bayad) raises the inference of discrimination because it is facially illogical for an employer (such as Cisco Systems) to randomly fire in absence of any wrong doing or of any act of any violation of Company Business Ethics or guidelines (such as Cisco) an otherwise qualify employee and thereby incur the considerable expense and loss of production associated with hiring and training a replacement.

A copy of Cisco Travel Document evidencing more utilization and production is attached as Exhibit 16 to the complaint.

47.     Bayad 's Cisco Co-workers outside the protected class were treated more favorably, Bob Tracy a white person ( no College Degree or possession of any Cisco or Internetworking Certification), whom Plaintiff was cross- training in order to meet the expectation of his Job description and his duties required by such position the Project Engineer, and Mike Illpolito (no College Degree or possession of any Cisco or Internetworking Certification), also Bayad was cross training to bring him to the similarity position and confidence in order to handle the high demanding Cisco Customers for the Position that Cisco hired him for it, the Project Engineer as Bayad. And there are more names to stated with fact.

48.     During Bayad's termination with Cisco Systems, his Manager Lynn Fraser under the direction of Defendant Kate Dcamp and Celia Harper and Tony Savastano and with others, created

16

the same stressful environment as it was done to Bayad at Lucent Technologies  while back in January 23rd, 1997, to purposely bring the Trauma back to him of the hate crime committed against him  while back with Lucent Technologies and to frighten him , humiliate  him , knowingly he was once  before mentally and physically abused while employed with  Tony Savastano and Carl Wiese the  Vice President of Cisco Finance,  and Sales once before at Lucent. (deja vu)

49.    The same lucent scenario was reacted at Cisco, as they had Bayad in close doors against his  will at presence of Cisco Systems Corporate Police and Lexington police or law enforcement detective  hiding in another office waiting for action , sending message that Moroccan as Bayad or similar situated have no business at Cisco as at Lucent.  Bayad was forced to sign with obscure ness a Cisco Systems 'documents or contracts calculated to evade liability.

50.    Cisco corporate Police accompanied by Lynn Fraser unconditionally mandated  Bayad stressfully to sign Cisco documents approaching to forty  pages that Bayad  signed without any prior notice or Review, likewise to sign or not to sign you ( Bayad) will suffer the same Consequences termination (as move or not to move you will get shot). The last time Bayad refused to sign while back at Lucent with Savastano, ended up in fountain and in an ambulance and in a hospital, was transferred to a confined prison against his will (not a hospital), end up homeless and now unemployed for about 7years and disabled.( in the eyes of the Defendants Bayad is a Moroccan).

51.    All the defendants including Sr. Vice president Kate Dcamp participated, supervised, and handled  with due care the termination of Bayad with Cisco with calculation and precision to evade any  liability that Bayad may claim against them as they are self guilty conscious of discrimination..

52.    On about **May 30th of 2001**, Bruce Bastian Cisco Manager sent  an electronic mail, whom reporting to Rick Justice and Carl Wiese both are Cisco  Vice President of Sales, Broadcasted  a "**wicked  racial Audio** "via Electronic mail within  the authority of Cisco 's  way of  mail

17

communications to coworkers with Cisco Systems Inc. The directive audio that was sent, was

controlled with "multifarious racial jokes" about Moroccans and minorities similar situated as Mr.

Bayad 's ineptitude to verbalize the expression of the English tongue, clearly ridicule any and all

foreign nationals, sound stylish and feebleminded of the of English palaver, and relate to employees

getting terminated as Mr. Bayad. The consignation of the multifarious racial jokes audio was titled

and state the following : "**hate this "Fucking job", and "I will be fired"; "I have just been fired**

"**, and By-By- everybody**"; "**I need a "P" quick and my Etc…**"), and it goes on and on. It is a

shame. A soft copy of the racial audio in Word Perfect format to be opened and to double click on

the icon showing as small speaker to enable and to listen to the sound, is attached as Exhibit 17 to

the complaint.

53.      Cisco Defendants and in particular Rick Justice with  others Cisco Executives admitted of

Bruce Bastian'  misconduct of sending the racial audio email, and as quoted from their email of

Correspondence; the email was racist in nature and against all minorities with broken English as

Bayad (It was Cisco 'policy and customs to promote racism). Unfortunately Cisco Defendants Kate

Dcamp, Rick Justice, and Celia Harper, do not terminate or reprimand White Employees, and their

authorities is only applied to  only Minorities as Bayad, if they violate the Cisco Business conduct.

**Exhibit T attached to the complain** as copy of the email and CD contains multifarious sound as

word perfect , click and listen. A copy of the correspondence by Defendant Rick Justice and others

in regard to the racial audio is attached as Exhibit 18 to the complaint.

