IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) <br> ) <br> ) <br> Plaintiff , ) <br> ) <br> ) <br> ) <br> ) <br> BRUCE BASTIAN, KATE DCAMP ) <br> LYNN FRASER, CELLIA HERPER ) <br> RICK JUSTICE, CISCO SYSTEMS ) <br> ) <br> Defendants , ) | CIVIL ACTION <br><br> CASE NO. 05-cv-11005-GAO <br><br> HONORABLE DISTRICT JUDGE O' TOOLE |

### NOTICE OF FILING
### PLAINTIFF PRO SE BAYAD ' PROVE OF SERVICE SUMMONS WAS ACCORDINGLY EXECUTED AND ACCEPTED BY DEFENDANTS BASTIAN ET.AL.

Respectfully, Summons Issued as to Defendants Bruce Bastian, Kate Dcamp , Lynn Fraser, Celia Harper-Guerra, and Cisco Systems Inc., May 16, 2005, was served upon them accordingly to the Federal Rule of Civil Procedure of such Rule of Service (4) on about May 17, 2005, Thereafter Defendants acknowledge the service and identified their attorneys for the Records as Counselor Bruce E. Falby with the Firm Piper Rudnick for the above forgoing case. Hence the Counselor for the record sent a letter back to Pro Se Bayad evidencing of such action of accepting the complaint and any future service of the above forgoing, and it is attached hereto the notice as exhibit A of such action, also the prove of Service of Summon executed upon on the Defendants is attached hereto as exhibit B to the notice as a prove of service govern of Such Rule 4 of Federal Civil Procedures . Therefore Pro Se fulfilled his requirement of service in this proceedings accordingly.

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that a true and correct copy of , <u>NOTICE OF FILING</u> was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK LLP, One International Place, Boston MA 02110, this . 2 . day of June 2005 .

                                             *PRO SE* ANTHONY BAYAD
                                             2 MAGOUN AVENUE
                                             MEDFORD, MA 02155
                                              (781)704-8982

                                           _____
                                           ANTHONY BAYAD



**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BRUCE E. FALBY
bruce.falby@dlapiper.com
T 617.406.6020  F 617.406.6120

May 18, 2005

Anthony Bayad, Jr.
2 Magoun Avenue
Medford, MA  02155

Re:   *Anthony Bayad v. Cisco Systems, Celia Harper,
      Lynn Fraser, Kate Dcamp, and Rick Justice,
      Civil Action No. 05-11005 GAO*

Dear Mr. Bayad:

This letter responds to your letter dated May 11, 2005 inquiring whether I would accept service in the above-captioned lawsuit. In the meantime, today I received from you the original summonses and the complaint.

Please be advised that I will accept service on behalf of all the defendants as of today. Please do not serve the defendants directly.

Sincerely,

Bruce E. Falby

BEF/lnf

~BOST1:372090.v1
*Piper Rudnick LLP*



```
            UNITED STATES
            POSTAL SERVICE
         ***** WELCOME TO *****
             MILK ST STATION
             BOSTON MA 02196
            05/17/05 08:38AM

Store   USPS        Trans    31
Wkstn   sys5013     Cashier  Y3N1PO
Cashier's Name      sialerlene
Stock Unit Id       SIALERLENE
PO Phone Number     617-482-1956
USPS #              2407980009

  1. Bbl Mlr 12x19-RP          2.29
  2. Priority Mail              7.60
     Destination:     02110
     Weight:          3 lb. 0.20 oz.
     Postage Type:    PVI
     Total Cost:      7.60
     Base Rate:       5.30
           SERVICES
     Certified Mail              2.30
        70042510000162383011

Subtotal                        9.89
Total                           9.89

Cash                           10.00
Change Due
  Cash                          0.11

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to
USPS.com/clicknship to print shipping
labels with postage.  For other
information call 1-800-ASK-USPS.

Number of Items Sold: 2

           Thank You
        collect US stamps
         united america
```

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of

ANTHONY BAYAD

v.

