UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>            Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE,<br><br>            Defendants. | CIVIL ACTION NO. 05-11005 GAO |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants in this matter have moved the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. Most of plaintiff's claims are barred by applicable statutes of limitations and/or fail to comply with statutory prerequisites for bringing the claims in this Court. The factual allegations of the Complaint fail to establish the necessary elements to support plaintiff's remaining claims.

### I.    STATEMENT OF FACTS[1]

Defendant Cisco Systems, Inc. ("Cisco") is a corporation which employs 40,000 persons world wide, including defendants Bruce Bastian, Kate Dcamp, Lynn Fraser, Celia Harper-Guerra, and Rick Justice. Complaint ¶¶ 8, 9. Cisco hired plaintiff Anthony Bayad in April 2000 for a position at its office in Lexington, Massachusetts. Id. ¶ 12. Defendant Fraser was Bayad's supervisor. Id.

---

[1] Defendants present the facts as alleged by plaintiff solely for the purposes of this motion to dismiss. Defendants do not agree with or accept plaintiff's allegations.

~BOST1:373461.v3
26573-15

In November 2000, Bayad applied for a transfer to Cisco's North Africa region. Complaint ¶ 38. Bayad's request for a transfer was denied, and, on November 29, 2000, Bayad allegedly obtained a "No-Hire-List" from Cisco indicating that Bayad was not to be hired, transferred, or promoted. Id. ¶¶ 41 & 43 & Ex. 14.[2] This document is dated September 10, 2000, and does not state why Bayad was singled out for adverse action. Id. Ex. 14. It refers questions to Tony Savastano, a Cisco employee not named as a defendant in this matter. Id.

In May 2001, Bayad was terminated from Cisco. Complaint ¶ 44. Bayad alleges that he was confined in a locked room and forced by Cisco corporate police to sign contracts upon his termination. Id. ¶¶ 49-50, 104-05. His final day of employment was May 1, 2001. Id. ¶¶ 49-50; see Affidavit of Bruce E. Falby ("Falby Affidavit") ¶ 2 & Ex. A, Voluntary Severance Agreement and General Release ("Severance Agreement").[3]

On May 30, 2001, defendant Bastion forwarded an email entitled "Airport Fun" to his subordinate employee Amando Navas.[4] Complaint ¶ 52 & Ex. 17. The email discussed a prank involving the reading of certain names over the public address system at airports in the United Kingdom. Id. While inappropriate, the email did not refer to Bayad, his employment, or his termination. Complaint Ex. 17. Amando Navas forwarded this email to a Cisco vice president, who in turn referred the matter to a human resources director for remedial action. Id.

---

[2] Cisco Systems has no internal record of the "No-Hire-List" labeled as Plaintiff's Exhibit 14 and assumes that it is authentic for the purposes of this motion only.

[3] The Complaint does not state the precise date of Bayad's termination. Complaint ¶ 44. The contract Bayad alleges he was forced to sign when he was terminated, however, was dated by him May 1, 2001, and specified May 1, 2001 as the final day of his employment. See Severance Agreement, Falby Affidavit Ex. A. On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider any document referred to in the Complaint and pertinent to plaintiff's claims without converting a motion to dismiss to a motion for summary judgment. See, e.g., In re Computervision Securities Litigation, 869 F. Supp. 56, 60 (D. Mass. 1994) (quoting Fudge v. Penthouse Int'l, Ltd. 840 F.2d 1012, 1015 (1st Cir. 1988), cert. denied, 488 U.S. 821 (1988)).

[4] Bayad also refers to two additional emails. Complaint ¶¶ 54, 55. The first is an email allegedly circulated at Bayad's prior place of employment in 1997. Id. ¶ 54. The second is an email from a Cisco employee named Paul Mountford referring to a person named "Nigel." Id. ¶ 55 & Ex. 20. Neither email appears to have any bearing on this matter.

In September 2001, Bayad formed his own computer and networking technology company and attempted to do business with Cisco. Complaint ¶¶ 64-67. Defendants Cisco and Rick Justice refused to allow Bayad's company to conduct business with Cisco because they promoted and supported only businesses owned by whites, not businesses owned by minorities. Id. ¶¶ 67-68.

