IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| Plaintiff , ) | CIVIL ACTION |
| ) | |
| ) | |
| ) | CASE NO. 05-cv-11005-GAO |
| ) | |
| BRUCE BASTIAN, KATE DCAMP ) | |
| LYNN FRASER, CELLIA HERPER ) | |
| RICK JUSTICE, CISCO SYSTEMS ) | |
| ) | HONORABLE   DISTRICT JUDGE O' TOOLE |
| Defendants , ) | |

**DEFENDANTS ' MOTION FOR RULE 11 IS UNCONSTITUTIONAL WHEN ASKED NOT TO ALLOW MINORITY PRO SE TO SUE IN COURT AS THEY HAVE DENIED HIM THE RIGHT OF DUE PROCESS AND THE DISCOVERY PROCESS ON DISCRIMINATORY GROUND IN THIS COURT**

## U.S. CITIZEN 'CONSTITUTIONAL RIGHTS

1. **The Fourteen Amendment, Section 1 reads**

   " Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State Wherein they reside. No State shall make or enforce any law which abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without **due process** of law; nor deny to any person within its jurisdiction the **equal protection of the laws.**

   The attorneys Sir Bob Matthias, Bruce Falby, and Robin Tarr have influenced the Presiding Authority the Magistrate Judge in Pro Se ' Case Managing discovery in Chambers et, al., with directive requesting such Presiding Authority handling the discovery to deny Bayad discovery with prejudice because the Defendants are White and Rich and Executives, such

1

Presiding Authority openly stated on the record during the pretrial hearing that she will not allow Pro Se Bayad to depose Defendants John Chambers, Tony Savastano , or Carl Wiese or any one similar situated as them, and in the second time during the pretrial conference hearing such presiding authority stated openly that <u>she does not care</u> when asked by the Pro Se minority Arab of Race to provide him as matter of right the mean to conduct discovery , as it is on the record and recorded with the Court, such Presiding Authority during the pretrial Conference on summary judgment did not allow  Pro Se Bayad Arab of Race to speak in her Court Room and was  interrupted each time he spoke and such Presiding Authority when allowed Bayad to speak she cut him short by stating **One Minute, two minute** and stopped the hearing short not allowing him  to argue his case. During the three (3) hearing conducted with the Attorneys and the Presiding authority the Magistrate Judge, (they) had 4 to 5 United States Marshal present in the Pretrial Hearing and the record is with the United States Marshal of the Court, such action is served to intimidate Bayad Pro Se Arab of Race, to scare him and to send a clear message to Pro Se minorities Arab of Race that they do not have rights in her  Court room of such presiding authority the Magistrate.  The United States Marshal the Federal Agent were dispatch to conduct criminal Backgrounds on Bayad Pro Se and his friend Moroccan and his girl friend and their friends, also Pro Se Bayad smiling picture was posted on the wall of the Court and probably taping his phone communication,  and his where about

2

using his cell phone' signals to pin point his moves via the Global Positioning Satellite , used by Massachusetts states troopers. Hence because Defendants are very connected and their attorneys are connected with the Republicans running the Home Land Security, and because of this law suit, Bayad 'brother a home owner and tax payer and legal U.S Resident for 5 years, was detained without bail upon his arrival from his vacation trip from Europe and he reside in South Bay federal jail. It is a shame Bob Matthias is sending a bad message to Moroccan living in the U.S. that they have no rights even for a Bail and even they entered in this country legally, such as conduct is also being sent to the Royal kingdom of Morocco that Americans as Bob Matthias, Bayad and others do not like Moroccans nor do they provide rights to them and threat them un-human in the United States of America a country of the free and the Braves, also message to Moroccans residing in Europe to retaliate against our good men and women who loves to travel to Morocco and to Europe to be retaliated against and abused as the Indonesian(s) have done to the Australian Citizen, who has being framed with drugs in her belonging. Additionally as it is very said of all is the conduct of the Magistrate Office that served Pro Se Bayad the Magistrate Report and Recommendation on **Memorial Weekend** sending message that (I take) such action as Bayad Pro Se Arab of race that Arabs are terrorists and are killing Americans, knowingly Arabs and the Moroccan Government are also dying side by side with my Brothers and Sisters of the United States Arm Forces and that my

