UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

        Plaintiff,

v.

CISCO SYSTEMS, INC., BRUCE
BASTIAN, KATE DCAMP, LYNN
FRASER, CELIA HARPER-GUERRA,
and RICK JUSTICE,

        Defendants.

CIVIL ACTION NO. 05-11005 GAO

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY DISCOVERY AND IN OPPOSITION
TO PLAINTIFF PRO SE MOTION REQUESTING THE COURT
TO SERVE OR TO PROVIDE THE SUBPOENA TO DEFENDANTS**

Plaintiff Anthony Bayad ("Bayad") has filed a motion requesting the Court to issue a subpoena for certain records that he alleges to be in the possession of defendant Cisco Systems, Inc. ("Cisco"). Defendants Cisco Systems, Inc., Bruce Bastian, Kate DCamp, Lynn Fraser, Celia Harper-Guerra and Rick Justice ("Defendants") have opposed that motion and moved to stay discovery pending the Court's rulings on (1) Defendants' motion to dismiss in this matter, and (2) Magistrate Bowler's Report and Recommendation that summary judgment enter for the defendants in the related matter Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D. Mass) ("Bayad v. Chambers"). Either of these two pending rulings may dispose of this action. It is therefore appropriate to stay all discovery in the meantime. Proceeding with discovery would subject Defendants to the unrecoverable expense of responding to potentially

needless subpoenas and discovery requests, while a temporary stay will not prejudice Bayad at all.

## I. BACKGROUND

This is the second of two closely related matters. On March 8, 2004, Bayad filed a complaint ("the First Complaint") in this court against Cisco employees John Chambers, Anthony Savastano, and Carl Wiese, as well as Patricia Russo, an employee of Lucent Corporation. See Memorandum and Order in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D. Mass) ("Bayad v. Chambers Order") at 1-4 (copy attached to accompanying Affidavit of Bruce E. Falby ("Falby Affidavit") as Ex. A.) The First Complaint alleged claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract in violation of a variety of state and federal laws. Bayad v. Chambers Order at 5-9. The bulk of these allegations arose from the same events that form the basis for this action. Id. at 3-4. On October 25, 2004, the Court dismissed all claims of the First Complaint against defendant Patricia Russo and many claims against the remaining defendants. Bayad v. Chambers Order at 10. On May 25, 2005, Magistrate Judge Bowler recommended that summary judgment enter for the defendants on the remaining claims in the First Complaint. See Report and Recommendation Re: Defendants' Motion for Summary Judgment (Docket Entry #65); Plaintiff's Cross Motion for Summary Judgment (Docket Entry #73) dated May 25, 2005 (the "Recommendation") (copy attached to Falby Affidavit as Exhibit B.)

On May 16, 2005, Bayad filed the Complaint in this action ("the Instant Complaint"), again alleging claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract, this time against a different set of Cisco

~BOST1:376140.v1

employees and Cisco itself. The factual basis for the Instant Complaint is the same as for the First Complaint, i.e., Bayad's employment with Cisco, his termination in 2001, and Cisco's failure thereafter to rehire him. On June 7, 2005, Defendants moved to dismiss the Instant Complaint for failure to state a claim. Docket Entry #4. That motion is pending.

On June 23, 2005, Bayad filed a motion requesting the Court to issue a subpoena directing defendants to produce hard and soft copies of documents relating to Bayad's employment discrimination claims. See Plaintiff Pro Se Motion Requesting the Court to Serve or to Provide the Subpoena to Defendants, Docket Entry #11.

## II. ARGUMENT

Discovery should be stayed in this matter because "[i]t is appropriate to defer discovery until preliminary questions that may dispose of the case are determined." Kleinerman v. United States Postal Serv., 100 F.R.D. 66, 68 (D. Mass. 1983); Momand v. Paramount Pictures Distributing Co., Inc., 36 F. Supp. 568, 571 (D. Mass. 1941) (staying discovery until resolution of statute of limitations issue); see also Millazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988) (court should be satisfied that claim is not frivolous before compelling discovery). "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quote omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Id. (quoting Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979)).

This entire case may shortly be disposed of in one of two ways. First, the Court may grant Defendants' motion to dismiss. As fully explained in Defendants' memorandum in support of the motion to dismiss, the motion should be granted because plaintiff's claims either fail to state a claim or are barred by statutes of limitations, failure to exhaust administrative action, and/or a lack of state action. Docket Entry # 5.

Second, the Court may accept Magistrate Bowler's Recommendation that summary judgment enter for defendants in <u>Bayad v. Chambers</u>. That would effectively preclude Bayad's effort to bring nearly identical discrimination and conspiracy claims in this case against a new set of defendants. As noted above, the Instant Complaint is essentially an attempt to redirect allegations made in the First Complaint against a different set of Cisco employees and Cisco itself. The Instant Complaint is based upon the same allegations of discrimination and conspiracy that Magistrate Bowler determined to be unsupported by admissible evidence in <u>Bayad v. Chambers</u>. <u>See</u> Recommendation at 12-24 (Falby Affidavit Ex. B.) Accordingly, if this Court accepts the Magistrate's Recommendation, the claims in the Instant Complaint would be barred by collateral estoppel or res judicata. <u>See In Re San Juan Hotel Corp.</u>, 841 F.2d 6, 10 & n.8 (1st Cir. 1988) (claim preclusion warranted where plaintiff sues additional alleged participants in scheme that formed basis for claim in prior unsuccessful litigation).

Moreover, even if this Court's rulings on the motion to dismiss and the Recommendation do not dispose of this matter entirely, they may well serve to narrow the issues for discovery. It is consequently appropriate to stay discovery until it is clear how much, if any, of the Instant Complaint will survive.

A temporary stay of this nature will not prejudice the plaintiff. If the Court both denies the Defendants' motion to dismiss in this matter and rejects the Magistrate's Recommendation in

~BOST1:376140.v1

Bayad v. Chambers, Bayad will be free to pursue discovery with minimal delay. If, on the other hand, a stay is denied, Defendants will be forced to incur unrecoverable expenses responding to subpoenas and discovery requests that may well become moot.

### III. CONCLUSION

For the foregoing reasons, Defendants request that Bayad's motion for issuance of a subpoena be denied and that discovery in this matter be stayed until the Court rules on Defendants' motion to dismiss the Instant Complaint and on the Magistrate's Recommendation in Bayad v. Chambers.

Respectfully submitted,

CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DECAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

By their attorneys,

/s/ Bruce E. Falby
_____
Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  July 1, 2005