UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

           Plaintiff,

      v.

CISCO SYSTEMS, INC., BRUCE
BASTIAN, KATE DCAMP, LYNN
FRASER, CELIA HARPER-GUERRA, and
RICK JUSTICE,

           Defendants.

Civil Action No. 05-11005 GAO

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS AND INJUNCTION

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 11, defendants Cisco Systems, Inc. ("Cisco"), Bruce Bastian, Kate Dcamp, Lynn Fraser, Celia Harper-Guerra, and Rick Justice have moved for sanctions against plaintiff Anthony Bayad ("Bayad") for filing a frivolous action.

Bayad has brought claims in this action that are not only clearly barred by applicable statutes of limitation, but also substantially identical to claims already dismissed as time barred by this Court in prior litigation. Bayad's remaining claims are without good faith basis in fact or law. Defendants have been forced to expend significant time and resources to address Bayad's frivolous claims. They respectfully request that the Court sanction Bayad by awarding them their reasonable attorneys' fees incurred in defending against this action and in bringing this motion.

Meanwhile, Bayad has threatened to bring additional claims against defendants' counsel, which claims are also entirely without basis. To prevent further frivolous lawsuits, defendants

request that the Court also enjoin Bayad from filing additional complaints against Cisco, its employees, and its attorneys, without prior leave of the Court.

## BACKGROUND

On March 8, 2004, Bayad filed a complaint in the United States District Court for the District of Massachusetts against Cisco employees John Chambers, Anthony Savastano, and Carl Wiese, as well as Patricia Russo, an employee of Lucent Corporation.  See Affidavit of Bruce E. Falby ("Falby Affidavit") Ex. A, Complaint in Bayad v. Chambers, et al., No. 04-10468-GAO (D. Mass) ("Prior Complaint"); Falby Affidavit Ex. B, Memorandum and Order in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D. Mass) ("Bayad v. Chambers Order") at 1-4.

The Prior Complaint alleged claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract in violation of a variety of state and federal laws.  Prior Complaint ¶¶ 171-205; Bayad v. Chambers Order at 5-9. These claims supposedly derived from events that took place (1) while Bayad was employed by Lucent Technologies, Inc., from 1995 through 1997; (2) while Bayad was employed by Cisco Systems from April, 2000, through May 1, 2001; and (3) after Bayad's termination from Cisco Systems, including his attempts to apply for positions at Cisco Systems in the fall of 2003. Bayad v. Chambers Order at 2-4.

On October 25, 2004, this Court dismissed all claims arising from Bayad's employment at Lucent on res judicata grounds.[1]  Bayad v. Chambers Order at 5-6.  The Court also dismissed

---

[1] In 1997 Bayad filed suit in the Southern District of Florida against Anthony Sevastano and a number of others. Bayad v. Chambers Order at 5.  Bayad alleged the now-familiar claims of employment discrimination, false imprisonment, intentional infliction of emotional distress, defamation, and breach of contract based on events surrounding his employment and termination by Lucent.  Id.  Summary judgment entered for the defendants and Bayad's appeal was dismissed.  Id.

~BOST1:373711.v1
26573-15

as time barred all claims alleging violations of 42 U.S.C. § 1981 originating prior to March 8, 2000, and all claims for conspiracy and false imprisonment originating prior March 8, 2001. Id. at 8-9. The Court's Memorandum and Order clearly set forth the statutes of limitations governing Bayad's claims. Id. Finally, the Court disposed of Bayad's Title VII claims (because they were inapplicable to individual defendants, id. at 6); his state law discrimination claims (for failing to exhaust administrative remedies, id. at 7); and his intentional infliction of emotional distress and breach of contract claims (for failing to state a claim, id. at 9).[2]

On May 16, 2005, Bayad filed a second complaint in this Court, again asserting claims for employment discrimination, conspiracy, false imprisonment, intentional infliction of emotional distress, and breach of contract, all arising from Bayad's employment, termination, and subsequent attempts to seek employment at Cisco Systems. Falby Affidavit Ex. D, Complaint in Bayad v. Bastian, et al., Civil Action No. 05-11005-GAO (D. Mass) ("Instant Complaint") ¶¶ 74-113. The Instant Complaint names a different set of Cisco employees and Cisco itself as defendants, but is otherwise similar to the Prior Complaint.

On June 7, 2001, defendants moved to dismiss the Instant Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. On the same day they served Bayad with a copy of this motion, as required by Fed. R. Civ. P. 11(c)(1)(A). See Falby Affidavits Ex. E (Letter to Anthony Bayad) and Ex. F (Certificate of Service). As required by Rule 11, defendants will not file this motion unless within twenty-one days after service the Instant Complaint is not withdrawn or appropriately corrected.

---

[2] On May 25, 2005, Magistrate Judge Bowler recommended that summary judgment enter for the defendants on Bayad's remaining claims. See Falby Affidavit Ex. C, Report and Recommendation in Bayad v. Chambers, et al., Civil Action No. 04-10468-GAO (D.Mass).

