UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD,<br>   Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC., BRUCE<br>BASTIAN, KATE DCAMP, LYNN<br>FRASER, CELIA HARPER-GUERRA,<br>and RICK JUSTICE,<br>   Defendants. | CIVIL ACTION NO. 05-11005-PBS |

**ORDER RE: MOTION TO DISMISS (Docket No. 4)**

July 12, 2006

Saris, U.S.D.J.

After reviewing the submissions, the Court rules on Defendants' motion to dismiss (Docket No. 4) as follows:

1. Claims Under § 1981

*Pro se* Plaintiff, who has a degree in computer engineering from Wentworth Institute of Technology, is a Moroccan and an Arab. He asserts three claims under 42 U.S.C. § 1981, which Defendants argue is governed by a four-year statute of limitations. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382-83, 124 S. Ct. 1836 (2004). First, Plaintiff claims he was terminated from his employment at Cisco Systems, Inc. ("Cisco") and deprived of other benefits of employment because of his race and ethnicity. The complaint was filed on May 16, 2005 and Plaintiff was terminated on May 1, 2001. Therefore, all claims relating to his employment and the termination of his

employment are time-barred.

The other claims under § 1981 against Cisco and its employees arise from Bayad's unsuccessful reapplication for employment in September 2003 and Cisco's alleged refusal to do business with the consulting business Bayad formed in September 2001. These claims are not time-barred and are cognizable. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613, 107 S. Ct. 2022 (1987) (involving a claim by an Arab and holding that § 1981 was intended "to protect from discrimination identifiable classes of persons who are subject to intentional discrimination solely because of their ancestry or ethnic characteristics").

2. Claims Under § 1985(3)

Plaintiff claims that Defendants conspired to issue a discriminatory "no-hire" list which included his name and blocked his reemployment at Cisco in violation of § 1981. Plaintiff has produced a no-hire list, the authenticity and significance of which Defendants dispute, but I must assume its truth for the purposes of this motion. While the caselaw on point is sparse, some courts have held that claims under 42 U.S.C. § 1985(3) are governed by the statute of limitations of the forum state governing personal injury cases, in this case the three-year statute of limitations of Massachusetts. See, e.g., McDougal v. County of Imperial, 942 F.2d 668, 673 (9th Cir. 1991) (borrowing California's personal injury statute of limitations for § 1985(3)

claims); Nieves v. McSweeney, 73 F. Supp. 2d 98, 102 n.4 (D. Mass. 1999) (applying Massachusetts three-year statute of limitations to § 1985(3) claims), aff'd 241 F.3d 46 (1st Cir. 2001). I adopt the three-year statute of limitations. Therefore, Plaintiff's conspiracy claims arising from Bayad's employment at Cisco, his termination, and Cisco's alleged refusal to do business with Bayad's company prior to May 2002 are all time-barred. However, Plaintiff's claim that Cisco's employees conspired to deprive him of employment rights when they denied his application for re-employment in 2002 and refused to do business with him because of his race and ethnicity after May 2002, in violation of 42 U.S.C. § 1985(3), are not time-barred and state a claim.

    3.   The Court dismisses the claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Mass. Gen. Laws ch. 151B against all defendants because Plaintiff did not exhaust his administrative remedies. Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 221 (1st Cir. 1996).

    4.   The Court dismisses Counts II, IV, V, VII, XI, and XII because they are time-barred, fail to state a claim, or are incomprehensible as to the timing or the allegations supporting the cause of action.

    5.   Under the discovery order dated March 14, 2006, the deadline for all paper discovery was June 30, 2006, and any motion for summary judgment shall be filed by July 30, 2006. Any

opposition shall be filed within fourteen days.  The parties are reminded that any evidence submitted shall be under the pains and penalties of perjury, particularly with respect to the so called Cisco no-hire list.  If Plaintiff contends he needs a deposition, he shall file an affidavit under Fed. R. Civ. P. 56(f) to explain.

    6.   Plaintiff's motion for sanctions (Docket No. 25) is **DENIED**.

    **S/PATTI B. SARIS**
United States District Judge