ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE,<br><br>    Defendants. | CIVIL ACTION NO. 05-11005 GAO |

## ANSWER

Defendants submit this answer to the Complaint of Anthony Bayad. The Defendants respond to the allegations of the Complaint as follows:

1.    Paragraph 1 is descriptive only and requires no response. To the extent it contains factual allegations, the Defendants deny the allegations of paragraph 1 of the Complaint.

## JURISDICTION

2.    The allegations of paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations of paragraph 2 of the Complaint.

3.    The Defendants do not contest the jurisdiction of this Court.

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

4.	The allegations of paragraph 4 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the Defendants state that Plaintiff is not entitled to any of the relief he seeks.

5.	The allegations of paragraph 5 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the Defendants state that Plaintiff is not entitled to any of the relief he seeks.

## VENUE

6.	The Defendants do not contest that venue is proper in this Court.

7.	The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.	Defendants Bruce Bastian, Kate DCamp, Lynn Fraser, Celia Harper-Guerra, and Rick Justice admit that they work for Cisco.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint.

9.	The Defendants admit the allegations of paragraph 9 of the Complaint.

## ALLEGATIONS

10.	The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.	The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.	Upon information and belief, the Defendants admit the allegations of the first paragraph 12 of the Complaint.  The Defendants are without knowledge or

~BOST1:432184.v1
26573-15

information sufficient to form a belief as to the truth of the allegations of the second paragraph 12 of the Complaint.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, except the Defendants admit upon information and belief that Plaintiff received an overall job performance rating of "E" on his May 10, 2000, through January 31, 2001, performance review and that the language quoted in paragraph 13 appears on page 3 of that review.

14. Upon information and belief, the Defendants admit the allegations of paragraph 14 of the Complaint.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, except that they admit upon information and belief that Anthony Savastano is a Vice President of Finance for Cisco.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

~BOST1:432184.v1
26573-15

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

21. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, except that they admit upon information and belief that Anthony Savastano and Carl Wiese are executives with Cisco and John Chambers is the President and CEO of Cisco.

29. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, except that Fraser denies that Savastano provided her with any information about Bayad.

30. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

~BOST1:432184.v1
26573-15

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

31. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Fraser denies that Savastano communicated with her about Bayad. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Savastano communicated with Fraser. The Defendants deny conspiring against Bayad, either amongst themselves or in conjunction with any other party.

33. Fraser denies the allegations of paragraph 33 of the Complaint. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Fraser denies the allegations of paragraph 34 of the Complaint, except that she admits upon information and belief that Savastano is a Vice President of Cisco. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, except that they admit upon information and belief that Savastano is a Vice President of Cisco.

35. The Defendants deny the allegations of paragraph 35 of the Complaint concerning their interference with Bayad's certifications. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. Fraser denies the allegations of paragraph 36 of the Complaint, except that she admits upon information and belief that Savastano and Wiese are Vice Presidents of Cisco. The other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, except that they

~BOST1:432184.v1
26573-15

admit upon information and belief that Savastano and Wiese are Vice Presidents of Cisco.

37.  The Defendants deny that Cisco's policies regarding the CCIE exams are discriminatory and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 37 of the Complaint.

38.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41.  The Defendants deny that Cisco maintains or has maintained a discriminatory policy list targeting minorities in any form. Harper-Guerra denies that Savastano communicated with her about such a list. The other Defendants are without knowledge or information sufficient to form a belief regarding communications between Harper-Guerra and Savastano. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint.

42.  The Defendants deny the allegations of paragraph 42 of the Complaint.

43.  The Defendants deny the allegations of paragraph 43 of the Complaint.

44.  The Defendants admit that Bayad was terminated from Cisco on May 1, 2001, in conjunction with an economically motivated reduction-in-force. They further admit upon information and belief that the document attached as Exhibit 15 to the

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

Complaint represents a copy of a Cisco Time Tracker time sheet.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of the Complaint.

45. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, except they deny that Bayad's termination was not economically justified.

46. There is no paragraph 46 in the Complaint.

47. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48. The Defendants deny the allegations of paragraph 48 of the Complaint.

49. The Defendants deny the allegations of paragraph 49 of the Complaint.

50. The Defendants deny the allegations in the first sentence of paragraph 50 of the Complaint.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 50 of the Complaint.

