UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

    *Plaintiff*,

v.

CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE,

    *Defendants*.

CIVIL ACTION NO. 05-11005-PBS

## DECLARATION OF RICHARD JOSEPH JUSTICE

I, RICHARD JOSEPH JUSTICE, declare, to be the best of my recollection, under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, the following:

1. I am a Senior Vice President of World Wide Sales for Cisco Systems, Inc. ("Cisco"). I have worked at Cisco since December 6, 1996.

2. I submit this declaration in support of the Defendants' Motion for Summary Judgment in connection with the captioned matter.

3. I can recall no involvement with and have no personal knowledge of the facts surrounding Anthony Bayad's employment with Cisco. I have no memory that Mr. Bayad ever worked at Cisco.

4. I cannot recall ever interacting in any way with Mr. Bayad.

5. My attorneys have provided me with a copy of a letter, dated November 29, 2000, that Bayad claims he sent to me. I do not recall having ever seen this letter.

BOST1\433091.1
26573-15

6.	I have no personal knowledge concerning, and do not recall having any involvement with, any decision regarding Mr. Bayad's employment with Cisco, the termination of his employment, or Mr. Bayad's alleged subsequent attempts to obtain re-employment with Cisco or employment elsewhere.

7.	My attorneys have provided me with a copy of an e-mail, dated February 18, 2002, that Mr. Bayad alleges I sent to a Cisco employee named Amado Navas. I do not recall sending this e-mail. My attorneys have also provided me with a copy of a second e-mail, dated February 19, 2002, that Mr. Bayad alleges a Cisco employee named Tushar Kothari sent to myself and several others. I do not recall receiving this e-mail. The subject matter of both e-mails was a message allegedly sent by Bruce Bastian to Amado Navas on May 30, 2001. I am not aware of any connection between that message and Mr. Bayad.

8.	My attorneys have provided me with a copy of an e-mail, dated September 26, 2002, that Mr. Bayad alleges was sent by a Cisco employee named Paul Mountford. I do not recall having seen this e-mail before and have no independent knowledge of its contents.

9.	My attorneys have provided me with copies of e-mails, dated December 3, 2003 and January 28, 2004, that Mr. Bayad alleges Cisco sent to him. I cannot recall having seen these e-mails before and have no independent knowledge of their contents.

10.	To my knowledge, Cisco does not, and never has, maintained a no-hire list targeting minorities as alleged by Mr. Bayad.

11.	My attorneys have provided me with copies of documents produced in the course of this litigation that I understand Mr. Bayad claims constitute a "no-hire" list. I

do not recall having seen these documents before. I have never placed nor instructed anyone to place Mr. Bayad's name on a "no-hire" list. I have never instructed anyone at Cisco not to hire, promote, or transfer Mr. Bayad.

12. I have no personal knowledge concerning, and cannot recall having any involvement with, any decision regarding Mr. Bayad's alleged attempts, on behalf of himself or anyone else, to foster any type of business relationship with Cisco or anyone else.

13. I cannot recall having ever communicated with any Cisco employee about Mr. Bayad prior to the filing of this lawsuit.

*Richard Joseph Justice*
Richard Joseph Justice

Dated: July 26, 2006

3

BOST1\433091.1
26573-1