IN THE UNITED STATES DISTRICT COURT FOR    THE DISTRICT OF
MASSACHUSETTS

ANTHONY BAYAD,                    )
                                  )
                                  )
    Plaintiff ,                   )            CIVIL ACTION
                                  )
                                  )            CASE NO. 05-11005PBS
                                  )
BRUCE  BASTIAN; KATE DCAMP )
CELIA HARPER-GUERRA;              )
RICK JUSTICE; CISCO SYSTEMS )
    Defendants,

---

"NOTICE PERJURY" – "FRAUD"  &  "RECONSIDER MOTION - DOCKET ENTRY # [ 25 ]"
PLAINTIFF'  MOTION DEMANDING **THE HONORABLE DISTRICT JUDGE TO TAKE
ACTION AS DEEMED AND APPROPRIATE BY  THE COURT  AS  MATTER OF LAW
IN THE INTEREST OF JUSTICE – IN THE INTEREST OF CIVIL RIGHTS- IN THE
INTEREST OF PRO SE- THE ARABS – THE MOROCCANS -THE MINORITIES –**

BACKGROUND

We can go no further.  Now, the  presiding district Judge,   Patti B. Sarris, now

has initiated her order dated July 12, 2006; see this Court docket Entry # 31, where "the

Cisco-No-Hire-List" " the Sensitivelist.xls" ( THE  " LIST")" - the list was  admitted as

it  authenticity as thru evidence, the  Cisco-No-Hire-List. The list,   which defendants

attorneys  have  contended - lied - introduced false statements under oath , when such

list existed and was used targeting Minorities employees and minorities business owners

called partners of Cisco, the list was used  on discriminatory ground, and such list then

it did not exist. See   Paula Hughes declaration ¶ 30 case No. 04-10468 ( D. Mass)

D.J. Sarris),  but now [t]hey admitted under oath that it does exist, again   under oath (it is

a shame). see  Cellia Harper-Guerra ' own declaration under oath , in docket Entry # 40

1

of case 05-11005PBS ( D. Mass) ( D.J. Sarris).

Additionally, The honorable District Judge Patti B. Sarris initiated an order. See Docket

Entry # 31 at page 2, and the  Order stated the following:

. _____  .

"               2.                **Claims Under 1985 (3)**

Plaintiff claims that Defendants conspired to issue a discriminatory " <u>no-hire</u>" <u>list</u>
which include his name and blocked his reemployment at Cisco in violation of §
1981. Plaintiff has produced a no-hire-list, the authenticity and significance of
which Defendants dispute, <u>but I ( Honorable Judge Patti B. Sarris) must assume its</u>
<u>truth for the purpose</u> . . . .    "

To cinch the matter. Here, when all the facts are straight forward, because the

Cisco-No-Hire List was served as precisely broken down and define for it used step by

step by Cisco, defendants, when in particular Cellia Harper Guerra ' own declaration

stated that the Cisco-No-Hire List,    ( 1) <u>the list is used to block employee(s) from re-</u>

<u>hire</u>, whom are all minorities and their names speaks for them selves, as Bayad,  and (2)

the Cisco No-Hire, <u>List is used to block minorities companies from doing business with</u>

<u>Cisco as Bayad, when</u> Defendants, Celia Harper-Guerra has volunteered  explaining  it,

that Cisco will only do Business with minorities own business -- partners of Cisco  as

Bayad, when and  only  when  the  company ' name  is  listed  as  it  is  tracked  by

Cisco  sale representatives, as it is stated in Plaintiff complaint Docket Entry # 1.  In

short,  when Cisco, the Defendants, whom are all Manager/owner/partner have explained

under oath at their own will, and such move has supported Plaintiff Bayad ' claim, the

claim of discrimination.   Further, this Court has held, with a regularity bordering on the

monotonous, that litigants  have "an obligation to spell out [their] argument/issues/facts

squarely and distinctly,  or else forever hold [their] peace." *United States  v. Zannino*,

895 F. 2d 1,  17 ( 1st Cir 1990) ( citations and internal  quotation marks omitted) ;

## ARGUMENT OF THE CASE

In Fraud cases, the " Colorable Claim" standard is more appropriate that the "

Smoking Gun" standard,  and both federal and Massachusetts Rule of Civil Procedure in

particular Rule 9(b) required that fraud and conspiracy to commit fraud and perjury be

pled with particularity. In *Matter of Neitlich*, 413 Mass. 416, 423 ( 1992) ( finding fraud

on Court where attorney[s] made false statement[s] with intent to deceive a Court.)

