UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

    *Plaintiff,*

v.

CISCO SYSTEMS, INC., et al.,

    *Defendants.*

CIVIL ACTION NO. 05-11005-PBS

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR RECONSIDERATION

Plaintiff Anthony Bayad ("Bayad") has filed two similar pleadings (the "Motions," Docket Entries ##46-47)[1] that, according to their captions, request this Court to reconsider earlier decisions. Essentially, Bayad claims in both Motions that the Defendants submitted affidavits and exhibits in support of their Cross-Motion for Summary Judgment ("Defendants' Cross-Motion," Docket Entry #33) that confirm his theory that the Defendants have a concealed a discriminatory hiring policy.

Bayad's accusations are, and always have been, baseless. As set forth in the Defendants' Memorandum in Support of Defendants' Cross-Motion for Summary Judgment ("Defendants' Memorandum," Docket Entry #34), the Statement of Undisputed Facts ("Facts," Docket Entry #35), and the Declaration of Celia

---

[1] Docket Entry #46 is captioned "Notice of Fraud and Perjury & Appellant -- Plaintiff ' Motion Respectfully Requesting the Court to Clarify & Reconsider [It] Decision as [W]e Demand A Proper Action Upon Fraud Committed Upon the Court by Attorneys - Bruce Falby E, Al. & Relief Should Enter 'Sua Ponte on All Claims Stated in the Complaint." Docket Entry #47 is captioned "'Notice Perjury' -- 'Fraud' & Reconsider Motion - Docket Entry # [25]' Plaintiff' Motion Demanding the Honorable District Judge to Take Action as Deemed and Appropriate By the Court as Matter of Law in the Interest of Justice -- in the Interest of Civil Rights- in the Interest of Pro Se- the Arabs -- the Moroccans -the Minorities --."

Harper-Guerra ("Harper-Guerra Declaration," Docket Entry #40), to avoid injuring its business partners, Cisco Systems, Inc. ("Cisco") agreed for a time not to hire some of its partners' employees.[2] Defendants' Memorandum at 4; Facts ¶ 48; Harper-Guerra Declaration ¶¶ 9-14. Cisco maintained lists of those employees that it had agreed not to hire. Id. Cisco provided copies of these lists to Bayad in conjunction with its pretrial disclosures. Affidavit of Matthew Iverson ¶ 8 & Tab G ("Iverson Affidavit," Docket Entry #36). The "No-Hire List" Bayad submitted with his Complaint, however, appears fabricated: it includes a specific reference to Bayad not added by any Cisco employee.[3] Defendants' Memorandum at 4; Facts ¶¶ 48-49; Harper-Guerra Declaration ¶¶ 15-17. In any case, neither the authentic lists nor the version that Bayad submitted are facially discriminatory. There are consequently no grounds for relief.[4]

---

[2] Bayad has neither opposed the Defendants' Cross-Motion nor contested the Facts.

[3] Bayad's version of the "No-Hire List" remains unauthenticated. See Defendants' Opposition to Plaintiff's Motion for Summary Judgment at 1-2 ("Defendants' Opposition," Docket Entry #44).

[4] To the extent that the Motions seek a judgment on the various counts of the Complaint, judgment should be denied for the reasons set forth in the Defendants' Cross-Motion and the Defendants' Opposition.

2

## **CONCLUSION**

For the foregoing reasons Plaintiff's Motions should be denied.

                Respectfully submitted,

                CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DECAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

                By their attorneys,

                /s/ Matthew Iverson
                Bruce E. Falby (BBO #544143)
                Matthew Iverson (BBO #653880)
                DLA PIPER RUDNICK GRAY CARY US LLP
                33 Arch Street, 26th Floor
                Boston, MA  02110-1447
                (617) 406-6000 (*telephone*)
                (617) 406-6100 (*fax*)

Dated:  August 17, 2006

CERTIFICATION OF SERVICE / Federal Express
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by [hand/mail/fax] on 8/17/06

BOST1\436527.1
26573-15