UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,                    )
                    Plaintiff,   )
                                 )    C.A. No. 05-11005-PBS
        v.                       )
                                 )
                                 )
BRUCE BASTIAN, ET AL.,           )
                    Defendants.  )


PROCEDURAL ORDER

SARIS, D.J.

    On September 8, 2006, this Court issued an electronic Order

granting the Defendants' Motion to Strike Plaintiff's Notice of

Subpoena (#51).  However, the Order also stated: "... Mr. Bayad

may have the right to depositions.  He shall discuss with the pro

se staff attorneys how to properly serve a subpoena.  Also, he

shall explain to me why he needs six individuals' deposition,

person-by-person."

    Subsequent to that Order, Plaintiff was provided with

information concerning Fed. R. Civ. P. 45 governing the issuance

of subpoenas, and was also provided with information concerning

per diem witness fees and other expenses associated with the

issuance of a deposition subpoena.  Thereafter, on September 13th

and September 14th, Plaintiff contacted the Court by telephone,

advising of his dissatisfaction with the Court's Order to show

cause why further discovery is necessary.  Those conversations

with Court personnel were reported to be of a hostile nature.

Plaintiff is warned that hostile or agitated communications with

Court personnel will no longer be tolerated, and he is instructed that any further communications with this Court shall be made in writing and shall become part of the public records of this Court.  Failure to comply with this directive may result in the imposition of sanctions, including monetary sanctions and/or dismissal of this action.

Based on the Plaintiff's recent telephonic communications with this Court, it appears that Plaintiff has not entirely understood what is required of him in connection with his request to conduct further discovery.[1]  Accordingly, in an effort to provide Plaintiff with a meaningful opportunity to file a response to the September 8th electronic Order prohibiting deposition discovery unless Plaintiff explains why he needs such discovery, it is hereby FURTHER ORDERED that:

1.  By no later than <u>October 4, 2006</u>, Plaintiff Bayad shall file a document entitled "Response to Court Order re: Subpoena Request" ("Response").  That pleading shall be no longer than ten (10) double-spaced pages in length.

---

[1]The Court deems such request is made pursuant to Fed. R. Civ. P. 56(f), which provides:

> (f) **When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f)

2.   Plaintiff shall set forth in his Response the following:

    a)   the name and address of each person he wishes to depose, and whether such person is a party or non-party to this action;

    b)   the specific issue he intends to inquire about with respect to each person he seeks to depose (*e.g.,* the Cisco No-Hire list), and a brief statement why each proposed witness has relevant information on that issue(s);[2]

    c)   the proposed place of deposition of each witness (if he has one);

    d)   the proposed length of deposition for each witness;

    e)   a brief explanation why the information cannot be obtained through written interrogatories or by a deposition by written questions for each deponent;

    f)   whether Plaintiff is prepared to bear the costs of each proposed deposition, and to pay the *per diem* and travel expenses of each deponent, pursuant to 28 U.S.C. § 1821; and

    g)   Plaintiff shall serve a copy of the Response on counsel for the Defendants.

3.   By no later than <u>October 30, 2006</u>, the Defendants shall file any Opposition or Response to Plaintiff's Response, which shall include proposals for setting parameters of any deposition discovery which this Court might permit (*i.e.,* place of deposition, length of deposition, who may be present at any deposition, costs of deposition, and any estimated expenses for each deponent which might be incurred pursuant to 28 U.S.C. § 1821).

---

[2]Many of Plaintiff's claims have been dismissed by prior Order of this Court. <u>See</u> Order (#31).  This Court will not entertain any request for discovery with respect to dismissed claims.  Plaintiff's Response should be directed solely to the remaining claims and those matters raised in the Defendants' Motion for Summary Judgment.

4.  No further discovery shall be permitted pending further
    Order of this Court.


SO ORDERED.


                                    /s/ Patti B. Saris
                                    PATTI B. SARIS
                                    UNITED STATES DISTRICT JUDGE


Dated: September 14, 2006