IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| Plaintiff , ) | CIVIL ACTION |
| ) | |
| ) | CASE NO. 05-11005PBS |
| ) | |
| BRUCE BASTIAN; KATE DCAMP ) | |
| CELIA HARPER-GUERRA; ) | |
| RICK JUSTICE; CISCO SYSTEMS ) | |
| Defendants, | |

**RESPONSE TO COURT ORDER RE: SUBPOENA REQUEST**

" The very essence of Civil liberty is the right of "every individuals" to claims the protection of the laws, whenever they receive an injury" John Marshal & " Justice, though due to the accused, is due to the accuser also" Benjamin N. Cordozo

**Plaintiff statement to the honorable Patti B. Sarris**
(Please refer to the complaint Docket Entry # 1)

Your honor, I have not done any thing wrong to no one, when the long records speak for its selves, where its show that Tony Savastano and Carl Wiese ( 04-10468PBS – D. Mass) have discriminated against me in three ( 3) companies, Lucent Technologies – International Network Services – and now Cisco Systems , have exercised their racist believe on me in criminal way and the District Attorney of Pinellas county of Florida turned his back and did not want to allow me to press charges because they are connected in Florida ( AT&T). These two individuals ( Wiese and Savastano) are owners of Lucent Technologies Inc., then they become owners of International Network Services. They did not rest, have also followed me to Cisco Systems Inc., as they

1

are owners/partners of Cisco Systems. See *Serapio vs. Martinez*, 119 F 3.d 982, 990 ( 1st Cir. 1997), cert. Denied, 118 S.Ct. 690 ( 1998) ( an individuals are owner[s] when showing have ownership in organization, receives compensation based on its profits, and participate in managing the organization would qualify as an "owner" or "partner"); in similar decision in *Stroller vs Marsh*, 682 F. 2d. 971, 972 ( D.C.Cir. 1982). The district Court of Columbia Circuit of Appeal ruled: " [a]n unfavorable employment decision resulting from inaccurate, discriminatorily motivated evaluation by the employee' s violated the statue clause even though the decision maker was completely free of animus." ( and) " when a supervisor . . . deliberately places an inaccurate, discriminatory evaluation into an employee file, he intends to cause harm to the employee . . .[T]he employer – that is, the organization as a whole cannot escape the statue clause of discrimination ( Title VII similar Section 1981- 1985) and its liability simply because the final decision maker was not personally motivated by final decision maker was not personally motivated by discrimination." 682 F. 2d at 977. ( also) in *Cariglia vs. Hertz Equipment Rental Corp.*, 363 F. 3d 77 ( 1st Cir. 2004), it was defined in Massachusetts that " [a]n employers is liable under the discrimination clause Title 42 Section 1981 & 1985), When discrimination animus of one or more employee affects or causes the decision to terminate ( or to block the re-employment), even the decision was made neutral of decision makers." ( also) the fifth Circuit held that: " Decision animus of a manager can be input to the ultimate decision maker if the [manager] . . .had influenced or leverage over the decision-making." See *Laxton vs. Gap Inc.* , 333 F. 3d 572, 584

2

( 5<sup>th</sup>Cir. 2003), and *Russel vs. Kinney Hosp. Venture*, 235 F. 3d 219, 226. Hence, it is well established and it is proper to input these defendants in the above caption matter and in case 04-10468PBS ( D. Mass) – their discriminatory attitudes to the formal decision makers, the company Cisco Systems Inc. See *Abramson vs. William Paterson Coll.*, 260 F. 3d 265, 285-286 ( 3 rd Cir. 2001). In addition, you Honor, Patti B. Sarris, the honorable Chief Magistrate Judge *Charles B. Swatwood* presided in case 04-cv 40146-FDS and ruled that plaintiff[s] were permitted to show defendants past history/motive/intend of discrimination. Please see page 4 of such case. Also, in *Jackson vs. Harvard*, 11 F.R.D. 472, 475 ( D. Mass. 1986) ( Garrity, D.J); see *United States vs. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 413 ( D. Mass) ( evidence of how organization treated plaintiff is relevant with respect to his discrimination claims); also *Gleen vs. Williams,* 209 F.R.D. 279, 282 ( D.D.C. 2002) ( similar act of discrimination is admissible). Therefore, your honor, Patti B. Sarris, as it is stated in my complaint I proved my case, have proved my rights were violated in both cases, the above caption matter and last case 04-10468PBS ( D. Mass). But, the reason I am still fighting for my rights is because I am a Moroccan of origin and Bruce Falby et, al., had advised me that the reason my rights is not going to be provided to me is not because I am proceeding *Pro Se* – knowingly Courts promote Justice and admire citizen who proceed in civilize way and pursue justice accordingly to our traditional laws and our well respected constitution, but because of my race and I swear to you that I am not getting a right of a trial by Jury.; see the 7th amendment of U.S constitution. If that the case, then Washington should be