54.      Tony Savastano and Carl Wiese the Cisco Vice President of Cisco 'pattern of discrimination

was shown also during Bayad ' termination of employment with  Lucent , Broadcasted a racist

Electronic Email Title; " It is done" This Email was sent by a white  Employee and a Manager

reporting to Tony  Savastano. The Email was delivered the day of Bayad  termination of

employment with Tony  Savastano and Wiese, to the entire Bayad ' coworkers  and to the

Defendants, and the e: mail express antipathy toward foreigners and toward Plaintiff Bayad in

particular, and it used ethnic epithets to describe Plaintiff Bayad . The e: mail further expressed the

hope that writer  (was promoted by Tony Savastano  as he is very close to them) could make

Plaintiff Bayad look bad and have him terminated;  The " it's Done!"  e-mail states: ( Mike Reed the

author is a high school drop out and could not spell the word "**NIGER**" and stated as follow:

_____.

**" From: Mike Reed**

**To**          **Bay, BBRewer**   ( Bay & BBRewer correspond to a group of
                 Employes)

**Date**       **1/24/97 12: 25 am**

**Subject :**   **It's done!**

Bruce, I need your help we need to stop these dammned foreigners they think they can
come over to my country and first of all take our jobs, then be our bosses. Anthony
Bayad needs to be stopped or before you know it he will be running this company. He
is nothing but a sand nigger or dirty arab or something like that.
I think that with your help , we can make him look bad in the eyes of upper
management, so we can finally get rid of him and his spick boss, once and for all.
Tony ( means Defendant Savastano herein) already has a plan Scott Boda will get
certified in the near future, and two other people they told to get certified, we can
finally get rid of them, Even if they are right in saying most people in this company
don't like to work hard , and all they do is play games they should not come in and
make waves.
Mike Reed "

_____.

A copy of the Racial Email is attached as Exhibit 19 to the complaint.

55.     Cisco Defendants Kate Dcamp Vice president of Human Resources ,  Rick Justice

and Carl Wiese both Cisco Vice President of Sales ( this include their Cisco President John

Chambers) are promoting racism and ignoring the Law as the fact drawn herein. The Sales team or

group led by  Director of Sales Chuck Robbins and Mountford  Paul ( both report to Rick Justice

and Carl Wiese) disgracefully broadcasting E:Mail to their sales team members ( all White persons), the improper word –"*NIGER*" with an "*L*" and the ord "*PUPIL*" for "*BLACK*" in their Cisco electronics correspondence to other white Cisco Sales Engineers.

A copy of the E:mail correspondence using ethnic epithets is attached ad Exhibit 20 to the complaint.

56.    During Bayad 'termination with Cisco , was told "presumably" that he was eligible fo rehire within one year from the date of his termination of his employment with Cisco . Therefore Bayad apply as required by the employer Cisco Systems for multitude of positions (outside Massachusetts and in way far from Lynn Fraser), called requisites herein. On about September 30, 2003 to present time, and stated in the complaint and herein as noted by **Cisco requisitions as follow:**

"1) Requisition 714007 contact name Michael Kent, 2) Requisition 713667 contact name Niki Peleuses,3) Requisition 713906 contact name Michael Kent,4) Requisition 713644 contact name Niki Peleuses, 5) Requisition 713123 contact Michael Kent, 6) Requisition 711846 contact name Chuck Ramsburg, 7) Requisition 711780 contact Domick Delfino, 8) Requisition 72133 contact Scoot Lovett, 9) Requisition 712669 Michael Kent, 10)  and Requisition 713950 Liz Bacchi, and many more." A copy of all the Requisitions from the year 2003 to present time is attached as Exhibit 21 to the complaint.

57.    Bayad  was subject to an adverse employment decision. The evidence introduced herein, clearly prove when Bayad applied for an open positions in direct contact with  Cisco' Human Resources run by Kate Dcamp the Sr. Vice Human Resources and Celia Harper-harper, no reply is provided or consideration is given to Bayad,  and to the contrary when Bayad contacted or dealt direct with the hiring Manager  evidencing herein ,  the hiring Manager as  with  Robert Bardani  a

Cisco Systems SE Manager, who shortly replied and asked Mr. Bayad to provide a convenient time for a telephone interview. A copy of such correspondence is attached as Exhibit 22 to the complaint.

58.     Additionally, Bayad directly contacted a second Hiring Manager for another open position, Mike Kent a Manager of Cisco Systems , who was very professional and welcomed Bayad back to Cisco, who proceeded further in the application process. In fact his team sent an electronic mail indicating that Bayad was considered for a position with Cisco Systems, an application is required to be filled in order to proceed further in this process. A copy of such correspondence is attached as Exhibit 23 to the complaint.

59.     Accordingly, Bayad has complied fully with the entire process of Cisco requirement and demands in regard the application process Cisco, therefore the process was open for Bayad consideration for those positions as he was qualified. Unfortunately Cisco Manager Bardani backed off; Also Cisco Manager Kent has sent back an electronic mail to Bayad stating in it as Follow: "It is all in the Management hand" (meaning Cisco Defendants and Others as Carl Wiese Tony Savastano and Jon Chambers , (Chambers, et. al). A copy of such correspondence is attached as Exhibit 24 to the complaint.