BRUCE BASTIAN, KATE DCAMP,
LYNN FRASER, CELIA HARPE-GUERRA,
RICK JUSTICE, CISCO SYSTEMS

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **05-11005 GAO**

TO: (Name and address of Defendant)

KATE DCAMP CISCO SYSTEMS INC.
300 EAST TASMAN DRIVE
SAN JOSE, CA 95134

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155

an answer to the complaint which is herewith served upon you, within ___7___ (MAY 27, 2005) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                      DATE  5-16-05

(By) DEPUTY CLERK

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

BOSTON, MA 02110

| | | |
|---|---|---|
| Postage | $ | 5.30 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 7.60 |

UNIT ID: 0009
Clerk: Y3N1PO
Postmark Here
05/17/05

Sent To: DLA PIPER RUDNICK for CISCO SYSTEMS
Street, Apt. No.; or PO Box No. ONE INTERNATIONAL PLACE
City, State, ZIP+4 BOSTON, MA 02110

PS Form 3800, June 2002        See Reverse for Instructions

7004 2510 0001 6234 3012

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of MASSACHUSETTS

FOR
ANTHONY BAYAD

SUMMONS IN A CIVIL CASE

v.

BRUCE BASTIAN, KATE DCAMP
LYNN FRAZER, CELIA HARPER-GUERRA
RICK JUSTICE, CISCO SYSTEMS

CASE NUMBER: 05-11005 GAO

TO: (Name and address of Defendant)

RICK JUSTICE CISCO SYSMS, INC
300 EAST TASMAN DRIVE
SAN JOSE, CA 95134

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155

an answer to the complaint which is herewith served upon you, within  7  (MAY 27 2005) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                              5-16-05

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of MASSACHUSETTS

ANTHONY BAYAD

**SUMMONS IN A CIVIL CASE**

V.

BRUCE BASTIAN, KATE DCAMP,
LYNN FRASER, CELIA HARPER,
RICK JUSTICE, CISCO SYSTEMS, INC.

CASE NUMBER: **05-11005 GAO**

TO: (Name and address of Defendant)

BRUCE BASTIAN CISCO SYSTEMS, INC
300 EAST TASMAN DRIVE
SAN JOSE, CA 95134

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155

an answer to the complaint which is herewith served upon you, within __7__ (MAY 27, 2005) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____TON_____                                5-16-05
CLERK                                             DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of MASSACHUSETTS

ANTHONY BAYAD

SUMMONS IN A CIVIL CASE

v.

BRUCE BASTIAN, KATE DCAMP
LYNN FRASER, CELIA HARPE-GUGARA
RICK JUSTICE, CISCO SYSTEMS INC.

CASE NUMBER: 05-11005 GAO

TO: (Name and address of Defendant)

CISCO SYSTEMS INC & CELIA HARPER-GUERR
55 HAYDEN AVENUE, SUITE 4200
LEXINGTON, MA 02421

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ANTHONY BAYAD
2 MAGOUN AVENUE
MEDFORD, MA 02155

an answer to the complaint which is herewith served upon you, within ___7___ (MAY 27, 2005) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SAR_____  5-16-05

CLERK                             DATE

(By) DEPUTY CLERK

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
   (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
       (DEFENDANT NAME)

that I waive service of summons in the action
of _____ ,
                          (CAPTION OF ACTION)

which is case number _____ in the United States District Court
                        (DOCKET NUMBER)

for the _____ District of _____ .

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after , MAY 17 2005
            (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____      _____
      (DATE)                     (SIGNATURE)

           Printed/Typed Name: _____

           As _____ of _____
                (TITLE)           (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
    (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action
of _____,
                                             (CAPTION OF ACTION)

which is case number _____ in the United States District Court
                         (DOCKET NUMBER)

for the _____ District of _____.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after ,                                                                  MAY 17 2005
                                                                       (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____        _____
    (DATE)                    (SIGNATURE)

             Printed/Typed Name: _____

             As _____ of _____
                  (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____.

  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

  I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

  I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

  I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after           MAY 17, 2005
                (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
      (DATE)                              (SIGNATURE)

             Printed/Typed Name: _____

               As _____ of _____
                      (TITLE)                   (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
    (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
       (DEFENDANT NAME)

that I waive service of summons in the action
of _____,
                                    (CAPTION OF ACTION)

which is case number _____ in the United States District Court
                          (DOCKET NUMBER)

for the _____ District of _____.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                 MAY 17, 2005
                                                                    (DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.


_____            _____
        (DATE)                                    (SIGNATURE)

                    Printed/Typed Name: _____

                         As _____ of _____
                              (TITLE)            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action
of _____,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after       MAY 17, 2005
                                                                   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____        _____
     (DATE)                            (SIGNATURE)

                    Printed/Typed Name: _____

                    As _____ of _____
                        (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of _____,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
                        (DOCKET NUMBER)

for the _____ District of _____.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after,                                                                MAY 17, 2005
                                                                      (DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____          _____
      (DATE)                         (SIGNATURE)

          Printed/Typed Name: _____

          As _____ of _____
              (TITLE)            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.