Beginning in September 2003, Bayad applied for several new positions at Cisco. Complaint ¶ 56. Bayad does not identify the positions for which he applied or describe the requirements for those positions. Although two Cisco managers spoke with Bayad regarding those positions, Cisco did not rehire him. Id. ¶¶ 57 - 60. At least one position was located in California, and Cisco informed Bayad that it would not relocate him from Massachusetts in order to fill it. Id. Ex. 26. The Complaint does not state who, if anyone, was eventually hired to fill the vacancies in question.

At Bayad's suggestion, a Cisco recruiter asked Bayad's former supervisor Fraser about Bayad. Complaint ¶ 61 & Ex. 26. Fraser stated that Bayad had not taken the lab or classes required to obtain his Cisco Certified Internetworking Engineer (CCIE) certification, did not recommend that Bayad be hired, and declined to give any further information. Id. Bayad also alleges that Fraser told other employees and recruiters that she did not feel comfortable talking about Bayad, id. ¶ 61, although the Complaint does not specify when these conversations took place or the identities of the other parties involved.

In December of 2003 and January of 2004, Bayad received emails from Cisco asking him to fill out a voluntary self-identification form for the purpose of fulfilling federal data reporting requirements. Complaint ¶ 62 & Ex. 27. The email clearly stated that race and gender information need not be provided and that any information that was provided would not be

considered in Cisco's employment decisions. Id. The Complaint does not specify what, if any, information Bayad provided in response to this request.

On March 8, 2004, Bayad filed a complaint in the United States District Court for the District of Massachusetts against Cisco employees John Chambers, Anthony Savastano, and Carl Wiese, as well as Patricia Russo, an employee of Lucent Corporation. See Falby Affidavit ¶ 3 & Ex. B, Memorandum and Order in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D. Mass) ("Bayad v. Chambers Order") at 1-4. The complaint alleged claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract in violation of a variety of state and federal laws. Bayad v. Chambers Order at 5-9. The bulk of these allegations arose from the same events that form the basis for this action. Id. at 3-4.

On October 25, 2004, this Court dismissed all claims against defendant Patricia Russo and all claims against the Cisco defendants with the exception of those claims under 42 U.S.C. § 1981 originating after March 8, 2000, and those conspiracy claims under 42 U.S.C. § 1985 and Massachusetts law originating after March 8, 2001. Bayad v. Chambers Order at 10. On May 25, 2005, Magistrate Judge Bowler recommended that summary judgment enter for the defendants on the remaining claims. See Falby Affidavit ¶ 4 & Ex. C, Report and Recommendation in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D. Mass) ("Report and Recommendation") at 24.

On May 16, 2005, four years and fifteen days after his termination from Cisco, Bayad filed this Complaint in the United States District Court for the District of Massachusetts. He again asserts claims under a number of state and federal statutes for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of

contract, this time against a different set of Cisco employees and Cisco itself. The factual basis for Bayad's new complaint is, as in <u>Bayad v. Chambers</u>, is the circumstances surrounding his termination from Cisco Systems in 2001 and Cisco Systems' failure thereafter to do business with or to rehire him.

## II.    ARGUMENT

To survive a motion to dismiss for failure to state a claim, a complaint must "set forth minimal facts as to who did what to whom, when, where, and why." <u>Edsall v. Assumption College</u>, No. 04-40106-FDS, 2005 WL 984164, at *3 (D. Mass. March 31, 2005) (quoting <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 68 (2004)). "[A] court may not uphold a complaint based solely on 'bald assertions, unsupportable conclusions, and opprobrious epithets.'" <u>Id</u>.

The claims asserted by the Complaint are largely barred by the statute of limitations, by a failure to exhaust administrative remedies, by a lack of state action, and/or by other statutory requirements. As to the remaining claims, the Complaint fails to allege any facts establishing actionable conduct by the defendants, particularly the individual defendants. To avoid repetition, defendants will address Bayad's claims collectively where possible.

### A.    <u>Claims under 42 U.S.C. § 1981</u>.

Counts I through VIII allege violations of 42 U.S.C. § 1981. These accusations fall into two broad categories: those stemming from Bayad's employment with Cisco and termination on May 1, 2001, and those stemming from Cisco's refusal thereafter to do business with Bayad or rehire him.