friends Moroccan U.S. Resident are serving with United State Special Forces in Iraq as we Speak. It is a shame. And now, the attorneys Bob Mathias the Chairman of Piper Rudnick Gray Carry one Billion in Revenue a Republican who never made an honest living in his life (See Howard Dean speech the Democratic 'Chairman), are asking the Court in the open without fear of any consequences , (Attorneys asking) in special <u>the Highest man of Honor and Integrity District Judge O' Toole</u> to violate the Constitutional law of our country by denying Pro Se Bayad the right to sue in court, the right of due Process, it is a shame.  The Honorable Presiding District Judge O' Toole must put them accountable and notify the United States Attorney to stop them from future misconduct against other Minorities as Arabs, and  This case is a Land Mark case of White Citizens of low income, Minorities , and Pro Se (s) litigants similar situated as Bayad, and law must protect them. Additionally The Attorneys Bob Matthias, Bruce Falby, and Robin Tarr have introduce communications between Bayad and them in script without providing its authenticity to the Court or to Bayad, to be used in support of their Motion protective order (granted),  designed and put in place as trap waiting for Bayad to violated it ( protective order),  and for them to move for dismiss Bayad ' claim as they have failed.  In addition they (attorneys) having their Buddies and their connection with the  U.S and Massachusetts  Internal Revenue Services auditing Bayad Pro Se 'income records dating the year 2001 and they could not find any record of the year 2002,2003, 2004, and 2005 because Bayad

Pro Se a College grad and Certify internetworking Expert is unemployed (fired from three companies Lucent Technologies, International Network Services and Cisco Systems on discriminatory ground by the same defendants) in his Country the United States of America the land of opportunity ( could not find a job in his field that he is trained for it and the only things that he knows and do ) the land of Law and equality for all (denied him the right of due process and now they asking the Court that he cannot sue in Court a basic right of free people).

## STATEMENT OF INTEREST

Pro Se Bayad has never sued or was sued in any Court of this land in his 22 year living as a U.S. Citizen of this land and without any criminal record, until he met Defendants Tony Savastano and Carl Wiese, whom terminated his employment from 3 companies in two different Jurisdiction (Florida and Now Massachusetts) at 2 different venues, and (**I**) demand my rights as Free person of this Land and under the Constitution of (My) Country the United States of America, that (My) Sisters and my brothers in the United States of America the Honorable Arm Forces are providing me such liberty that (I) enjoy and freedom of religious that (I) enjoy as Bayad an American Native Moroccan with a name of Catholic as he chose such freedom and destiny (and God Bless them and Bless the United States of America and the man and woman wearing the uniform).
And we must point out that not every person is racist in this country that only narrow minded of a small fraction still living the Era of Ms. Rose

Parker, as defendants and Sir Bob Mathias the Chairman of the Law Firm of Piper Rudnick who think is **Above the law and the Faro of the legal Community.**

**CONCLUSION**

**1.    Amendment VII-Common Law Suits-Jury Trial**

> "In Suits at common law, where the value in controversy shall exceed twenty dollars, the rights of trial by jury shall be preserved, and no fact tried by jury shall be otherwise re-examined in any Court of the united States, than according to the rules of the common law."

This amendment gives each person his or her " day in Court" and the right to have jury settle a civil dispute. But note that the Jury trial is a choice, and the accused also has the right to elect a trial by a Judge with no jury present, or to settle the dispute out of Court if both parties agree. Additionally when the Constitution was written , twenty dollars was lot more money than it is now, but the right exists, nonetheless. Hence ( I) am a Citizen of this land as the Defendants and (I) do have such rights and equal protection under the law.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy DEFENDANTS ' MOTION FOR RULE 11 IS UNCONSTITUTIONAL WHEN ASKED NOT TO ALLOW MINORITY PRO SE TO SUE IN COURT AS THEY HAVE DENIED HIM THE RIGHT OF DUE PROCESS AND THE DISCOVERY PROCESS ON DISCRIMINATORY GROUND IN THIS COURT of was furnished via U.S. mail to : Bruce E. Falby, BBO #544143, PIPER RUDNICK LLP, One International Place, Boston MA 02110,    this . 13 . day of   June  2005

*PRO SE* ANTHONY BAYAD
MAGOUN AVENUE
MEDFORD, MA 02155
(781)704-8982

_____
ANTHONY BAYAD



**PIPER RUDNICK
GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

June 7, 2005

**By First-Class Mail**

Mr. Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

Re:  *Bayad v. Bastian, et al.*, Civil Action No. 05-11005-GAO

Dear Mr. Bayad:

Please find enclosed Defendants' Motion for Rule 11 Sanctions and Injunction, supporting memorandum, affidavit, and attached exhibits. The defendants in this matter believe that the complaint that you filed on May 16, 2005 does not comply with the requirements set forward by Fed. R. Civ. P. 11(b), and have consequently drafted the attached motion requesting sanctions. Pursuant to Fed. R. Civ. P. 11(c)(1)(A), you have until twenty-one (21) days from the date of this letter to withdraw or correct the complaint. If you have not done so by the end of the period specified by the Rule, the defendants will file the attached motion and proceed with their request for sanctions.