# ARGUMENT:

"The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses. To achieve these goals, Rule 11 requires attorneys to take responsibility for the claims and defenses they represent; attorneys must make reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay." Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990) (internal citations omitted). Rule 11's requirements apply equally to attorneys and pro se litigants. Fed. R. Civ. P. 11(b) (Rule applies to "an attorney or unrepresented party"); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1998) ("pro se status does not insulate a party from complying with procedural and substantive law"). Sanctions are warranted when, applying an "objective standard of reasonableness," Cruz v. Savage, 896 F.2d at 632, a plaintiff's claims are found "to be frivolous, that is, either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." Id. As set forth below, Bayad's complaint is replete with frivolous claims, and, in most cases, the substance of those claims has already been addressed by this Court.

## A.    Bayad has Repeatedly Filed Claims Without Basis in Fact or Law.

### 1.    Bayad has Again Filed Multiple Claims Barred by the Applicable Statute of Limitations.

Despite having been advised of the applicable statutes of limitations by this Court in prior litigation, Bayad nonetheless filed a second complaint on May 16, 2005, containing numerous time barred claims. Filing repetitive, time barred claims of this nature is legally frivolous and sanctionable under Rule 11. Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1091 (3d Cir. 1988).

4

     **(a)**    **42 U.S.C. § 1981.**

In its order dismissing portions of the Prior Complaint, the Court unambiguously informed Bayad that claims under 42 U.S.C. § 1981 are subject to a four-year statute of limitations. <u>Bayad v. Chambers</u> Order at 8; <u>see also</u> <u>Jones v. R.R. Donnelley & Sons Co.</u>, ___ U.S. ___, 124 S.Ct. 1836, 1845-46 (2004). Nonetheless, Counts I, II, III, V, VII and VIII of the Instant Complaint allege violations of 42 U.S.C. § 1981 stemming from Bayad's employment at Cisco and his termination on May 1, 2001, events which took place more than four years prior to the May 16, 2005, filing of the Instant Complaint. Instant Complaint ¶¶ 76, 79, 81, 88, 97, 101.

     **(b)**    **42 U.S.C. § 1985 and State Law Conspiracy Claims.**

Similarly, the Court put Bayad on notice that claims for conspiracy under both state law and 42 U.S.C. § 1985 are subject to a three-year statute of limitations. <u>Bayad v. Chambers</u> Order, <u>supra</u>; <u>see also</u> <u>Nieves v. McSweeney</u>, 73 F. Supp. 2d 98, 102 n.4 (D. Mass. 1999), <u>aff'd</u>, 241 F.3d 46 (1st Cir. 2001). Again, however, this information fell on deaf ears. Counts II, III, IV, and VIII of the Instant Complaint allege violations of 42 U.S.C. § 1985 or state law conspiracy claims based on Bayad's employment at Cisco as well as on electronic mail messages circulated more than three years before the May 16, 2005 filing of the Instant Complaint, <u>i.e.</u>, prior to May 16, 2002. Instant Complaint ¶¶ 79, 84, 101.

     **(c)**    **State Law Tort Claims.**

Although informed of the three-year statute of limitations applicable to tort claims under Massachusetts law, <u>Bayad v. Chambers</u> Order at 9, <u>see also</u> Mass. Gen. Laws ch. 260, §§ 2a, 4, Bayad nonetheless asserted claims for defamation, false imprisonment, and intentional infliction of emotional distress based on events that took place during his May 1, 2001 termination from Cisco, as well as alleged defamatory acts that took place prior to May 16, 2002. Instant Complaint ¶¶ 96, 97, 104, 105, 107.

**2.    Bayad has Again Filed Discrimination Claims Under Massachusetts Law Without Exhausting his Administrative Remedies.**

The Court dismissed Bayad's state law discrimination claims in the Prior Complaint because he failed to timely file an administrative complaint with the Massachusetts Commission Against Discrimination ("MCAD").  Bayad v. Chambers Order at 7; see also Mass. Gen. Laws. ch. 151B, §§ 5-9; Carter v. Comm'r of Correction, 681 N.E.2d 1255, 1259 (Mass. App. Ct. 1997).  Bayad has again asserted multiple state law discrimination claims (based on the same conduct), Instant Complaint ¶¶ 79, 82, 91, 94, and has again given no indication that the proper administrative complaint has been filed.  Pursuit of a discrimination claim barred by a failure to exhaust administrative remedies is sanctionable behavior under Rule 11.  Soler v. Puerto Rico Tel. Co., 230 F. Supp. 2d 232, 238 (D.P.R. 2002).