51. The Defendants deny the allegations of paragraph 51 of the Complaint, except that Fraser admits that she participated in Bayad's termination.

52. The allegations in paragraph 52 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in paragraph 52.

53. The allegations in paragraph 53 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in paragraph 53.

~BOST1:432184.v1
26573-15

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

54. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55. The Defendants deny the allegations in the first sentence of paragraph 55 of the Complaint. The remaining allegations in paragraph 55 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in the remainder of paragraph 55.

56. The Defendants admit the allegations in the first sentence of paragraph 56 of the Complaint. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 56 of the Complaint.

57. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint, except that Fraser denies the allegations defaming Bayad or ever acting in conjunction with Savastano with respect to Bayad.

61. Fraser denies the allegations set forth in paragraph 61 of the Complaint, except she admits making the statements set forth in Exhibit 26 to the Complaint. The

~BOST1:432184.v1
26573-15

other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. The allegations in paragraph 62 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in paragraph 62.

63. The allegations in paragraph 63 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in paragraph 63.

64. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

65. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint.

66. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint.

67. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Bayad was the owner of the Global Internetworking Consulting Company. The Defendants deny the remainder of the allegations of paragraph 67 of the Complaint.

68. The Defendants deny the allegations of paragraph 68 of the Complaint.

69. The allegations in paragraph 69 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in paragraph 69.

~BOST1:432184.v1
26573-15

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

70. The allegations in paragraph 70 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in paragraph 70.

71. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

72. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Bayad could not find a job in his field. The remainder of the allegations in paragraph 70 of the Complaint do not require a response because the Court, by Order dated July 13, 2006, dismissed Bayad's claims arising out the conduct alleged in the remainder of paragraph 72.

73. The Defendants deny the allegations of paragraph 73 of the Complaint.

## "COUNT I"

74. The Defendants incorporate their responses to the allegations of paragraphs 1-73 of the Complaint as if fully set forth herein.

75. The Defendants deny the allegations of paragraph 75 of the Complaint.

76. The Defendants deny the allegations of paragraph 76 of the Complaint.

## "COUNT II"

77. The allegations in paragraph 77 of the Complaint do not require a response because the Court dismissed Count II as to all Defendants by Order dated July 13, 2006.

78. The allegations in paragraph 78 of the Complaint do not require a response because the Court dismissed Count II as to all Defendants by Order dated July 13, 2006.

79. The allegations in paragraph 79 of the Complaint do not require a response because the Court dismissed Count II as to all Defendants by Order dated July 13, 2006.

~BOST1:432184.v1
26573-15

## "COUNT III"

80. The Defendants incorporate their responses to the allegations of paragraphs 1-79 of the Complaint as if fully set forth herein.

81. The Defendants deny the allegations of paragraph 81 of the Complaint.

82. The Defendants deny the allegations of paragraph 82 of the Complaint.

## "COUNT IV"

83. The allegations in paragraph 83 of the Complaint do not require a response because the Court dismissed Count IV as to all Defendants by Order dated July 13, 2006.

84. The allegations of paragraph 84 of the Complaint do not require a response because the Court dismissed Count IV as to all Defendants by Order dated July 13, 2006.

85. The allegations of paragraph 85 of the Complaint do not require a response because the Court dismissed Count IV as to all Defendants by Order dated July 13, 2006.

## "COUNT V"

86. The allegations of paragraph 86 of the Complaint do not require a response because the Court dismissed Count V as to all Defendants by Order dated July 13, 2006.

87. The allegations of paragraph 87 of the Complaint do not require a response because the Court dismissed Count V as to all Defendants by Order dated July 13, 2006.

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

88. The allegations of paragraph 88 of the Complaint do not require a response because the Court dismissed Count V as to all Defendants by Order dated July 13, 2006.

89. The allegations of paragraph 89 of the Complaint do not require a response because the Court dismissed Count V as to all Defendants by Order dated July 13, 2006.

90. The allegations of paragraph 90 of the Complaint do not require a response because the Court dismissed Count V as to all Defendants by Order dated July 13, 2006.

91. The allegations of paragraph 91 of the Complaint do not require a response because the Court dismissed Count V as to all Defendants by Order dated July 13, 2006.