*In  Pearson*, 200 F.3d at 35 (applying " **colorable Claim**" test, rather than the " **Smoking**

**Gun**" standard.) There is no room in the profession of the law for those who commit

deliberate falsehood in Court.

## STATEMENT OF FACT

Be that as it may, this Court, the honorable Patti B. Sarris  has duty to take Plaintiff

Bayad (" Bayad") ' version of the facts, consistent with record support. see  *Pagano  v.*

*Frank*, 983 F. 2d 343, 347 ( 1st Cir. 1993) (In the interest fairness).   We turn now to the

order of the Honorable Patti B. Sarris, the district Court ' s final Order, dated **February**

**17, 2006**, Docket Entry # 135 Case **No. 04-10468PBS**, the  district Judge stated the

following:  see page 2 of such order

:_____.

   " One key piece of evidence which Bayad ( Plaintiff – Appellant) relies on is the
   so called Cisco-No-Hire-List, which defendants contend under oath is not
   authentic, given detailed reasons in support of that contention. ( **Hughes**
   **Declaration, ¶30**). While the record is thick and difficult to follow,  the magistrate
   Judge concluded that plaintiff provided no admissible evidence by affidavit or

otherwise to explain why there is reason to believe its authenticity or to support further discovery under Fed. R. Civ. P. 56 (f). Base on this record. . . ."

[W]e add coda. Now, comes the same attorneys Bruce Falby for the defendants Cisco, who have denied that the List, the so Called Cisco-No-Hire-List (" the list")- it did not even exist under oath and lied to the district Court and to the Appeal Court of the First Circuit of such fact, did so on the record- it is supported in the order of the Honorable Judge Patti B. Sarris as was taking from the defendants ' own declaration of Paula Hughes under pain and perjury , declaration ¶ 30 Case No. 04-10468 PBS ( D.Mass). That end matter. Here, the Same attorney Bruce Falby et, al., for the Defendants, Cisco Systems, [ now ] they introduced a declaration of Celia Harper-Guerra under pain and perjury, where they have admitted and even they went further Explaining the list and how it is used in detail – what they were using it for, the list, the discriminatory animus the so called the Cisco-No-Hire-List, that such list it block the employment of Minorities employees and minorities business owners as Bayad. However, now, it does exist under oath, under pain and perjury, that the list which defendant have once contended lied and produced false statements to both Court and in the book of law it calls perjury, see the criminal penal code , when Bruce Falby have been now caught committing perjury – lied under oath, that the Cisco-No-Hire List, it did not exist then and now [they] admitted it does exist under oath (it is a shame). see docket Entry # 40 of case 05-11005PBS ( D. Mass) ( D.J. Sarris). What is going on here. It is disturbing However, Defendants, Cisco, "DECLARATION OF CELIA HARPER", Docket Entry # 40 case No. 05-11005PBS ( D.Mass) (Patti B. Sarris), who

declared under pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, that the list,

the Cisco-No-Hire-List does exist as it is explained how it is utilized by Cisco, Defendant

Celia-Harper-Guerra ' own  Declaration under oath explained to us  the following : ( list

it telling us that we do block minorities from rehired as Bayad and we do not list

minorities as Bayad in such list and Cisco do not conduct business with people as Bayad '

company, small business owner, minority business owner)

_____ .

( Celia Happer-Guerra quoted under oath)
      "
### Cisco's Former No-Hire Policies

9.    In the past, and in the interest of fostering positive working relationships
      with companies that were its business partners, Cisco entered into
      partnership agreements and cooperative business arrangements with the
      business partners ( " the partners") that included Cisco ' s agreement not to
      recruit employees from its partners.

10.   To ensure that Cisco fulfilled its obligations not to engage in targeted
      recruiting efforts directed at its partners, Cisco provided to its employment
      recruiters various lists of Partners from whom Cisco agreed not to recruit ( "
      the Partners Lists"). It was part of my job responsibilities to maintain the
      Partner Lists.

11.   In the past, Cisco also entered into partnership agreements and business
      arrangements with offshore partner companies (  the " Offshore Partners")
      that included Cisco' agreement not to hire engineer employed by the
      Offshore Partners.

12.   Cisco agreed not hire engineers employed by its Offshore Partners in order
      to maintain the stability of its business projects.  Specifically, Cisco agreed
      no to hire any engineer who was working or had worked for an Offshore
      Partners, for a period of six (6) months after the engineer terminated his/her
      employment with the Offshore Partner. Cisco entered into agreement to
      avoid the high attrition rates its Offshore Partners had experienced and
      would experience if Cisco not agree not to hire their engineers.