and will be notified and can draft a new laws that prohibit citizens with ARAB RACE of this land from pursuing justice as ARABS have no rights in this land, the United States of America, and the justice systems and court ' doors are only open and only for white people as Bruce Falby et, al. has told me, respectfully. At last, your Honor, I believe that I am Blessed because I do not have any sin as I have never committed any, and for that I know that "<u>when God appraise me there is no defeat to me</u>", as **God** loves justice, from Mosses to David to Isaiah, the giant of the old testament reflect this: **Jesus** carried forward the prophets **Justice** theme in his ministry on earth. " **In the Sermon** on the mount, **Jesus** twice refers to justice." **In Matthew 5: 6**, he says, " Happy are those who hunger and thirst for what is right." And in **verse 10:** " Happy are those who are persecuted in the cause of doing right." <u>Justice we shall pursue</u>. God bless the men and women of the highest honor and integrity of the U.S. Court of the First Circuit and in particular, <u>Hon. Michael Boudin</u>, <u>Hon. Juan R. Torruella</u>, <u>Hon. Mark L. Wolf</u>, <u>Hon. George A. O'Toole</u>, and <u>Hon. Patti. B. Sarris</u>, and God bless the men and women of the highest integrity that I did not mentioned.

1. **RESPONSE TO THE ORDER**

By no later than October 4, 2006, I shall file a document entitled " Response to Court Order re: Subpoena Request" ( "Response"). That pleading shall be no longer that then (10) pages double pages in length. I complied with such directive.

a. **NAME AND ADDRESSES OF EACH PERSON TO BE DEPOSE**

" **Defendant**" <u>Cisco Systems Inc.</u>, "its owners", ( 1) Mr. Carl Wiese the founder

and the architect of race discrimination of the above caption matter, (2) Mr. Anthony Savastano the founder and architect of race discrimination of the above caption matter, ( 3) Lynn Fraser ( owner – partner & defendant & a guardian and agent for Carl Wiese and Savastano ), (4) Cellia Harper- Guerra ( owner – partner & agent and guardian / admin. for Cisco-No-Hire List), ( 5) Rick Justice (owner – partner & defendant & the presiding of the Cisco-No-Hire-List), ( 6) Kate Dcamp ( owner – partner & defendant & agent and guardian of Carl wise and Savastano & she entertain the classification of race in employment selection process) their addresses is : **"Cisco Systems Inc., 1 Boston Place, 201 Washington Street, 36 Floor, Boston, Massachusetts 02108."**

."_____.

"**A witness**" and legal expert witness to be depose , Attorney - member of Massachusetts Bar association, Mr. David J. Sales, his address Searcy Denny Scarola Barnahart & Shipley, P.A., 2139 Palm Beach Boulevard, West Palm Beach, Florida 33409-6601, and Mr. Sales has surveillance video tapes from Savastano and Wiese, Lucent Technologies, the criminal act conducted upon me at Lucent Technologies that destroyed my health and my life and Mr. Sales will provide his 3 years finding as he was involve that will aid the Court -  the past history intent of discrimination.