60.     Plaintiff Bayad was subject to an adverse employment decision during the final stage of the interview. Mr. Bardani asked Bayad about his preceding direct Manager Lynn Fraser, to contact her regarding the history of his employment with Cisco Systems Inc., Thereafter Bayad had never heard from him again. Lynn Fraser always acting behind the scene with her purpose to defame and to help her friend Tony Savastano ( as Witness declaration that Tony Savastano called Lynn Fraser " My Friend) to execute his racist and his retaliatory misconduct against **Bayad ' Federally Protected Civil Rights** . (Cisco Employee Mr. Amado Navas also a Cisco manager' sworn declaration

provided herein is attached as Exhbit 25 to the complaint).

61.     Additionally one of many correspondences of fact proving defamation and retaliation By

Lynn Fraser, when one of Cisco recruiter working with the Hiring Manager Mr. Bardani who was in

process of considering Bayad for a Position as he was qualified , otherwise he will not spent his time

calling Bayad and returning calls for 3 time, the Cisco recruiter Liz Bacchi evidencing as stated in

the correspondence . Lynn Fraser is delicated to discriminate to retaliate to conspire with Tony

Savastano and others at Cisco, Plaintiff Bayad has always acted with discretion and respect and kept

by pretending of not knowing her misconduct. Plaintiff Bayad even sent her Email thanking her and

appraising her as the best Manager as she not ( trying not to burn bridges for the future).

Unfortunately her act with defendants stated herein have gone far and outside of their jurisdiction .

Additionally Lynn Fraser does not have a College degrees as Bruce Bastian the Cisco Manager or

Director , did not work of any fortune 500 companies as Bayad , but the only thing that gave her job

at Cisco, are her buddy at Lexington.

And she doe not have any certification of the high tech field and this include her buddies Brian Low

and Jeremy Nooman. Thus when an employer or a recruiter request about Bayad ' history at Cisco,

as She replied  and quoted as follow:

"Lynn Fraser does not feel comfortable talking about Anthony Bayad "

What type of message is she sending to Bayad potential employers , when someone hear this

statement what type of feedback is this!!!!" Please See the following:

A copy of a correspondance between between a Cisco Recruter and Lynn Fraser of such defamation

is attached as Exhibit 26 to the complaint also stated herein.

22

**Liz Bacchi, 09:20 AM 1/7/2004 -0800, Fwd: Re: Requisition #714082 and others**

X-Sender: lbacchi@mail1.cisco.com
X-Mailer: QUALCOMM Windows Eudora Version 4.3.2
Date: Wed, 07 Jan 2004 09:20:14 -0800
To: jbotelho@cisco.com, ceharper@cisco.com
From: Liz Bacchi <lbacchi@cisco.com>
Subject: Fwd: Re: Requisition #714082 and others

Hi Judy,

Below is an email that I sent to Anthony Bayad (in PS he has a different last name, can't remember what that was) when he contacted me on my cell phone directly for an interest in returning to Cisco. Celia wanted me to send this to you.

From what I remember, Anthony called me on my cell phone and wanted to speak to me about the position that I had open in California for a Voice Specialist. He mentioned that he used to work for Lyn Fraiser and that I could call her. I called Lyn directly and she was very hesitant on speaking with me. Since I was an internal HR Manager, she felt better. She said that she would not recommend Anthony to come back to Cisco that he worked for her for I believe 1 year. That he made commitments for his CCIE but never took the lab or any classes. I think he is still stating that he is taking the CCIE. She was nervous about speaking to me anymore about him. She was uncomfortable.

That is when I sent this email to Anthony about the relocation issues and that we don't pay a lot or any for relocation (especially for Federal) and to look for other positions in his area. I also sent him to our sourcing group to have screened for other positions.

HOpe this info helps. Let me know if you have any questions.
thanks!
Liz


Date: Wed, 15 Oct 2003 09:21:41 -0700
To: "Anthony Bayad" <abayad@gicamerica.com>
From: Liz Bacchi <lbacchi@cisco.com>
Subject: Re: Requisition #714082 and others
Cc: <brussell@cisco.com>, <lyfraser@cisco.com>

Hi Anthony,

Thank you for your interest in coming back to Cisco.
I did receive your email and I forwarded it to our sourcing group to have you pre-screened for position in your area.

The position you applied for is in California and you are located in MA. Due to the number of candidates we have for our position, we are not relocating anyone at this time.

Please keep checking the website for positions located in your area.

Thanks!