1. **Claims Arising from Bayad's Employment and Termination by Cisco are Barred by the Statute of Limitations.**

Claims under 42 U.S.C. § 1981 are subject to a four-year statute of limitations. See Bayad v. Chambers Order at 8; Jones v. R.R. Donnelley & Sons Co., ___ U.S. ___, 124 S.Ct. 1836, 1845-46 (2004). Therefore, Bayad's § 1981 claims arising from actions that took place more than four years prior to May 16, 2005 (the date that Bayad filed his Complaint) are time-barred. This includes the § 1981 claims arising from Bayad's employment at Cisco and his termination on May 1, 2001.

2. **Bayad Fails to State a Claim Under 42 U.S.C. § 1981 Based on Events Occurring After His Termination.**

The only § 1981 claim that is not time-barred is Bayad's claim that defendants discriminated against him by interfering with his rights to do business with Cisco in September 2001 and to enter into an employment contract with Cisco when he applied for work in 2003.[5] As to this claim, the Complaint fails to allege facts sufficient to state a claim against any defendant.

To state a claim under § 1981, "a plaintiff must show (1) that he is a member of a racial minority, (2) that the defendant discriminated against him on the basis of his race, and (3) that the discrimination implicated one or more of the activities enumerated in the statute." Garrett v. Tandy Corp., 295 F.3d 94, 98 (1st Cir. 2002).

Stripped of rhetoric and conclusory accusations, the Complaint sets out the following facts relevant to Bayad's discrimination claim: (1) in September 2001, Bayad formed a

---

[5] With the exception of the identities of the defendants, these claims are identical to those brought by Bayad in the matter of Bayad v. Chambers, supra, page 4. In that matter, Magistrate Judge Bowler has recommended that summary judgment enter for the defendants on Bayad's discrimination claims on the grounds that Bayad failed to present evidence of either discriminatory animus or disparate treatment in Cisco's decisions. See Report and Recommendation at 15-20.

computer and networking business, which defendants Cisco and Rick Justice refused to allow to do business with Cisco, Complaint ¶¶ 67-68; (2) in 2003 Bayad applied for several positions at Cisco, Complaint ¶ 56; (3) Bayad spoke with Cisco managers regarding two of those positions, id. ¶¶ 57 - 60, & Exs. 23 & 24; (4) with respect to one position, a Cisco recruiter checked with defendant Fraser, who stated that Bayad had not taken the lab or classes required to obtain his Cisco Certified Internetworking Engineer (CCIE) certification, did not recommend that Bayad be hired, and declined to give any further information, Complaint ¶ 61 & Ex. 26; (5) Cisco did not hire Bayad for that position for the stated reason that it was located in California and Bayad lived in Massachusetts, id; and (6) Cisco ultimately declined to hire Bayad for any position.

When read objectively, the absence of any discriminatory animus is starkly obvious: no evidence of unlawful behavior can be inferred from these facts. While "[i]t is true that the complaint, in multiple instances, characterizes the conduct of [the defendants] as unlawful or discriminatory in conclusory terms," Edsall v. Assumption College, 2005 WL 984164, at *3, a complaint for employment discrimination must, at a minimum, contain a factual allegation of wrongdoing on the part of the named defendants.[6] Id.; see also Coyne v. Cronin, 386 F.3d 280, 288 (1st Cir. 2004) (despite liberal pleading requirements, complaint must be dismissed absent factual allegation connecting defendant with civil rights violation). The Complaint pleads no such facts.