Sincerely,

Matthew J. Iverson

MJI:btj
Enclosures

~BOST1:373589.v1
26573-15

Serving clients globally

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

        Plaintiff,

v.

CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE,

        Defendants.

Civil Action No. 05-11005 GAO

### DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AND INJUNCTION

    Pursuant to Fed. R. Civ. P. 11, defendants Cisco Systems, Inc. ("Cisco"), Bruce Bastian, Kate Dcamp, Lynn Fraser, Celia Harper-Guerra, and Rick Justice respectfully move this Court to sanction plaintiff Anthony Bayad ("Bayad") for filing a frivolous action. Bayad has filed claims in this action that are not only clearly barred by applicable statutes of limitation, but also substantially identical to claims already dismissed as time barred by this Court in prior litigation. Bayad's remaining claims are without good faith basis in fact or law. Defendants have been forced to expend significant time and resources to address these baseless claims. Defendants respectfully request this Court to sanction Bayad by awarding them their reasonable attorneys' fees incurred in defending against this action and in bringing this motion.

    Meanwhile, Bayad has threatened to bring a new action against defendants' counsel. To prevent further frivolous claims, defendants request that the Court also enjoin Bayad from filing additional complaints, without prior leave of this Court, against Cisco, its employees, or its attorneys.

In support of this motion, defendants rely on the memorandum of law and Affidavit of Bruce E. Falby submitted herewith. As required by Fed. R. Civ. P. 11(c)(1)(A), defendants are serving this motion on Bayad and will not file it unless he fails within twenty-one (21) days to withdraw or appropriately correct his complaint.

Respectfully submitted,

CISCO SYSTEMS, INC., BRUCE BASTIAN,
KATE DECAMP, LYNN FRASER, CELIA
HARPER-GUERRA, and RICK JUSTICE
By their attorneys,

/s/ Bruce E. Falby
_____
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
Telephone: 617.406.6000
Fax:        617.406.6100

Dated: June 7, 2005

~BOST1:373503.v3
26573-15

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

        Plaintiff,

v.

CISCO SYSTEMS, INC., BRUCE
BASTIAN, KATE DCAMP, LYNN
FRASER, CELIA HARPER-GUERRA, and
RICK JUSTICE,

        Defendants.

Civil Action No. 05-11005 GAO

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS AND INJUNCTION

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 11, defendants Cisco Systems, Inc. ("Cisco"), Bruce Bastian, Kate Dcamp, Lynn Fraser, Celia Harper-Guerra, and Rick Justice have moved for sanctions against plaintiff Anthony Bayad ("Bayad") for filing a frivolous action.

Bayad has brought claims in this action that are not only clearly barred by applicable statutes of limitation, but also substantially identical to claims already dismissed as time barred by this Court in prior litigation. Bayad's remaining claims are without good faith basis in fact or law. Defendants have been forced to expend significant time and resources to address Bayad's frivolous claims. They respectfully request that the Court sanction Bayad by awarding them their reasonable attorneys' fees incurred in defending against this action and in bringing this motion.

Meanwhile, Bayad has threatened to bring additional claims against defendants' counsel, which claims are also entirely without basis. To prevent further frivolous lawsuits, defendants

request that the Court also enjoin Bayad from filing additional complaints against Cisco, its employees, and its attorneys, without prior leave of the Court.

## BACKGROUND

On March 8, 2004, Bayad filed a complaint in the United States District Court for the District of Massachusetts against Cisco employees John Chambers, Anthony Savastano, and Carl Wiese, as well as Patricia Russo, an employee of Lucent Corporation. See Affidavit of Bruce E. Falby ("Falby Affidavit") Ex. A, Complaint in Bayad v. Chambers, et al., No. 04-10468-GAO (D. Mass) ("Prior Complaint"); Falby Affidavit Ex. B, Memorandum and Order in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D. Mass) ("Bayad v. Chambers Order") at 1-4.