**3.    Bayad's Remaining Claims Have No Good Faith Basis in Fact or Law.**

As defendants have explained in support of their motion to dismiss, Bayad's claims not specifically addressed above lack either a factual or a legal basis, or both.  To avoid repeating arguments already presented to this Court, defendants hereby incorporate their Memorandum in Support of Defendant's Motion to Dismiss, hereinafter "Dismissal Memorandum," Falby Affidavit Ex. G, into this motion.  To summarize the arguments set forward in that document: (a) Bayad's claims under § 1981 lack a factual basis for their allegations of discriminatory treatment (Dismissal Memorandum at 6-8); (b) Bayad's conspiracy claims under § 1985 fail to allege either state action or a factual basis for a conspiratorial agreement on the part of the defendants (Dismissal Memorandum at 8-9, 10); (c) Bayad's claims under Title VII (if he has in fact made any, see Dismissal Memorandum at 11) fail because he has neglected to file a charge with the Equal Employment Opportunity Commission (EEOC) and because the individual defendants are not subject to suit under that statute (id. at 11-12); (d) Bayad's claims for breach of contract fail because no contract existed between Bayad and the defendants (id. at 13); (e) the defamation claims that are not time barred do not involve "statements" within the meaning of Massachusetts law (id. at 14); and (f) the claims for violations of Mass. Gen. Laws ch. 149,

6

§ 52c, for violations of Mass. Gen. Laws ch. 266, § 120, and for retaliation have no legal basis (Dismissal Memorandum at 16-17).

The sheer quantity of baseless claims catalogued above makes it impossible to avoid the conclusion that Bayad "failed to discharge his Rule 11 obligations by . . . drafting, signing and filing a complaint which lacked any basis in fact or law." Bobe-Muniz v. Carribean Restaurants, Inc., 76 F.Supp.2d 171, 176 (D.P.R. 1999). "[I]t should have been clear to him, after proper investigation of the relevant facts and applicable law, that [his] position was factually and legally insufficient, and thus untenable." Id. Sanctions under Rule 11 are consequently warranted. Id.

## B.    Both Monetary and Injunctive Sanctions are Necessary.

Given the Court's rulings in the Bayad v. Chambers Order, Bayad "was in a position to know the claims [in the Instant Complaint] were unsupported by fact or law prior to bringing the[m]." Cruz v. Savage, 896 F.2d at 633. He brought them nonetheless, forcing the defendants to expend significant resources in response. Whether or not by doing so Bayad is "guilty of bad faith, of any conscious impropriety, or of intentionally engaging in vexatious conduct," id. at 634, he has unquestionably failed to meet Rule 11's objective standard of reasonableness, a standard that applies to attorneys and pro se litigants alike. Fed. R. Civ. P. 11(b). He should therefore be sanctioned. Cruz v. Savage, 896 F.2d at 634 ("good faith alone" not a defense to sanctions under Rule 11); see also Jones v. Soc. Sec. Admin., No. 03-12436-DPW, 2004 U.S. Dist. Lexis 25377, at *9-10 (pro se litigant subject to Rule 11 sanctions).

The purpose of sanctions under Rule 11 is to deter future violations. Fed. R. Civ. P. 11(c)(2). Including the suit in Southern District of Florida, see supra note 1 and accompanying text, the Instant Complaint represents the third attempt to bring the same set of claims against a related cluster of defendants. Bayad is now threatening to sue the defendants' attorneys on grounds that are patently frivolous. See Falby Affidavit Ex. H, Letter From Anthony Bayad. Given Bayad's demonstrated willingness to perpetuate and, if necessary, resurrect, baseless claims, defendants believe that at this stage both monetary and injunctive

7

sanctions are required to prevent this litigation from proliferating further.  See Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996) (monetary and injunctive sanctions warranted against pro se litigant who repeatedly filed frivolous lawsuits).  "Serious measures must be taken in order to underscore for [Bayad] that his repeated litigation of previously-dismissed claims must end."  Jones v. Soc. Sec. Admin, supra at *13-14.

Defendants request that monetary sanctions take the form of an award of reasonable attorneys' fees incurred in defending this action and in bringing this motion, the amount of which defendants are prepared to establish with affidavit testimony.  Defendants further request that Bayad be enjoined from filing further suits against Cisco, its employees, or its attorneys, without prior approval of this Court.  See id. at *19-20 (enjoining pro-se vexatious litigant from further filings absent leave of court pursuant to Rule 11).  "Although litigiousness alone will not support an injunction against a plaintiff, and . . . the use of such measures against a pro-se plaintiff should be approached with particular caution," Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), injunctive relief is warranted where a plaintiff, such as Bayad, repeatedly pursues frivolous claims.  See Gordon v. United States Department of Justice, 558 F.2d 618 (1st Cir. 1977) ("The law is well established that it is proper and necessary for an injunction to issue barring a party, such as appellant, from filing and processing frivolous and vexatious lawsuits").

## CONCLUSION

For the foregoing reasons, defendants request that they be awarded their reasonable attorneys' fees incurred in defending against this action and in bringing this motion. Defendants further request that the Court enjoin Bayad from filing further suits against Cisco, its employees, or its attorneys, without prior approval of this Court.

Respectfully submitted,

CISCO SYSTEMS, INC., BRUCE BASTIAN,
KATE DECAMP, LYNN FRASER, CELIA
HARPER-GUERRA, and RICK JUSTICE
By their attorneys,

/s/ Bruce E. Falby

Bruce E. Falby, BBO #544143
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
Telephone: 617.406.6000
Fax:        617.406.6100

Dated: June 7, 2005

9

~BOST1:373711.v1
26573-15