## **"COUNT VI"**

92. The Defendants incorporate their responses to the allegations of paragraphs 92 of the Complaint as if fully set forth herein.

93. The Defendants deny the allegations of paragraph 93 of the Complaint.

94. The Defendants deny the allegations of paragraph 94 of the Complaint.

~BOST1:432184.v1
26573-15

## **"COUNT VII"**

95.     The allegations of paragraph 95 of the Complaint do not require a response because the Court dismissed Count VII as to all Defendants by Order dated July 13, 2006.

96.     The allegations of paragraph 96 of the Complaint do not require a response because the Court dismissed Count VII as to all Defendants by Order dated July 13, 2006.

97.     The allegations of paragraph 97 of the Complaint do not require a response because the Court dismissed Count VII as to all Defendants by Order dated July 13, 2006.

98.     The allegations of paragraph 98 of the Complaint do not require a response because the Court dismissed Count VII as to all Defendants by Order dated July 13, 2006.

99.     The allegations of paragraph 99 of the Complaint do not require a response because the Court dismissed Count VII as to all Defendants by Order dated July 13, 2006.

## **"COUNT VIII"**

100.    The Defendants incorporate their responses to the allegations of paragraphs 1-99 of the Complaint as if fully set forth herein.

101.    The Defendants deny the allegations of paragraph 101 of the Complaint.

102.    The Defendants deny the allegations of paragraph 102 of the Complaint.

~BOST1:432184.v1
26573-15

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

### "COUNT IX"

103. The Defendants incorporate their responses to the allegations of paragraphs 1-102 of the Complaint as if fully set forth herein.

104. The Defendants deny the allegations of paragraph 104 of the Complaint.

105. The Defendants deny the allegations of paragraph 105 of the Complaint.

### "COUNT X"

106. The Defendants incorporate their responses to the allegations of paragraphs 1-105 of the Complaint as if fully set forth herein.

107. The Defendants deny the allegations of paragraph 107 of the Complaint.

### "COUNT XI"

108. The allegations of paragraph 108 of the Complaint do not require a response because the Court dismissed Count XI as to all Defendants by Order dated July 13, 2006.

109. The allegations of paragraph 109 of the Complaint do not require a response because the Court dismissed Count XI as to all Defendants by Order dated July 13, 2006.

### "COUNT XI" [sic]

110. The allegations of paragraph 110 of the Complaint do not require a response because the Court dismissed Count XI as to all Defendants by Order dated July 13, 2006.

111. The allegations of paragraph 111 of the Complaint do not require a response because the Court dismissed Count XI as to all Defendants by Order dated July 13, 2006.

~BOST1:432184.v1
26573-15

ATTORNEY WORK PRODUCT
7/24/2006 10:47 AM

## "COUNT XII"

112. The allegations of paragraph 112 of the Complaint do not require a response because the Court dismissed Count XII as to all Defendants by Order dated July 13, 2006.

113. The allegations of paragraph 113 of the Complaint do not require a response because the Court dismissed Count XII as to all Defendants by Order dated July 13, 2006.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff released or waived some or all of the claims in his Complaint.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

## FOURTH DEFENSE

Some or all of Plaintiff's Claims are barred by the doctrines of estoppel and laches.

## FIFTH DEFENSE

Some or all of Plaintiff's Claims are barred by the doctrines of res judicata and collateral estoppel.

~BOST1:432184.v1
26573-15

WHEREFORE, the Defendants respectfully seek dismissal with prejudice of Plaintiff's Complaint, an award of attorneys' fees, costs, and expenses, and such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, RICK JUSTICE, AND CISCO SYSTEMS, INC.
>
> By their attorneys,
>
> /s/ Matthew Iverson_____
> Bruce E. Falby (BBO #544143)
> Matthew Iverson (BBO #653880)
> DLA PIPER RUDNICK GRAY CARY US LLP
> 33 Arch Street, 26th Floor
> Boston, MA  02110-1447
> (617) 406-6000 (*telephone*)
> (617) 406-6100 (*fax*)

Dated:  July 24, 2006

I, Matthew Iverson, certify that I caused this document to be served upon Plaintiff Anthony Bayad by Federal Express on July 24, 2006.

> /s/ Matthew Iverson