13.   To ensure that Cisco fulfilled its obligations not to hire its Offshore Partners
      ' engineers, Cisco provided its employment recruiters with various lists of

engineers who were active employees of the Offshore Partners or had terminated their employment with the Offshore Partners within six month, and "were therefore ineligible for hire by Cisco ( the " Engineer Lists "). In this law suit, the Cisco Defendants produced to Mr. Bayad copies of the Engineer Lists, which are attached hereto as Exhibits A. . . . . ."

We end the case, when we can go no further, when the facts pointing out that Attorneys Bruce Falby et, al., committed  Perjury – contempt - fraud upon the Court and had been  preserved and it was availing. By its plain terms, Bayad  provided proof of such misconduct,  then and now,  and it is for this Court to take a proper action because there is no room in the profession of the law for those ( Attorneys) who have committed deliberately falsehood in Court, see *matter of Budnitz*, 425 Mass. 1018, 1019 ( 1997), quoting *Bar Ass'n of City of Boston  v.  Sleper*, 251 Mass. 6 20, 146 N.E. 269 ( 1925), and citing also Matter of *Spei, 10 Mass. Att'y Discipline Rep*. 246 ( 1994). ( an attorney ' making false statements and presenting false evidence to a martial master in the course of representing a client is an act which has resulted in a term suspension).  Thus, Bruce Falby et, al., [a]n attorney(s) ' making false statements and presenting false evidence to a marital master in the course of representing his  clients is an act which has resulted in a term suspension. *Budnitz*, 425 at 1019, citing *In Matter of Basnanes, S.J.C*. No. 96-029 BD ( July  18 1996) ( resulting in a term suspension). "[ F]raud on the Court. . . cannot complacently be tolerated. In  *Matter of MacCarthy*, 416 Mass. 423, 431 ( 1993) quoting *Hazel – Atlas Glass Co.  v.  Harford-Empire CO*., 323 **U.S**. 238, 246, 64 S.Ct. 997, 1001 ( 1944).

## CONCLUSION

The Honorable Patti B. Sarris, the district Court must reconsider Motion for

6

Sanction – Default - Docket Entry # 25, Motion for sanction,  and this district Court

does not limit it   power or the power of the  Honorable Patti B. Sarris, the district Court,

to entertain an independence action to enter judgment and relief on  all the claims

survived in the District Judge Order date July 12, 2006 or to set aside a judgment for

perjury and fraud upon the Court.

**RELIEF REQUESTED**

<u>**PUNITIVE DAMAGES**</u> **( Published by Dla Piper Rudnick Gray Carry  'official web site)**

• "The record are clear that federal race discrimination claims brought under Title 42
Section 1981 as well as claims brought under numerous state laws are not subject to **any  limits**,
A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste
Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in
*White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a
racially hostile work environment for over **ten years** and awarded the plaintiffs $4 million in
punitive damages on top of $1.2 million in compensatory damages. And Several recent cases
illustrate just how costly discrimination and harassment punitive damages can be;  also  In *Issa
v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive
damages after finding that a manager subjected the two drivers to ethnic harassment and
ridicule during their two years of employment at FedEx (June 2, 2006).  See In *Zubulake v. UBS
Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive
damages on her gender discrimination claims (April 6, 2005). . . . . etc"

1. **COUNT I RACE  DISCRIMINATION**

   Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record
   contains direct evidence exist supporting such claim, is evidence that established the
   existence of discriminatory intend behind the employment decision without the inference
   or the presumption. see *Santiago-Ramos   vs.   Centennial   P.R.   Wireless Corp.*, 217
   F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

   Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record
   contains direct evidence exist supporting such claim, is evidence that established the
   existence of discriminatory intend behind the employment decision without the inference

7

or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**3.**      **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**4.**      **COUNT VIII CONSPIRACY**

Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**5.**      **COUNT IX FALSE IMPRISONMENT**

Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**6.**      **RETALIATION ( NOT MASSACHUSETTS LAW )**

Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**WHEREFORE,** the Plaintiff respectfully seek relief on punitive and on all the

above claims, that survived defendants ' motion to dismiss ( docket No. 4 ), that stated

in the Order of the United States District Court, the honorable Patti B. Sarris, <u>as the court</u>

<u>deems and proper or by tier of fact or by jury</u> .

## CERTIFICATION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon

Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th,

Boston, MA 02110, by First class - U.S. Mail on August 3, 2006

Respectfully submitted

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

9