b. **SPECIFIC ISSUE TO INQUIRE ABOUT WITH RESPECT TO EACH PERSON**

The issue to be inquired is found in the complaint Docket Entry # 1 that contains about 27 Exhibits that support the race discrimination and have been admitted by Bruce Falby et. al., and these depositions is to  review of defendants ' own  declarations that

contains lies. Additionally, as stated in the complaint each defendants have played a major role in this discrimination case against me, and what the deposition will affirm is that every thing that the army of attorneys Falby et. al., have introduced are lies and jokes served to insult me and the Court. However, I cannot in this document state what is going to be asked nor what is going to be shown to them. Deposition is a process that is conducted under oath and it is served to show to the jury what they have said and have done to me. Sorry, your honor I am not going to give them the answered but we need to trust the system. I WILL ENTERTAIN THE QUESTIONS BASED ON THE CLAIMS THAT SURVIVED JULY 12 Of YOUR ORDER, YOUR HONOR – AND THE QUESTIONS ALSO WILL BE BASED OF THE DISCRIMINATION OF THE PAST HISTORY- MOTIVE- INTEND, AND TO ADMIT THE EVIDENCE OF THE COMPLAINT AND THIS INCLUDE THE Cisco-No-Hire-List and others . . . .

b. **THE PROPOSED PLACE OF DEPOSITION**

The proposed place for deposition is going to be very close to Cisco Office downtown Boston, not far than quarter mile radius of the address of Cisco Systems, 201 Washington Street, Boston Ma 02108.

d. **THE PROPOSED LENGTH OF DEPOSITION**

Time is asked to be allowed to the fairness to the defendants whom are all enjoying the American dreams and have family to go to, such time will be business hours from 8 AM and must end no later to 5 PM , Monday thru Friday, unless Counselor suggest otherwise as I am unemployed and I have no family to go to, and such Counselor if he

6

want the deposition to be conducted weekend ( doubt it that 's the case), I am ok with it, or Counselor wanted to conduct the deposition in Europe I am also open to that. What ever Counselor want, I can accommodate in fairness of the parties.

e.   **INTERROGATORIES V. DEPOSITION**

Your Honor, The record speaks for it self we took that route and all we get is falby et. al objecting and objecting, and there is question limitation according to Bruce Falby et, al. to 25 question and I tried it and did not work. Moreover, Bruce Falby et, al have stated once that interrogatories are only for lawyers served as billable hours and he also stated as he was quoted " I wipe my ass with your written interrogatories – we are going to file motion to dismiss and get a life". However, the information that is to be presented and is going to be inquired is overwhelmed and the solution to that is to allow depositions to go forward as matter of right in the interest of justice and for Pro Se precedence. You honor, I just want to prove my case to you and to the Court what they have done to me and what they have introduced to the Court is perjury and fraud.

e.   **COST BEARING OF EACH DEPOSITION PURSUANT  28 U.S.C. SECTION 1821**

Your Honor, I have not worked for quite some times and it is adding up to about 10 years and I am disable from my career and I have no saving – no retirement to fall on I have nothing personally. But, I have many friends and family members whom are willing to help me in such process. I am committed for the fight of my rights and the fight to restore my honor and the fight that will sent a message to other rich and well connected that when you discriminate against people like me once in Florida as

Lucent Technologies and you are able to walk free from any liability, then you need not to keep going as they have done with me, here at Cisco Systems. However, I am bearing the cost for the depositions and Falby et, al., needs to know that I am not flying any one from – to his or her house or his mansion as they are not witness but <u>defendants and own properties in Massachusetts and own Cisco and as owners they registered to do business in Massachusetts</u> and the discrimination occurred in Massachusetts. Also, if Bruce Falby wants me to fly defendants from –to their houses – or mansions located in Florida – Switzerland or any where else in the world. It t will be abuse of power served as defense to avoid deposition something that he promised to his clients with high price that will not occur. I still will be more glad to do it for him as he needs to pay for his own tickets. Also, he needs to read the complaint in particular the Jurisdiction section because I am not suing base on <u>diversity of Citizenship another word I am not using the Massachusetts long arm statue</u>, and the attorneys need to read section 28 U.S.C. Section 1821, where lets not forget the individuals that are going to be depose are <u>Cisco Systems owners and Defendants in this above caption matter</u>. Absolutely not witness in this litigation. Again, I am open to any suggestion and I can also be helpful by providing lunches and drinks and limo services and the $40.00 to the millionaires, the well connected, Cisco Systems, defendants.

f. **Plaintiff Shall serve a copy to the response on counselor for the defendants.**

Please see the Certification of Service at last page.