CISCO 00096

62.    During the application process   an inference of intent (disparate) of discrimination occur by

Cisco Defendants and Chambers et,al., When   Cisco Defendants  and Kate Dcamp with others

(Justice, Harper, Fraser, Savastano, Wiese, Chambers et,al.) Deliberately sent an   employment" e-

mail" of correspondence to Bayad requesting  him to provide his Ethnic,   race background , and his

genders and states the following:

:

| "From: | Cisco Systems [vsid@cisco.com] |
|--------|-------------------------------|
| Sent: | Wednesday, December 03, 2003 6:01 PM |
| To: | Anthony Bayad |
| Subject: | Cisco Systems:: Voluntary Self Identification |

Dear Anthony,

To assist Cisco Systems,  Inc.  in collecting government required candidate **EEO**
( **Equal Employment Opportunity**) information, please go to the website address
listed below.  Once there, enter your e-mail address in the e-mail address field, this
will be used to identify you. Then enter the unique password ( include below. Submit
the information , and you will be logged on to Voluntarily self Identification form.
Once you  have logged in, please complete and submit the form **.......** Submission
of this information is strictly voluntarily and you may choose to decline to state **your
race and gender** once you are logged on the form. Refusal to complete this
information ….."

A copy of such correspondence is attached as Exhibit 27 to the complaint.

63.    Even though before Cisco Systems a company and   Defendants stated herein and this include

Carl Wiese, Tony Savastano and John Chambers , can   proceed in the  regards of Bayad  hiring

decisions or other minorities similar situated as  Bayad,  this unlawful act is  also in  violation the

federal law and the state of  Massachusetts law,  States the following :

" Employer cannot ask employees about their race, origin, ethnicity, disability, and age, during the
interview process, but Employer can ask only about the candidate qualifications background ."

64.    On about September 2001, Bayad founded a company, Global Internetworking

24

Consulting Inc., that engages in the computer and networking technology, security, IP telephony, client server technologies, and routing and switching technologies..

65.    Bayad invested his retirement saving to promote his company Global Internetworking Consulting Inc.,("GIC") and became partner with other solutions provider such as Cyber guard Inc., Kalix Inc., for Surveillance and Security, and Cisco Systems Inc., Routing and a Switching Technologies.

66.    GIC has chosen these service providers as Cisco Systems for its customers, to build a strategist alliances and business relationships, and **GIC** was acting as the front Liner for Cisco Systems Inc., to promote and to recommend all the Cisco System's products and services according to Cisco Systems agreements and guidelines.

67.    Bayad was the owner of Global Internetworking Consulting Company , he was also aware of neither of Defendants Cisco ,John Chambers for Cisco and his buddy Tony Savastano nor Rick Justice the Sr. Vice President of Sales and his buddy Carl Wiese also Vice president of Sales,  do not promote or **support small business minority owner of companies**, in fact they only promote white businesses as they have done with white business only and absolutely not the minorities businesses owned in similar situated as Bayad.

68.    Cisco and Defendants specifically Rick Justice , Tony Savastano ,Carl Wiese, and John Chambers refused to contract or allow Bayad to conduct Business with Cisco or its partners or Resellers, his company Global Internetworking Consulting ;

69.    Defendants and their Counselor Mark Batten and now Bruce Falby in discriminatory and absent to Bayad, swear a Trespassing against him, under Massachusetts law person who remains without right, on the property of another commits a continuing Misdemeanor, even though Plaintiff is owner of Global Internetworking a partner and resellers of Cisco Systems.

70.    Defendants denied Bayad access to Cisco or to any potential Customers as they have done with potential employers, therefore Massachusetts criminal trespass statue does not enable Business ( as Defendants Cisco) to exclude business licenses on discriminatory grounds as they have done here with Bayad and his business as he is legally a Cisco Partner and reseller. *M. G. L.A. c.266. § 120.*

71.    Bayad was put in poverty and unemployed from 1997 to 1998, destroyed financially unable to pay back to his promissory to the American people the student Loans ( worth over $50,000.00), no retirement to fall on , no family ( Children), and unemployed for almost 7 years (2001- present), and finally was discriminatory put disabled from his careers that he loves by these Powerful Cisco Executives and well connected, including the above defendants in this forgoing litigation.

72.    The fact Bayad could not find job in his field because of Cisco Defendants whom are interfering constantly and defaming him. Bayad has once demanded Cisco to comply with the Rules of law and this include the Massachusetts law , the access to his Personnel Records ( it is the law) [e]mployers in Massachusetts are required to provide employees with an opportunity to review their personnel records  and the relevant law is Codified in general laws of *the Commonwealth law of Massachusetts at Part I , Title XXI, Chapters 149, section 52 c.*

73.    Cisco Defendants ' Attorney Mark Batten and Now Bruce Flaby did not want to provide any of Bayad ' personnel Records even though it is the law as they are officers of the Court, also they **threaten** Bayad to be **arrested** and **deported** like his **people.** The LAW FIRM  DLA PIPER RUDNICK GRAY CARRY WITH  ONE BILLION IN REVENUES.