Of course, a plaintiff may state a discriminatory hiring claim based upon disparate treatment without alleging open discrimination. To do so, however, there must be at least some

---

[6] In an apparent effort to fill this gap, the Complaint refers at various points to statements and emails made by employees of both Cisco Systems and Bayad's prior employer, Lucent. Complaint passim. The Complaint, however, fails to establish any nexus between the authors of these statements and the 2003 hiring decision. In the absence of such a nexus, the statements, even if accepted as true, cannot establish the inference of discrimination. See Gonzalez v. El Dia, Inc., 304 F.3d 63, 69 (1st Cir. 2002) (remarks by nondecisionmakers or decisionmakers not involved in hiring process cannot establish discrimination absent connection to questioned employment decision).

allegation that the employer sought to fill the positions applied for with similarly qualified individuals from outside the protected class. Lewis v. City of Boston, 321 F.3d 207, 217 (1st Cir. 2003). The instant Complaint does not even indicate whether those positions were ultimately filled. Bayad's claims of discriminatory treatment are thus entirely "unsupported by the factual allegations of the Complaint," Edsall v. Assumption College, supra, and must consequently be dismissed. Id. ("Plaintiffs are not permitted to sue someone, without any factual basis, in the vague hope that something may turn up in discovery").

The same is true as to Bayad's allegations that defendants Cisco and Justice discriminated against him by not contracting with his computer and networking business in September 2001. Bayad states no facts whatever supporting his conclusory allegation that these defendants do not "promote or support" minority-owned companies and "only promote white businesses." Complaint ¶ 67.

### B.     Claims Under 42 U.S.C. § 1985.

Counts II, IV, VI, VII and VIII allege violations of 42 U.S.C. § 1985. Again, these claims address either Bayad's employment with Cisco and termination in 2001 or Cisco System's refusal to do business with Bayad in 2001 and to hire him in 2003. All of the allegations involve conspiracies to deprive Bayad of his constitutional rights, which would be violations of subsection (3) of the statute. Id. The § 1985 claims fail for three reasons.

#### 1.     The Defendants Are Not Subject to Suit Under 42 U.S.C. § 1985(3) Because There Is No Allegation of State Action.

Bayad's § 1985 claims fail because he alleges purely private action. "[S]ection 1985(3) [of chapter 42 of the United States Code] does not apply 'to private conspiracies that are aimed at a right that is by definition a right only against state interference, but applies only to such conspiracies as are aimed at interfering with rights . . . protected against private, as well as

official, encroachment.'" Lowden v. William M. Mercer, Inc., 903 F. Supp. 212, 219 (D. Mass. 1995) (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993)). This requirement that the conspiracy be aimed at a right protected against private encroachment is independent of the requirement that the conspirators had a discriminatory animus. Bray v. Alexandria Women's Health Clinic, 506 U.S. at 274. Bayad claims that the defendants conspired to deprive him of his rights to equal protection and privileges and immunities. Complaint ¶ 102. "Neither the right to privileges and immunities under Article IV and/or the Fourteenth Amendment nor the right to equal protection under the Fourteenth Amendment constitutes protected rights under section 1985(3) without proof of state involvement." Lowden v. William M. Mercer, Inc., 903 F. Supp. at 219.[7] As the Complaint does not allege any governmental involvement in defendants' interactions with the Bayad, his claims under §1985(3) must be dismissed.

### 2. Section 1985 Claims Arising from Bayad's Employment and Termination by Cisco are Barred by the Statute of Limitations.

In any event, claims under 42 U.S.C. § 1985 are subject to a three-year statute of limitations. See Bayad v. Chambers Order at 8, Nieves v. McSweeney, 73 F. Supp. 2d 98, 102 n.4 (D. Mass. 1999), aff'd, 241 F.3d 46 (1st Cir. 2001). All claims arising from actions that took place prior to May 16, 2002 are therefore time barred. This includes all claims arising from Bayad's employment at Cisco, his termination on May 1, 2001, and Cisco's alleged refusal to do business with Bayad's company in September 2001.

---

[7] Only the right to be free from involuntary servitude under the Thirteenth Amendment and the right to interstate travel are protected against private, as opposed to public, infringement. Lowden v. William M. Mercer, Inc., 903 F. Supp. at 219. Neither the right to interstate travel nor the Thirteenth Amendment's guarantee against slavery and its badges and incidents is implicated by the Complaint. See Wong v. Stripling, 881 F.2d 200, 203 (5th Cir. 1989) (claim under § 1985(3) properly dismissed where allegation of discriminatory employment decision regarding doctor of Chinese descent did not fall within Thirteenth Amendment's guarantee against slavery).