The Prior Complaint alleged claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract in violation of a variety of state and federal laws. Prior Complaint ¶¶ 171-205; Bayad v. Chambers Order at 5-9. These claims supposedly derived from events that took place (1) while Bayad was employed by Lucent Technologies, Inc., from 1995 through 1997; (2) while Bayad was employed by Cisco Systems from April, 2000, through May 1, 2001; and (3) after Bayad's termination from Cisco Systems, including his attempts to apply for positions at Cisco Systems in the fall of 2003. Bayad v. Chambers Order at 2-4.

On October 25, 2004, this Court dismissed all claims arising from Bayad's employment at Lucent on res judicata grounds.[1] Bayad v. Chambers Order at 5-6. The Court also dismissed

---

[1] In 1997 Bayad filed suit in the Southern District of Florida against Anthony Sevastano and a number of others. Bayad v. Chambers Order at 5. Bayad alleged the now-familiar claims of employment discrimination, false imprisonment, intentional infliction of emotional distress, defamation, and breach of contract based on events surrounding his employment and termination by Lucent. Id. Summary judgment entered for the defendants and Bayad's appeal was dismissed. Id.

2

as time barred all claims alleging violations of 42 U.S.C. § 1981 originating prior to March 8, 2000, and all claims for conspiracy and false imprisonment originating prior March 8, 2001. Id. at 8-9. The Court's Memorandum and Order clearly set forth the statutes of limitations governing Bayad's claims. Id. Finally, the Court disposed of Bayad's Title VII claims (because they were inapplicable to individual defendants, id. at 6); his state law discrimination claims (for failing to exhaust administrative remedies, id. at 7); and his intentional infliction of emotional distress and breach of contract claims (for failing to state a claim, id. at 9).[2]

On May 16, 2005, Bayad filed a second complaint in this Court, again asserting claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract, all arising from Bayad's employment, termination, and subsequent attempts to seek employment at Cisco Systems. Falby Affidavit Ex. D, Complaint in Bayad v. Bastian, et al., Civil Action No. 05-11005-GAO (D. Mass) ("Instant Complaint") ¶¶ 74-113. The Instant Complaint names a different set of Cisco employees and Cisco itself as defendants, but is otherwise similar to the Prior Complaint.

On June 7, 2001, defendants moved to dismiss the Instant Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. On the same day they served Bayad with a copy of this motion, as required by Fed. R. Civ. P. 11(c)(1)(A). See Falby Affidavits Ex. E (Letter to Anthony Bayad) and Ex. F (Certificate of Service). As required by Rule 11, defendants will not file this motion unless within twenty-one days after service the Instant Complaint is not withdrawn or appropriately corrected.

---

[2] On May 25, 2005, Magistrate Judge Bowler recommended that summary judgment enter for the defendants on Bayad's remaining claims. See Falby Affidavit Ex. C, Report and Recommendation in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D.Mass).

# ARGUMENT:

"The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses. To achieve these goals, Rule 11 requires attorneys to take responsibility for the claims and defenses they represent; attorneys must make reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay." Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990) (internal citations omitted). Rule 11's requirements apply equally to attorneys and pro se litigants. Fed. R. Civ. P. 11(b) (Rule applies to "an attorney or unrepresented party"); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1998) ("pro se status does not insulate a party from complying with procedural and substantive law"). Sanctions are warranted when, applying an "objective standard of reasonableness," Cruz v. Savage, 896 F.2d at 632, a plaintiff's claims are found "to be frivolous, that is, either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." Id. As set forth below, Bayad's complaint is replete with frivolous claims, and, in most cases, the substance of those claims has already been addressed by this Court.

A.    **Bayad has Repeatedly Filed Claims Without Basis in Fact or Law.**

   1.    **Bayad has Again Filed Multiple Claims Barred by the Applicable Statute of Limitations.**

Despite having been advised of the applicable statutes of limitations by this Court in prior litigation, Bayad nonetheless filed a second complaint on May 16, 2005, containing numerous time barred claims. Filing repetitive, time barred claims of this nature is legally frivolous and sanctionable under Rule 11. Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1091 (3d Cir. 1988).