### RELIEF REQUESTED

8

**PUNITIVE DAMAGES** ( Published by Dla Piper Rudnick Gray Carry 'official web site)

- "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs $4 million in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two drivers to ethnic harassment and ridicule during their two years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . etc"

1. **COUNT I RACE DISCRIMINATION**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

    Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

    Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5.  **COUNT IX FALSE IMPRISONMENT**

Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6.  **RETALIATION ( NOT MASSACHUSETTS LAW )**

Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**WHEREFORE**, the Plaintiff respectfully seek relief on punitive and on all the above claims, that survived defendants ' motion to dismiss ( docket No. 4 ), that stated in the Order of the United States District Court, the honorable Patti B. Sarris, <u>as the court deems and proper or tier of fact or by jury</u>.

### CERTIFICATION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, by First class - U.S. Mail on September 26, 2006.

Respectfully submitted

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,            )
         Plaintiff,       )
                          )   C.A. No. 05-11005-PBS
     v.                   )
                          )
                          )
BRUCE BASTIAN, ET AL.,    )
         Defendants.      )

PROCEDURAL ORDER

SARIS, D.J.

On September 8, 2006, this Court issued an electronic Order granting the Defendants' Motion to Strike Plaintiff's Notice of Subpoena (#51). However, the Order also stated: "... Mr. Bayad may have the right to depositions. He shall discuss with the pro se staff attorneys how to properly serve a subpoena. Also, he shall explain to me why he needs six individuals' deposition, person-by-person."

Subsequent to that Order, Plaintiff was provided with information concerning Fed. R. Civ. P. 45 governing the issuance of subpoenas, and was also provided with information concerning per diem witness fees and other expenses associated with the issuance of a deposition subpoena. Thereafter, on September 13th and September 14th, Plaintiff contacted the Court by telephone, advising of his dissatisfaction with the Court's Order to show cause why further discovery is necessary. Those conversations with Court personnel were reported to be of a hostile nature. Plaintiff is warned that hostile or agitated communications with

Court personnel will no longer be tolerated, and he is instructed that any further communications with this Court shall be made in writing and shall become part of the public records of this Court. Failure to comply with this directive may result in the imposition of sanctions, including monetary sanctions and/or dismissal of this action.

Based on the Plaintiff's recent telephonic communications with this Court, it appears that Plaintiff has not entirely understood what is required of him in connection with his request to conduct further discovery.[1] Accordingly, in an effort to provide Plaintiff with a meaningful opportunity to file a response to the September 8th electronic Order prohibiting deposition discovery unless Plaintiff explains why he needs such discovery, it is hereby FURTHER ORDERED that:

1. By no later than <u>October 4, 2006</u>, Plaintiff Bayad shall file a document entitled "Response to Court Order re: Subpoena Request" ("Response"). That pleading shall be no longer than ten (10) double-spaced pages in length.

---

[1]The Court deems such request is made pursuant to Fed. R. Civ. P. 56(f), which provides:

> (f) **When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f)

2

2.  Plaintiff shall set forth in his Response the following:

    a)  the name and address of each person he wishes to depose, and whether such person is a party or non-party to this action;

    b)  the specific issue he intends to inquire about with respect to each person he seeks to depose (*e.g.*, the Cisco No-Hire list), and a brief statement why each proposed witness has relevant information on that issue(s);[2]

    c)  the proposed place of deposition of each witness (if he has one);

    d)  the proposed length of deposition for each witness;

    e)  a brief explanation why the information cannot be obtained through written interrogatories or by a deposition by written questions for each deponent;

    f)  whether Plaintiff is prepared to bear the costs of each proposed deposition, and to pay the *per diem* and travel expenses of each deponent, pursuant to 28 U.S.C. § 1821; and

    g)  Plaintiff shall serve a copy of the Response on counsel for the Defendants.

3.  By no later than <u>October 30, 2006</u>, the Defendants shall file any Opposition or Response to Plaintiff's Response, which shall include proposals for setting parameters of any deposition discovery which this Court might permit (*i.e.*, place of deposition, length of deposition, who may be present at any deposition, costs of deposition, and any estimated expenses for each deponent which might be incurred pursuant to 28 U.S.C. § 1821).

---

[2] Many of Plaintiff's claims have been dismissed by prior Order of this Court. <u>See</u> Order (#31). This Court will not entertain any request for discovery with respect to dismissed claims. Plaintiff's Response should be directed solely to the remaining claims and those matters raised in the Defendants' Motion for Summary Judgment.

4.  No further discovery shall be permitted pending further Order of this Court.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2006