26

## COUNT I
## RACE DISCRIMINATION

**(Against Defendants, Cisco Systems, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )**

74.    Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complain

75.    By disrespectfully neglecting the fundamentals **Rules of Law**   that strictly prohibit all

person and employer to intentionally threats person as Bayad differently because of his/her **race,** or

national origin; then to **pose** a specific disparate of treatment of  certain race, and to discriminate and

to make a distinction, to make a difference in treatment or favor, and those distinctions or differences

in treatment or favor which are prohibited;

76.    By purposely restricting Bayad ' transfer and hiring opportunities, denying the grant of

the  CCIE Exams and failing him for 11 time,  harassing, abusing, defaming, retaliating ,making fun

the way he speaks English, and finally terminating him on his account of his race,  Defendants and

Cisco has Violated Civil Rights Reconstruction Era Statues, 42 U.S.C §§§ 1981, 1981(a) and 704 as

amended  by the Civil Rights Act of 1991, the Civil Right Act of 1871,

## COUNT I I
## DISCRIMINATION IN THE SELECTION THE GRANTING THE CISCO CERTIFICATION INTERNETWORKING EXPERT THE "CCIE" TARGETED THE MINORITIES OR SIMILAR SITUATED AS  PLAINTIFF BAYAD

**(Against all Defendants, Cisco Systems, Rick Justice , Bruce Bastian, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )**

77.    Plaintiff Bayad Incorporates as if realleged Paragraphs 1 through 73  of the Complaint.

78.    By intentionally treating  Bayad differently because of his Arab Race and All Minorities similar

situated as him,  By restricting  him of achieving the Certify Cisco Internetworking Expert,

discriminating against him, and knowingly he has  passed many tougher difficult  College Exams and

Certifications administered by Fortune 500  Companies,  Proteon Inc., Bay/Nortel Networks, and

Cyber Guard. Lynn Fraser and Cisco Defendants and its Executives,  made it impossible for Bayad to

27

become a Cisco Certify Internetworking Expert the "CCIE.

79.     By not paying for any Bayad' accrued expenses of the Cisco "CCIE", failing him for the

" eleven [11]times, and never less enabling him ever to become a CCIE certify of Cisco Systems, anf

by favoring only White Engineers over None White Engineers in the making and the granting of the

CCIE, by creating a policy as the Cisco-EEO-List and Cisco No-Hire-List targeting all Minorities,

defendants violated the Civil Rights Reconstruction Era Statues, 42 U.S.C §§ 1981, 1981(a) as

amended by the Civil Rights Act of 1991, the Civil Right Act of 1871, section two now codified at

42 U.S.C. § § §1985, 1985(3), 1985(C),1988, and § 704 of Civil Act of 1964, and Supplemental

Right of Due Process the Fourteen Amendment and Equal Protection clause (Classification of race)

under the United State Constitution and Massachusetts state law.

## COUNT III

### CLASSIFICATION OF RACE
### The discrimination animus Policy the "Cisco-No-Hire-List"
### targeting all   minorities similar situated as Bayad

**(Against all Defendants, Cisco Systems, Rick Justice , Bruce Bastian, Lynn Fraser, Kate
Dcamp, & Celia Haper-Guerra )**

80.     Plaintiff Bayad Incorporates as if realledge paragraphs 1 through 73 of the Complaint.

81.     By creating a discrimination animus the Cisco-No-Hire-List that is with the accordance

with *Fed. R. Evid.* 803(6),  within records of regularly conducted activity of Defendants Cisco, as a

record that fall within one of its daily usage of Cisco business records.

By implementing the list ( Cisco-No-Hire-List) since 1997 to control and to discriminate against

Minority Companies similar situated as Bayad , to assign Cisco Agents or Representatives in

contact of all the Employers/Resellers ( Bayad ' potential employer), and contains Hundred to

Thousand of names of Minorities similar situated as Bayad not to be hired;

82.     Defendants Cisco engages of such unlawful classification of race that any jury will find

28

such conduct outrageous and disturbing that Defendants the owners of Cisco acted outside of their daily scope of duty,   create a discriminatory policy such as this ( Cisco-No-Hire-List) as it is morally and ethical wrong and constitutionally unlawful ,  to classify a block or  group of race minority and publish them ( as Bayad) in a data file on the Cisco Intra Website ( internal use) to intentionally deny them the right to pursue the American dream,  to interfere with their Civil Rights that all white person enjoy. Defendants has violated the Federal Law , the Massachussetts Law, and the Constitution law and Federal protected Civil Right of all Minorities or similar situated as Bayad the Civil Rights Reconstruction Era Statues, 42 U.S.C §§§ 1981, 1981(a) and 704 as amended by the Civil Rights Act of 1991, the Civil Right Act of 1871.

## COUNT IV
## PROMOTING HARASSMENT AND RACIAL DISCRIMINATORY JOKES TARGETED  ALL MINORITIES OR SIMILAR SITUATED AS BAYAD

### (Against all Defendants, Cisco Systems, Rick Justice , Bruce Bastian, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )

83.    Plaintiff Bayad Incorporates as if realledge paragraphs 1 through 73 of the Complaint

84.    By promoting harassment and discrimination at Cisco, allowing Managers as Bruce Bastian to send a "wicked racial Audio "broadcasted via Electronic mail, that fall within the authority of Cisco 's way of mail communications, intentionally to Bayad's coworkers with Cisco Systems Inc. to humiliate and harass him , the directive audio sent was controlled with "multifarious racial jokes" about Minorities or similar situated as Bayad Bayad 's ineptitude to verbalize the expression of the English tongue, clearly ridicule any and all foreign nationals, sound stylish and feebleminded of the of English palaver, and relate to employees getting terminated as Minorities or similar situated as Bayad, and the consignation of the multifarious racial jokes audio was titled and state the following : "hate this "Fucking " job, and I will be fired; I have just been fired , and By-

29

By- everybody; I need a "P" quick and my Etc…), and it goes on and on. It is a shame.