3.  **The Portions of the Complaint Based on Cisco's Failure to Hire Bayad in 2003 Fail Adequately to State a Claim for Conspiracy Under § 1985(3).[8]**

The only claim under § 1985(3) that is not time-barred is the alleged conspiracy not to hire Bayad in 2003. As to this claim, the Complaint fails to allege sufficient facts to state a claim. "To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Because Bayad's Complaint is entirely devoid of factual allegations creating an inference that any of the individual defendants entered into an agreement to deprive Bayad of his constitutional rights, it fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2). As set forth above, see supra Part II.A.2, with the exception of Fraser, the Complaint fails to allege facts tying any of the individual defendants to the 2003 hiring decision. Moreover, the sole reference to Fraser, alleging her unwillingness to discuss the plaintiff, see Complaint ¶ 61 & Ex. 26, can hardly create an inference that she participated in a conspiracy, let alone one based upon discriminatory animus. Finally, there is no allegation in the Complaint that Cisco, as a corporate entity, engaged in concerted action with any other entity with respect to Bayad. Simply put, Bayad has failed to allege "who did what to whom, when, where, and why." Edsall v.

---

[8] Again, the claims made here are substantially identical to those made against other defendants in Bayad v. Chambers, supra, page 4. In that matter Magistrate Judge Bowler has recommended that summary judgment enter on Bayad's conspiracy claims on the grounds that Bayad failed to demonstrate that he had been deprived of a constitutionally protected right or privilege. See Report and Recommendation at 20-21.

Assumption College, 2005 WL 984164, at *3. His claims for conspiracy must therefore be dismissed.

### C. Claims under Title VII.

Counts I through VIII allege violations of "§704 of the Civil Act of 1964." Complaint ¶¶ 76, 79, 82, 85, 91, 94, 99, 102. That particular section of the Civil Rights Act is now codified as 42 U.S.C. 2000e-3, which prohibits discrimination based on participation in enforcement proceedings and the posting of notices advertising discriminatory hiring preferences, which is plainly inapplicable. Bayad is apparently referring to the enforcement provision of Title VII, now codified as 42 U.S.C. 2000e-5. Bayad's Title VII claims fail for two reasons.

#### 1. Bayad Failed to Exhaust His Administrative Remedies.

Bayad's Title VII claim must be dismissed because he did not exhaust his administrative remedies. "Prior to filing a Title VII action in a federal district court, a plaintiff must exhaust her administrative remedies. Tight time limits constrain this protocol . . . Massachusetts is a so-called 'deferral jurisdiction' -- the commonwealth has its own civil rights statute and agency -- so exhaustion depends on the filing of a charge with the Equal Employment Opportunity Commission within 300 days of the purported discriminatory act." Lawton v. State Mut. Life Assur. Co. of America, 101 F.3d 218, 221 (1996); see also 42 U.S.C. § 2000e-5(c), e-5(e)(1). Bayad does not allege that he filed a charge with the EEOC with respect to the discriminatory actions alleged in the Complaint. His Title VII claims must therefore be dismissed.

#### 2. The Individual Defendants May Not be the Subject of a Title VII Suit.

Even if Bayad had exhausted his administrative remedies, individual defendants may not be sued under Title VII. See, e.g., Bayad v. Chambers Order at 6; Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003); Holly D. v. California Inst. of Tech., 339 F.3d 1158,

1179 (9th Cir. 2003); see also Edsall v. Assumption College, 2005 WL 984164, at *4 ("Although the First Circuit has not decided whether there is individual liability under Title VII, 'every circuit court that has interpreted Title VII's definition of employer and the majority of District Courts in the First Circuit . . . have concluded that Congress did not intend to impose individual liability upon agents of an employer'") (quoting Healy v. Henderson, 275 F. Supp. 2d 40, 44-45 (D. Mass. 2003) (ellipses in original)). The Title VII claims against the individual defendants must consequently be dismissed for this additional reason.

### D. Claims Under Massachusetts Law.

Counts II, III, V, VI, VII, VIII, IX, X, and XII allege violations of various Massachusetts laws. These counts also fail to state a claim.

#### 1. Bayad May Not Bring a State Law Claim for Violations of His Civil Rights Because He Failed to Exhaust His Administrative Remedies.