4

~BOST1:373711.v1
26573-15

(a)     **42 U.S.C. § 1981.**

In its order dismissing portions of the Prior Complaint, the Court unambiguously informed Bayad that claims under 42 U.S.C. § 1981 are subject to a four-year statute of limitations. Bayad v. Chambers Order at 8; see also Jones v. R.R. Donnelley & Sons Co., ___ U.S. ___, 124 S.Ct. 1836, 1845-46 (2004). Nonetheless, Counts I, II, III, V, VII and VIII of the Instant Complaint allege violations of 42 U.S.C. § 1981 stemming from Bayad's employment at Cisco and his termination on May 1, 2001, events which took place more than four years prior to the May 16, 2005, filing of the Instant Complaint. Instant Complaint ¶¶ 76, 79, 81, 88, 97, 101.

(b)     **42 U.S.C. § 1985 and State Law Conspiracy Claims.**

Similarly, the Court put Bayad on notice that claims for conspiracy under both state law and 42 U.S.C. § 1985 are subject to a three-year statute of limitations. Bayad v. Chambers Order, supra; see also Nieves v. McSweeney, 73 F. Supp. 2d 98, 102 n.4 (D. Mass. 1999), aff'd, 241 F.3d 46 (1st Cir. 2001). Again, however, this information fell on deaf ears. Counts II, III, IV, and VIII of the Instant Complaint allege violations of 42 U.S.C. § 1985 or state law conspiracy claims based on Bayad's employment at Cisco as well as on electronic mail messages circulated more than three years before the May 16, 2005 filing of the Instant Complaint, i.e., prior to May 16, 2002. Instant Complaint ¶¶ 79, 84, 101.

(c)     **State Law Tort Claims.**

Although informed of the three-year statute of limitations applicable to tort claims under Massachusetts law, Bayad v. Chambers Order at 9, see also Mass. Gen. Laws ch. 260, §§ 2a, 4, Bayad nonetheless asserted claims for defamation, false imprisonment, and intentional infliction of emotional distress based on events that took place during his May 1, 2001 termination from Cisco, as well as alleged defamatory acts that took place prior to May 16, 2002. Instant Complaint ¶¶ 96, 97, 104, 105, 107.

5

2.  **Bayad has Again Filed Discrimination Claims Under Massachusetts Law Without Exhausting his Administrative Remedies.**

The Court dismissed Bayad's state law discrimination claims in the Prior Complaint because he failed to timely file an administrative complaint with the Massachusetts Commission Against Discrimination ("MCAD"). Bayad v. Chambers Order at 7; see also Mass. Gen. Laws. ch. 151B, §§ 5-9; Carter v. Comm'r of Correction, 681 N.E.2d 1255, 1259 (Mass. App. Ct. 1997). Bayad has again asserted multiple state law discrimination claims (based on the same conduct), Instant Complaint ¶¶ 79, 82, 91, 94, and has again given no indication that the proper administrative complaint has been filed. Pursuit of a discrimination claim barred by a failure to exhaust administrative remedies is sanctionable behavior under Rule 11. Soler v. Puerto Rico Tel. Co., 230 F. Supp. 2d 232, 238 (D.P.R. 2002).

3.  **Bayad's Remaining Claims Have No Good Faith Basis in Fact or Law.**

As defendants have explained in support of their motion to dismiss, Bayad's claims not specifically addressed above lack either a factual or a legal basis, or both. To avoid repeating arguments already presented to this Court, defendants hereby incorporate their Memorandum in Support of Defendant's Motion to Dismiss, hereinafter "Dismissal Memorandum," Falby Affidavit Ex. G, into this motion. To summarize the arguments set forward in that document: (a) Bayad's claims under § 1981 lack a factual basis for their allegations of discriminatory treatment (Dismissal Memorandum at 6-8); (b) Bayad's conspiracy claims under § 1985 fail to allege either state action or a factual basis for a conspiratorial agreement on the part of the defendants (Dismissal Memorandum at 8-9, 10); (c) Bayad's claims under Title VII (if he has in fact made any, see Dismissal Memorandum at 11) fail because he has neglected to file a charge with the Equal Employment Opportunity Commission (EEOC) and because the individual defendants are not subject to suit under that statute (id. at 11-12); (d) Bayad's claims for breach of contract fail because no contract existed between Bayad and the defendants (id. at 13); (e) the defamation claims that are not time barred do not involve "statements" within the meaning of Massachusetts law (id. at 14); and (f) the claims for violations of Mass. Gen. Laws ch. 149,

6

§ 52c, for violations of Mass. Gen. Laws ch. 266, § 120, and for retaliation have no legal basis (Dismissal Memorandum at 16-17).