85.     By engaging and directing the Director of Sales Sir.. Chuck Robbins and Sir. Mountford

Paul ( both report to Rick Justice and Carl Wiese) disgracefully broadcasting E:Mail to their sales

team members ( all White persons), the improper word –"***NIGER***" with an "***L***" and the ord

"***PUPIL***" for "***BLACK***" in their Cisco electronics correspondence to other white Cisco Sales

Engineers, and failure to reprimand or discipline these individuals according the Cisco Business

Ethics and guidelines. Defendants Cisco violated the Civil Rights Reconstruction Era Statues, 42

U.S.C §§ 1981, 1981(a) as amended by the Civil Rights Act of 1991, the Civil Right Act of 1871,

section two now codified at 42 U.S.C. § § §1985, 1985(3), 1985(C),1988, and § 704 of Civil Act of

1964

## COUNT V
## THE CISCO DISCRIMINATORY POLICY THE EQUAL EMPLOYMENT OPPORTUNITY ("E E O") TO SELECT WHITE APPLICANTS OVER NONE WHITE APPLICANTS OR SIMILAR SITUATED AS PLAINTIFF BAYAD

### (Against all Defendants, Cisco Systems, Rick Justice , Bruce Bastian, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )

86.     Plaintiff Bayad Incorporates as if realledge paragraphs 1 through 73 of the Complaint.

87.     By proceeding with the request of race gender in the regards of the hiring decisions of

Minorities or similar situated as Bayad , "Policing" the Cisco policy the Equal Employment

opportunity is an unlawful act in violation Massachusetts law and States the following :

"Employer cannot ask employees about their race, origin, ethnicity, disability, and age, during the interview process, but Employer can ask only about the candidate qualifications background ."

88.     By creating a discriminatory policy as Cisco-No-Hire-list in the hiring process .

89.     By unlawful as it is unconstitutional to disparately weighting on race preferences and

practices on deciding and selecting job applicants .

90.    By implementing this EEO to police minorities and to use the EEO information

pretending is for the sole use ( a pretext) so called "EEO" and it is volunteered information only

or it is not requirement, and if it is assumed required based of the Cisco ' policy , then it should be

provided to all Minorities or similar situated as Bayad or other similar situated protected class of

"applicants" when" they have finalized and secured their positions with Defendants Cisco, and

then Cisco .

91.    By proceeding with the request of race identification or as they calls it "self identification"

as matter of privilege, during the interview process is a discriminatory animus act, thus

any Jury will [c]onclude that Cisco Defendants have no ground herein [i]f argued and therefore

prove that its action or practice enabled it to entertain the maximum number of minority applicants,

therefore defendants has violated the Federal Law , the Massachusetts Law, and the Constitution law

and Federal protected Civil Right of all Minorities or similar situated as Bayad the Civil Rights

Reconstruction Era Statues, 42 U.S.C §§§ 1981, 1981(a) and 704 as amended by the Civil Rights

Act of 1991, the Civil Right Act of 1871.

## COUNT VI
## BREACH OF ORAL CONTRACT AND CONTRACTUAL OF OBLIGATION
### (Against Defendants, Cisco Systems, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )

92.    Plaintiff . Bayad Incorporates as if realleged Paragraphs 1 through 73 of the Complaint.

93.    By intend to discriminate , and willfully ignoring the law of Massachusetts that define

of an Oral Contract for permanent employee ( such as Bayad ) is enforceable and is not barred by

the Statue of Fraud By failing to follow its own personnel policies and procedures on evaluating,

promoting, and providing equal business and employment opportunity;

94.    By failing to follow its own personnel policies and procedures on evaluating, hiring , and

providing equal employment opportunity and by failing to truthfully investigate and reprimand

31

Bruce Bastian ,Sir. Chuck Robbins, and Sir. Mountford  Paul  the authors of the hatful e-mail

and the audio-e-mail against Minorities or similar situated as Bayad, Cisco Defendants has breached

its contractual obligations to Minorities Cisco Employees or similar situated as Bayad in violation of

Massachusetts Law and the federally protected Rights, and Civil Rights Reconstruction Era Statues,

42 U.S.C §§ 1981, 1981(a) as amended by the Civil Rights Act of 1991, the Civil Right Act of 1871,

section two now codified at 42 U. S. C. § § §1985, 1985(3), 1985(C),1988, and § 704 of  Civil Act

of  1964

## COUNT VII
## DEFAMATION

**(Against all Defendants Cisco Systems , Bruce Bastian , Rick Justice  Lynn Fraser, Kate Dcamp, Celia Haper-Guerra & )**

95.     Plaintiff . Bayad incorporate as if realleged paragraph 1 through 73 of the complaint .

96.     By intentionally and/or recklessly communicating and/or allowing the communication of

malicious  and defamatory e-mail and audio- mail  about Bayad ' ineptitude to verbalize the English

language  discriminatory against Bayad ' race , ethnic, religious, and national origin to others, the

defendants  have defamed Bayad  in violation of the  Law.