Bayad's state law discrimination claim also fails because he did not exhaust his administrative remedies. The proper vehicle for addressing Bayad's state law employment discrimination claims is chapter 151B of the Massachusetts General Laws. See Morrissey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 n.2 (1st Cir. 1995) ("Mass. Gen. L. ch. 151B is the exclusive remedy under Massachusetts law for employment discrimination claims."). A plaintiff cannot maintain an action under chapter 151B, however, without first filing a timely claim with the Massachusetts Commission Against Discrimination ("MCAD"). See Bayad v. Chambers Order at 7; Mass. Gen. Laws ch. 151B, §§ 5-9; Carter v. Comm'r of Correction, 681 N.E.2d 1255, 1259 (Mass. App. Ct. 1997). Bayad did not file a claim with the MCAD prior to the institution of this suit. As a result, his claims under 151B must be dismissed.

### 2.     Count VI Fails to State a Claim for Breach of Contract.

Count VI for breach of contract must be dismissed because the Complaint does not adequately plead the existence of a contract. Bayad alleges in Count VI that by failing to discipline the authors of several purportedly inappropriate emails, defendants breached an oral contract established by Cisco's personnel policies. Complaint ¶ 93. The emails that Bayad complains of were sent on May 30, 2001 (Ex. 17), and September 26, 2002 (Ex. 20). Bayad was not employed by Cisco on either of these dates, Complaint ¶ 44, Severance Agreement (Falby Affidavit Ex. A), and nothing in the Complaint indicates what basis there might be for a post-termination contract between Bayad and any of the defendants. As Bayad has not pled facts supporting the existence of a contractual relationship, his claim for breach of contract must fail.

### 3.     Count VII Fails to State a Claim for Defamation.

Count VII alleging defamation does not state a claim. To state a claim for defamation under Massachusetts law a plaintiff must allege that (1) the defendant made a statement concerning the plaintiff to a third party, (2) the statement could damage the plaintiff's reputation in the community, (3) the defendant was negligent in making the statement, and (4) the statement caused economic loss or is actionable without proof of economic loss. Ravnikar v. Bogojavlensky, 782 N.E.2d 508, 510 (Mass. 2003).

Bayad alleges four acts of defamation: (1) the dissemination of the May 30, 2001, email from defendant Bastian concerning public address messages at British airports, Complaint ¶ 96 & Ex. 17; (2) the placement of Bayad on the so-called "No Hire-List" on September 10, 2000, by an individual not named as a defendant, Complaint ¶ 97 & Ex. 14; (3) the December 2003 automated request, from Cisco to Bayad for demographic information, Complaint ¶ 62 & Ex. 27;

(Mass. 1915) (response by former employer to prospective employer's inquiry privileged against claim for defamation).

The facts pled in the Complaint fail to state a claim for defamation. Thus, Count VII must be dismissed.

### 4. Count VIII Fails to State a Claim for Conspiracy Under State Law.

Count VIII alleging conspiracy under Massachusetts law fails to state a claim. Massachusetts law provides for two seldom-used causes of action for conspiracy, so-called "true conspiracy" and "concerted action conspiracy". Massachusetts Laborers' Health & Welfare Fund v. Phillip Morris, Inc., 62 F. Supp. 2d 236, 244 (D. Mass. 1999). Both carry three-year statutory limitations periods that dispose of Bayad's conspiracy claims arising from his employment and termination at Cisco and the alleged failure to do business with his computer and networking company. See Mass. Gen. L. ch. 260, § 2A. The only remaining claim is the alleged failure to rehire Bayad in 2003. While the elements of each of the two types of conspiracy theory are subtly different, both require as a predicate an allegation of some form of concerted action directed at the plaintiff. Id. Bayad's failure to allege facts indicating any form of concerted action on the part of the defendants has already been addressed. See supra Part II.B.3. Absent these facts, the claim for conspiracy under Massachusetts law must be dismissed. Carroll v. Xerox Corp., 294 F.3d 231, 243 (1st Cir. 2002).