The sheer quantity of baseless claims catalogued above makes it impossible to avoid the conclusion that Bayad "failed to discharge his Rule 11 obligations by . . . drafting, signing and filing a complaint which lacked any basis in fact or law." Bobe-Muniz v. Carribean Restaurants, Inc., 76 F.Supp.2d 171, 176 (D.P.R. 1999). "[I]t should have been clear to him, after proper investigation of the relevant facts and applicable law, that [his] position was factually and legally insufficient, and thus untenable." Id. Sanctions under Rule 11 are consequently warranted. Id.

**B.    Both Monetary and Injunctive Sanctions are Necessary.**

Given the Court's rulings in the Bayad v. Chambers Order, Bayad "was in a position to know the claims [in the Instant Complaint] were unsupported by fact or law prior to bringing the[m]." Cruz v. Savage, 896 F.2d at 633. He brought them nonetheless, forcing the defendants to expend significant resources in response. Whether or not by doing so Bayad is "guilty of bad faith, of any conscious impropriety, or of intentionally engaging in vexatious conduct," id. at 634, he has unquestionably failed to meet Rule 11's objective standard of reasonableness, a standard that applies to attorneys and pro se litigants alike. Fed. R. Civ. P. 11(b). He should therefore be sanctioned. Cruz v. Savage, 896 F.2d at 634 ("good faith alone" not a defense to sanctions under Rule 11); see also Jones v. Soc. Sec. Admin., No. 03-12436-DPW, 2004 U.S. Dist. Lexis 25377, at *9-10 (pro se litigant subject to Rule 11 sanctions).

The purpose of sanctions under Rule 11 is to deter future violations. Fed. R. Civ. P. 11(c)(2). Including the suit in Southern District of Florida, see supra note 1 and accompanying text, the Instant Complaint represents the third attempt to bring the same set of claims against a related cluster of defendants. Bayad is now threatening to sue the defendants' attorneys on grounds that are patently frivolous. See Falby Affidavit Ex. H, Letter From Anthony Bayad. Given Bayad's demonstrated willingness to perpetuate and, if necessary, resurrect, baseless claims, defendants believe that at this stage both monetary and injunctive

7

sanctions are required to prevent this litigation from proliferating further. See Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996) (monetary and injunctive sanctions warranted against pro se litigant who repeatedly filed frivolous lawsuits). "Serious measures must be taken in order to underscore for [Bayad] that his repeated litigation of previously-dismissed claims must end." Jones v. Soc. Sec. Admin, supra at *13-14.

Defendants request that monetary sanctions take the form of an award of reasonable attorneys' fees incurred in defending this action and in bringing this motion, the amount of which defendants are prepared to establish with affidavit testimony. Defendants further request that Bayad be enjoined from filing further suits against Cisco, its employees, or its attorneys, without prior approval of this Court. See id. at *19-20 (enjoining pro-se vexatious litigant from further filings absent leave of court pursuant to Rule 11). "Although litigiousness alone will not support an injunction against a plaintiff, and . . . the use of such measures against a pro-se plaintiff should be approached with particular caution," Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), injunctive relief is warranted where a plaintiff, such as Bayad, repeatedly pursues frivolous claims. See Gordon v. United States Department of Justice, 558 F.2d 618 (1st Cir. 1977) ("The law is well established that it is proper and necessary for an injunction to issue barring a party, such as appellant, from filing and processing frivolous and vexatious lawsuits").

~BOST1:373711.v1
26573-15

## CONCLUSION

For the foregoing reasons, defendants request that they be awarded their reasonable attorneys' fees incurred in defending against this action and in bringing this motion. Defendants further request that the Court enjoin Bayad from filing further suits against Cisco, its employees, or its attorneys, without prior approval of this Court.

    Respectfully submitted,

    CISCO SYSTEMS, INC., BRUCE BASTIAN,
    KATE DECAMP, LYNN FRASER, CELIA
    HARPER-GUERRA, and RICK JUSTICE
    By their attorneys,

    /s/ Bruce E. Falby
    _____
    Bruce E. Falby, BBO #544143
    DLA PIPER RUDNICK GRAY CARY US LLP
    One International Place, 21st Floor
    Boston, Massachusetts 02110-2613
    Telephone: 617.406.6000
    Fax:      617.406.6100

Dated: June 7, 2005