97.     By intentionally Broadcasting Bayad ' name in the Cisco-No-Hire-List, the Defendants

defamed Bayad in violated the law.


98.     By intentionally requesting him to identify his race and gender during the Cisco interview

process , the Defendants defamed Bayad in violation of the law.

99.     By intentionally  and/or recklessly communicating malicious,  negative,  and false

information about Bayad to prospective employers, The defendants have defamed Bayad in violation

of the violated the Civil Rights Reconstruction Era Statues, 42 U.S.C §§ 1981, 1981(a) as

amended by the Civil Rights Act of 1991, the Civil Right Act of 1871, section two now codified at

42 U.S.C. § § §1985, 1985(3), 1985(C),1988, and § 704 of Civil Act of 1964, and Massachusetts state law.

## COUNT VIII
## CONSPIRACY

### (Against all Defendants, Cisco Systems, Rick Justice , Bruce Bastian, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra)

100.    Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complaint.

101.    By intentionally treating Bayad differently, by restricting promotions and opportunities, and purposely not promoting equality among races in promotional opportunities, Company access to certification achievement, by targeting Bayad's race when deciding who will be terminate and who to will be reinstated , and openly encouraging racial prejudice in the making of work and business, by discriminating against job applicants or similar situated as Bayad on the basis of the belief of their race, ethnicity, and national origin;

102.    By acting in concert outside the scope of their employment and discriminated for personal reasons, within the scope of their supervisory ( as Cisco Executives) but in ways which did not further the company legitimate business concern., and acting in connection with multiple acts of Discrimination for the purpose of the conspiracy must be to deprive, directly or indirectly, Bayad of the equal protection of the laws or equal privileges and immunities under the laws;

Defendants the conspirators mist commit some act against Bayad in furtherance of the conspiracy, whereby Bayad was either injured in his person or property, or deprived of having and exercising any right or privilege of as a citizen of the United States. Defendants has violated the Civil Rights Reconstruction Era Statues, 42 U.S.C §§ 1981, 1981(a) as mended by the Civil Rights Act of 1991, the Civil Right Act of 1871, section two now codified at 42 U.S.C. § § §1985, 1985(3), 1985(C),1988, and § 704 of Civil Act of 1964, and Massachusetts state law.

33

## COUNT IX
## FALSE IMPRISONMENT

**(Against Defendants, Cisco Systems, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra)**

103.    Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complaint.

104.    By unreasonably confining Bayad to a locked room at Cisco office Lexington Massachusetts against his will and by refusing to let him leave that room, by keeping the door locked with out his consent , failing to keep the door open and by failing to have the Corporate police informing him about his rights, failing to not allowing him to leave, by forcing him to sign document against his will in a locked room.

105.    Orchestrated the same stressful environment with Cisco likewise with Lucent

Technologies to simply provoke , humiliate, to sent message that Arab as Bayad have no business at Cisco as at Lucent, mandating Bayad to sign Cisco' papers without prior review or what for or the purpose of signing , to sign or not sign you to suffer the same consequences (termination) (as move \ or not to move you will get shot). And the last time Bayad

refused to sign while back at Lucent, he ended up in fountain and in an ambulance and in hospital , was transferred to a confined prison against his will( not a hospital), and was put homeless and now unemployed and disabled (In the eyes of the Defendants Bayad is a Moroccan), then terminating immediately his employment with Cisco. Defendants are in violation of Massachusetts Law and general law. Defendants has violated the Law.

## COUNT X
## INTENTIONAL INFLICT OF EMOTIONAL DISTRESS & ENJOYMENT OF LIFE
**(Against Defendants, Cisco Systems, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )**

106.    Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complaint.

107    intentionally creating the same stressful environment at Cisco resulted and brought the trauma back to Bayad during his employment with them at Cisco and by disparately treating him

34

and wrongfully terminated him that brought him back the flash back of the abuse executed upon him

at Lucent Technologies Florida made it more critically very serious .Defendants have intentionally,

or in the alternative, negligently inflicted emotional distress upon Bayad in violation of

Massachusetts law.

## COUNT XI
## RETALIATION

### (Against all Defendants, Cisco Systems, Rick Justice , Bruce Bastian, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra)

108.   Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complaint.

109,   Plaintiff engaged in statutorily protected conduct or expression; ( 2) Plaintiff suffered an

adverse action subsequently to such activity; and (3) there was a casual link between the protected

conduct or expression and the adverse action, that was known to Defendants the Inter-Mail

and by Electronic Mail with the Cisco Sr. Vice President of Human Resources Kate Dcamp, Sr.