### 5. Bayad's Claims for False Imprisonment and Intentional Infliction of Emotional Distress Are Time Barred.

Counts IX and X alleging false imprisonment and intentional infliction of emotional distress, respectively, are time-barred. Massachusetts law provides for a three-year statute of limitations period for both false imprisonment, Mass. Gen. L. ch. 260, § 4, and intentional infliction of emotional distress. Mass. Gen. L. ch. 260, § 2A. The acts which allegedly form the

and (4) defendant Fraser's refusal to discuss Bayad's history with prospective employers, Complaint ¶ 61.

The May 30, 2001 email is clearly not a statement concerning Bayad as the email does not mention him. Consequently, there is no cause of action. Ravnikar v. Bogojavlensky, 782 N.E.2d at 510. If there was a cause of action, it would be time barred. See Mass. Gen. L. ch. 260, § 4 (establishing three-year statute of limitation for defamation claims). The publication of the so-called "No Hire-List" in 2000 is similarly beyond the range of the statute of limitations. Id.

The claim regarding the December 2003 automated information request falls within the statutory limitations period, but a request for information cannot be considered a "statement" regarding Bayad, and, moreover, there is no indication in the Complaint that this request was published to a third party. See Ravnikar v. Bogojavlensky, 782 N.E.2d at 510. If the request could be considered a statement, and it was actually published, it would be still be a privileged publication mandated by federal law. See Restatement, 2d, Torts, § 592A (legally mandated publication is subject to absolute privilege); 41 C.F.R. § 60-1.12 (2004) (requiring employers with government contracts to submit applicant demographic information to the EEOC).

Finally, Fraser's refusal to discuss Bayad is not a statement for the purposes of making a defamation claim. A defamatory statement is an assertion of fact that can be proven false. Cole v. Westinghouse Broadcasting Co., 435 N.E.2d 1021, 1026 (Mass. 1982). A refusal to make a statement is not a disprovable assertion, and therefore cannot constitute defamation. Id. Were it considered a statement, it would fall within the privilege protecting remarks made by employers regarding their former employees' performance. See, e.g., Doane v. Grew, 107 N.E. 620, 621

basis of both of these claims took place during Bayad's termination from Cisco on May 1, 2001. Complaint ¶¶ 104-105. Both claims are consequently time barred.

### 6. Massachusetts General Laws Ch. 149, § 52c Does Not Provide a Private Cause of Action.

The second Count XI of the Complaint alleges a claim for violations of the Massachusetts statute regulating requests for personnel records. However, that statute clearly states that its provisions are to be enforced by the Massachusetts Attorney General. Mass. Gen. L. ch. 149, § 52c; see Kessler v. Cambridge Health Alliance, 818 N.E.2d 582, 587 (Mass. App. Ct. 2004) (employee's remedy under chapter 149 limited to correction and expungement of information in his personnel file). This claim should therefore be dismissed. It is also worth noting that Cisco has provided Bayad with copies of his personnel records in discovery in the related case, Bayad v. Chambers, Civil Action No. 04-10468-GAO.

### 7. Massachusetts General Laws Ch. 266, § 120 Does Not Provide a Private Cause of Action.

Count XII alleges a violation of M.G.L. c. 266, § 120. However, section 120 is a criminal trespass statute. By its terms it provides no private cause of action. Presumably this claim relates to the allegation that both Cisco and their attorneys have given notice to Bayad that he is not permitted to enter Cisco's property. Such an action is expressly permitted by section 120 ("Whoever, without right enters . . . buildings . . . or improved or enclosed land . . . after having been forbidden so to do by the person who has lawful control of said premises . . . shall be punished by a fine . . . or imprisonment . . ."). Although Bayad asserts that this action was discriminatory, the Complaint includes no facts indicating a racial motivation. This claim should be dismissed.

E.  **Bayad's Retaliation Claim Must Be Dismissed.**

The first Count XI of the Complaint claims that the defendants retaliated against Bayad in an unspecified manner after he engaged in unspecified conduct that was protected by an unspecified statute. Complaint ¶ 109. As the Complaint fails to state either a factual basis or a legal theory for this claim, it must be dismissed. See Edsall v. Assumption College, 2005 WL 984164, at *3.

III.  CONCLUSION

For the foregoing reasons, defendants request that plaintiff's Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DECAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

By their attorneys,

/s/ Bruce E. Falby
_____
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  June 7, 2005