Vice President of Sales Rick Justice, and Defendants Chambers the President of Cisco , a friend of

Defendant Savastano , in regard to the discriminatory conduct executed upon Bayad By Savastano

while at Lucent and Cisco ( present time).Defendants has violated the law.

## COUNT XI
## GENERAL LAW OF MASSACHUSETTS
### The Commonwealth law of Massachusetts at Part I, title XXI, Chapters 149 §52 c

### (Against Defendants, Cisco Systems, Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )

110.   Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complaint.

111.   By even refusing to comply with the Rules of law and this include the Massachusetts law ,

the access to Personnel Records ( law) [e]mployers in Massachusetts are required to provide

employees with an opportunity to review their personnel records and the relevant law is Codified in

general laws of *the Commonwealth law of Massachusetts at Part I, title XXI, Chapters 149, section*

*52 c.* ; Defendants has violated the Massachusetts law.

## COUNT XII
## DENIAL OF ACCESS & EXCLUDE BUSINESS ON DISCRIMINATORY GROUND
## M. G. L.A. c.266. § 120.

**(Against Defendants, Cisco Systems, Rick Justice Lynn Fraser, Kate Dcamp, & Celia Haper-Guerra )**

112.   Plaintiff Bayad incorporates as if realleged paragraphs 1 through 73 of the complaint.

113.   By directing their Counselor Mark Batten and now Bruce Falby on Discriminatory ground and absent to Bayad, swearing a Trespassing against him, by implying the Massachusetts law that person who remains without right, on the property of another commits a continuing Misdemeanor, even though Plaintiff is owner of Global Internetworking a partner and resellers of Cisco Systems; to harass and to humiliate him , by denying Bayad access to Cisco or to any potential Customers as they have done with potential employers, knowingly the Massachusetts criminal trespass statue does not enable Business ( as Defendants Cisco) to exclude business licenses on discriminatory grounds as they have done here. **M. G. L.A. c.266. § 120**. Defendants has violated the Massachusetts law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Bayad prays that this court:

   (a) declare the Defendants' conduct to be in violation of his rights;

   (b) enjoin defendants from engaging in such conduct;

   (c) award him back pay and benefits ( with interest ) that have accrued to date;

   (d) award him front pay until normal retirement age;

   (e) award him compensatory damages of $10,000,000.000 or more for emotional
   distress, mental anguish, and loss of enjoyment of life , humiliation and the
   disparate treatment, and discrimination and false imprisonment he suffered at the
   hands of the defendants;

36

(f) award him compensatory damages off $2,000,000.00 for interfering with his

Civil Rights, conspiring to restrict him from equal rights and benefits,

and for retaliation by defendants while employed with Cisco;

(g) award him damages of $3,000,000.00 or more for defamation and damage to his

business and career, his reputation, injury to character and to credit standing;

(h) award him punitive damages in the amount of 20,000,000.00 or more ;

(i) award him costs and legal fees;

(j) grant such other relief as the court may deem just and proper.

## JURY  DEMANDED

Plaintiff Pro Se Anthony Bayad respectfully demands a jury on all claims triable as a matter of

right by a jury.

Dated:   May 16, 2005

*Pro Se* Anthony Bayad
*2 Magoun Avenue*
*Medford, MA 02155*
*(781)704-8982*

05 - .1005 GAO

◆JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANTHONY BAYAD

**(b)** County of Residence of First Listed Plaintiff  U.S.A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se Anthony BAYAD
2MAGOUN Avenue Medford, MA 02155

## DEFENDANTS  Bruce Bastian, Kate Dcamp
Lynn Fraser, Celia Harper-Guerra
Rick Justice, & Cisco Systems In. c
County of Residence of First Listed Defendant  U.S.A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)  Bruce E FALBY.
DLA PIPER RUDWICK Gray Cary
one International Place, Boston, MA 02110

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 42 U.S.S.C Section 1981 and 1985  (equal protection clause)
Brief description of cause:
Defendent's violation of Plaintiff Federally Protected Civil Right

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):
JUDGE  Honorable  George A. O'Toole    DOCKET NUMBER  04-CV-10468 GAO

DATE   5-16-2005

SIGNATURE OF ATTORNEY OF RECORD
Plantiff Anthony Bayad Pro Se

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS    **05 - 11005 GAO**

1. Title of case (name of first party on each side only) _Anthony Bayad, Plaintiff_
_Bruce Bastian, Kate Dcamp, Lynn Fraser, Celia Harper-Guerra Rick Justice_
_cisco Systems,_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

___  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

✗  IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐        NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                        YES ☐        NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐        NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐        NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES ☒        NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  ☒        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                        YES ☐        NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Anthony BAYAD Pro Se_
ADDRESS _2 MAGOUN Avenue  Medford, MA 02155_
TELEPHONE NO. _(781) 704-8982_

(CategoryForm.wpd -5/2/05)