UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

     *Plaintiff*,

v.

CISCO SYSTEMS, INC., et al.,

     *Defendants*.

CIVIL ACTION NO. 05-11005-PBS

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S RESPONSE TO COURT ORDER

Plaintiff Anthony Bayad ("Bayad") seeks the Court's permission to depose six employees of Cisco Systems, Inc. ("Cisco"). Bayad's request should be denied for three independent reasons. First, Bayad has violated this Court's Procedural Order dated September 14, 2006 (Docket Entry #58) requiring him to justify his request for depositions with specific information. Second, Bayad has not demonstrated, and cannot demonstrate, that depositions are necessary in order for this Court to rule on Defendants' pending Motion for Summary Judgment, which is ripe for resolution. Third, Bayad's documented past behavior threatening Cisco's employees and its attorneys warrants denial of his request to depose any witnesses at any location for any length of time.

## BACKGROUND

This is the second lawsuit Bayad filed against Cisco employees. The first lawsuit, Bayad v. Chambers, et al., Civ. No. 04-10468-PBS ("Bayad I") was dismissed on summary judgment, in February 2006, and the First Circuit Court of Appeals affirmed the Court's Order in July 2006. See Judgment dated July 24, 2006, attached at Tab A hereto.

Bayad filed the instant action in May 2005.  In July 2006, the Defendants cross-moved for summary judgment.  See Defendants' Cross-Motion for Summary Judgment (the "Cross-Motion," Docket Entry #33).  Bayad did not oppose the Cross-Motion, but rather attempted to issue subpoenas for depositions.  This Court struck the subpoenas and ordered Bayad to submit a "Response to Court Order re:  Subpoena Request" ("Response") showing why depositions were necessary.  Procedural Order dated September 14, 2006 (the "Order," Docket Entry # 58).  The Court directed Bayad to provide six categories of information:

1)      the identities of the persons Bayad wished to depose;

2)      with regard to each person, the "specific issue" about which Bayad wished to inquire, as well as "a brief statement why each proposed witness has relevant information on that issue(s)";

3)      the proposed place of the depositions;

4)      the proposed length of the depositions;

5)      an explanation of why Bayad could not obtain the information sought through written discovery; and

6)      whether Bayad was prepared to bear the costs of the depositions and travel costs of each deponent.

On September 27, 2006, Bayad filed his Response (Docket Entry #60).  In it, he requests permission to depose two non-party Cisco employees, Carl Wiese and Anthony Savastano, and four defendant Cisco employees, Lynn Fraser, Celia Harper-Guerra, Rick Justice, and Kate DCamp.[1]  However, Bayad has neither identified any specific issues about which he wishes to inquire, nor included statements why each witness has relevant

---

[1]     Bayad also asked to depose his former attorney, David Sales, regarding videotapes of Bayad's termination by Lucent Technologies in the late 1990s.  Response at 5.  The circumstances of Bayad's termination from Lucent are irrelevant to this litigation, and Sales, who resides in Florida, has informed Defendants' counsel  that he does not possess the videotapes to which Bayad refers.

BOST1\445378.2
26573-15

information on that issue.  Moreover, he offers no credible explanation of why he could

not have obtained any relevant information through written discovery.

## ARGUMENT

**1.    Bayad's Violation Of This Court's Procedural Order Warrants Denial Of His Request.**

In violation of this Court's Procedural Order dated September 14, 2006, Bayad

has failed to identify any specific issues he wants to address during depositions or to

provide the required statement as to why these witnesses have relevant information.  The

fact is that Bayad cannot provide this requested information because these witnesses have

no relevant knowledge or information about any issues as to which there is any genuine

dispute.  Similarly, Bayad gives no reasoned explanation as to why he could not have

obtained the information he seeks in depositions through written discovery.  This Court

allowed Bayad to conduct written discovery until June 30, 2006.  See Order dated March

14, 2006, attached at Tab B hereto.  Bayad's claim that he "tried [interrogatories] and

[they] did not work," Response at 7, is blatantly false.  **Bayad did not serve a single**

**written discovery request throughout the pendency of this lawsuit.**  Given Bayad's

failure to comply with the Order and inability to articulate what he hopes to gain by

conducting oral depositions, his request to depose witnesses should be denied.

This Court indicated that it would treat Bayad's request for depositions as one

made pursuant to Fed. R. Civ. P. 56(f).  Order at 2, n.1.  Therefore, in order to prevail in

his request, Bayad "must make a sufficient proffer that 1) is 'authoritative,' 2) is

'advanced in a timely manner,' 3) 'shows good cause for the failure to have discovered

the facts sooner,' 4) 'sets forth a plausible basis for believing that specified facts,

susceptible of collection within a reasonable timeframe, probably exist,' and 5) "indicates

3

how the emergent facts, if adduced will influence the outcome of the pending summary judgment motion." USS Corp. v. Modern Cont'l Const. Co., Inc., 2002 U.S. Dist. Lexis 15553 *22-23 (Woodlock, J.); quoting Resolution Trust Corp. v. Trust Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st. Cir. 1994). The Response meets none of these requirements, and Bayad's pro se status "does not insulate [him] from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1998).

### 2. Bayad's Behavior Warrants Denial Of His Request For Depositions.

Bayad's hostile and potentially threatening behavior towards the Court, the Defendants, and their counsel resulted in an Order prohibiting him from communicating with either Court personnel or Defendants' counsel except in writing. See, e.g., Order at 1-2; Electronic Clerk's Notes for Proceedings Held Before Magistrate Judge Marianne B. Bowler, dated March 22, 2005 ("Clerk's Notes"), attached at Tab C hereto. Both Cisco and its attorneys have barred Bayad from their property as a result of his behavior. That Bayad fails to provide any assurance to this Court or the Defendants that he will behave in a different manner toward Cisco's employees or its counsel, in itself, warrants denial of his request. See Delor v. Intercosmos Media Group, Inc., 2005 U.S. LEXIS 17683 (E.D.La.) (refusing to permit additional depositions where pro se plaintiff's behavior was "disruptive, obstreperous and harassing" and he employed "threatening words and conduct.")

### 3. Depositions Would Not Elicit Testimony Creating Any Issue Of Fact.

Each of the proposed witnesses has already provided a declaration detailing whatever knowledge they possess regarding the facts of this case and/or Bayad; indeed,

most of the persons Bayad seeks to depose have **no** relevant knowledge at all.

Depositions will elicit no testimony creating any genuine issue of fact.

### a.    Carl Wiese.

Wiese is a Cisco Vice President who works at a facility in New Jersey. Although he was a defendant in Bayad I, he is not a party to this action. During the course of Bayad I, Wiese submitted an affidavit stating that: (1) Cisco terminated Bayad a year <u>before</u> Wiese began to work for Cisco; (2) Wiese had no knowledge regarding Bayad's employment with Cisco or Bayad's post-termination claims; and (3) Wiese was unaware that Bayad had ever worked for Cisco until Bayad sued him. Declaration of Carl Wiese ¶¶ 3-4, 6, 8-9, attached at <u>Tab D</u> hereto.

### b.    Anthony Savastano.

Savastano is a Cisco Vice President who works at a facility in California. Like Wiese, he is not a party to this action but was named as a defendant in Bayad I. During the course of that litigation he submitted an affidavit stating that he had: (1) no involvement with, or knowledge of, Bayad's employment with Cisco; (2) no involvement with any of Bayad's post-termination attempts to obtain either on employment or a business relationship with Cisco; and (3) neither seen the "no-hire" list that Bayad produced nor instructed anyone not to hire, promote, or transfer Bayad. Declaration of Anthony Savastano ¶¶ 3-5, 7-9, attached at <u>Tab E</u> hereto.

### c.    Lynn Fraser.

Defendant Fraser is a manager at a Cisco facility in Massachusetts and was Bayad's immediate supervisor when he worked at Cisco. Her Declaration (Docket Entry

#39), filed in support of the Cross-Motion, sets forth in detail her involvement with, and the other defendants' lack of involvement with, Bayad's termination from Cisco.

### d.    Celia Harper-Guerra.

Defendant Harper-Guerra is a director of human resources for Cisco who resides in North Carolina. She has submitted a Declaration (Docket Entry #40) in support of the Cross-Motion which states that: (1) she had no involvement with Bayad during or after his employment at Cisco; (2) although the "no-hire list" that Bayad produced during this litigation is similar to lists (which she maintained) of engineers that Cisco agreed not to hire from its partners, she never created a list that singled out Bayad (or anyone else) for unfavorable action; and (3) no other Cisco employee could have created one without her knowledge. Id. at ¶¶ 3-8, 15-17.

### e.    Richard Justice.

Defendant Justice is a Senior Vice President with Cisco who works on the west coast of the United States.[2] He has submitted a Declaration (Docket Entry #41) in support of the Cross-Motion which states that he: (1) cannot recall having any involvement with Bayad during or after his employment at Cisco; (2) cannot recall having seen the documents that Bayad claims to have sent to him; and (3) has no knowledge regarding the "no-hire list." Id. at ¶¶ 3-13.

### f.    Kate DCamp.

Defendant DCamp is a Senior Executive Advisor to Cisco who works on the west coast of the United States. She has submitted a Declaration (Docket Entry #38) in

---

[2] Certain witnesses have requested that their exact work locations be withheld out of concern for their safety.

support of the Cross-Motion which states that she:  (1) did not have any involvement with

Bayad during or after his employment at Cisco; (2) cannot recall having seen the

documents that Bayad claims to have sent to her; and (3) has no knowledge regarding the

"no-hire list."  Id. at ¶¶ 3-13.

As all of Bayad's proposed witnesses have already stated what they know about

his allegations, Bayad offers no additional facts to which he thinks these witnesses would

testify.  Allowing Bayad to depose them will not aid the Court in resolving any genuine

issues of fact because there are none.

### 4.  Depositions Would Be Unduly Burdensome.

Because there is no need for depositions, they would be unduly burdensome per

se.  Further, "In the absence of exceptional or unusual circumstances, when a deponent

resides at a substantial distance from the deposing party's residence, the deposing party

should be required to take the deposition at a location in the vicinity in which the

deponent resides, even if the deponent is a party."  O'Sullivan v. Riviera, 229 F.R.D. 187,

189 (D.N.M. 2004), quoting Metrex Research Corp. v. United States, 151 F.R.D. 122,

125 (D. Colo. 1993).  Bayad, however, has requested that the depositions take place in

Boston, despite the fact that (with the exception of Fraser) all of the witnesses reside far

from Massachusetts.[3]  Response at 6.  This would entail thousands of dollars in

---

[3]    Bayad has also requested that the depositions extend from 8:00 a.m. until 5:00 p.m., contrary to Fed. R.
Civ. P. 30(d)(2).

BOST1\445378.2
26573-15

transportation and per diem costs,[4] which Bayad refuses to pay.  Response at 7-8.
Moreover, the witnesses that he seeks to depose are senior Cisco executives who would
each have to set aside up to three days for travel to, and attendance at, Bayad's fishing
expedition.  Finally, it appears as if Bayad is unwilling to pay for a reporter, which would
render the entire exercise pointless.  As Bayad cannot articulate any need for the
depositions whatever, allowing depositions to proceed under these circumstances would
impose a significant and unfair burden on defendants and threaten the deponents' safety
without benefiting Bayad or assisting the Court in any way in resolving this action.

        5.        **Deposition Parameters.**

        Defendants strenuously object to any depositions in this case for all the reasons
stated above.  The Court's Procedural Order, however, requires defendants to include in
this response proposed "parameters of deposition discovery which this Court might
permit (i.e., place of deposition, length of deposition, who may be present at any
deposition, costs of deposition, and any estimates expenses for each deponent which
might be incurred pursuant to 28 U.S.C. § 1821)."  Solely in response to this request,
defendants propose that any depositions (1) take place at the secure and neutral venue of
the federal courthouse; (2) be limited to two (2) hours in duration; (3) and be supervised
at all times by U.S. Marshals or other appropriate security personnel.  Defendants also

---

[4]    If required to attend a deposition in Boston, the proposed witnesses would be entitled to the following
       expense reimbursements pursuant to 28 U.S.C. § 1821:

            Carl Wiese - $640.68
            Anthony Savastano - $885.00
            Lynn Fraser - $100.66
            Celia Harper-Guerra - $552.59
            Rick Justice - $885.00
            Kate DCamp - $885.00

Affidavit of Nili Yavin ¶¶ 3-8, attached at Tab F hereto.

request that the Court require Bayad to provide a professional court reporter and to pay in advance the witnesses' costs of attendance under 28 U.S.C. § 1821, see, supra, note 4.

## **CONCLUSION**

There are no genuine issues of fact requiring deposition discovery. Bayad has utterly failed to justify any need for it. Depositions would subject defendants and the deponents to an unfair, expensive, and dangerous burden for no reason. Defendants' motion for summary judgment is ready for decision. Bayad's request for deposition discovery should be denied.

Respectfully submitted,

CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DECAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

By their attorneys,

/s/ Matthew Iverson
Bruce E. Falby (BBO #544143)
Matthew Iverson (BBO #653880)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  October 30, 2006

## **CERTIFICATE OF SERVICE**

I, Matthew J. Iverson, certify that on October 30, 2006, I served this document upon Anthony Bayad, 2 Magoun Avenue, Medford, Massachusetts, 02155, by Federal Express.

/s/ Matthew Iverson

BOST1\445378.2
26573-15



# United States Court of Appeals
## For the First Circuit

No. 06-1396

ANTHONY BAYAD,

Plaintiff, Appellant,

v.

JOHN CHAMBERS, ET AL.,

Defendants, Appellees.

Before

Boudin, <u>Chief Judge</u>,
Torruella and Lipez, <u>Circuit Judges</u>.

JUDGMENT

Entered: July 24, 2006

On October 25, 2004, the district court dismissed appellant's complaint in its entirety as against appellee Russo and dismissed certain of the claims as against the remaining appellees. On February 17, 2006, the district court disposed of the remaining claims by granting summary judgment in favor of those remaining appellees.

We have reviewed the parties' briefs and the record on appeal. We <u>affirm</u> essentially for the reasons stated in the district court's Memorandum and Order, dated October 25, 2004, the magistrate judge's Reports and Recommendations, dated May 25, 2005 and November 15, 2005, and the district court's Order, dated February 17, 2006.

We reject, as unfounded, appellant's claim that the magistrate judge was biased and was required to recuse herself.

<u>Affirmed</u>.

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____

            Chief Deputy Clerk.

[cc: Anthony Bayad, Bruce E. Falby, Esq., Mark W. Batten, Esq., Matthew J. Iverson, Esq., Lisa M. Gaulin, Esq., Thomas Edward Shirley, Esq.]

**B**

## United States District Court
### District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:05-cv-11005-PBS

Bayad v. Bastian et al                                   Date Filed: 05/16/2005
Assigned to: Judge Patti B. Saris                        Jury Demand: Plaintiff
Related Case: 1:04-cv-10468-PBS                           Nature of Suit: 442 Civil Rights: Jobs
Cause: 42:2000 Job Discrimination (Race)                 Jurisdiction: Federal Question

**Plaintiff**

**Anthony Bayad**                          represented by   **Anthony Bayad**
                                                            2 Magoun Avenue
                                                            Medford, MA 02155
                                                            PRO SE

V.

**Defendant**

**Bruce Bastian**                          represented by   **Bruce E. Falby**
                                                            DLA Piper Rudnick Gray Cary US LLP
                                                            33 Arch Street
                                                            26th Floor
                                                            Boston, MA 02110-1447
                                                            617-406-6020
                                                            Fax: 617-406-6100
                                                            Email: bruce.falby@dlapiper.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Matthew J. Iverson**
                                                            DLA Piper Rudnick Gray Cary US LLP
                                                            26th Floor
                                                            33 Arch Street
                                                            Boston, MA 02110-1447
                                                            617-406-6038
                                                            Fax: 617-406-6138
                                                            Email: matthew.iverson@dlapiper.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Kate Dcamp**                             represented by   **Bruce E. Falby**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Matthew J. Iverson**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

| 03/13/2006 | | Judge Patti B. Saris : Electronic ORDER entered denying 20 Motion for Hearing on All Motions Pending (Patch, Christine) (Entered: 03/14/2006) |
| 03/13/2006 | | Judge Patti B. Saris : Electronic ORDER entered denying without prejudice 17 Motion for Sanctions (Patch, Christine) (Entered: 03/14/2006) |
| 03/13/2006 | | Judge Patti B. Saris : Electronic ORDER entered. ELECTRONIC ENDORSEMENT re 9 Response to Motion filed by Anthony Bayad. "Denied." (Patch, Christine) (Entered: 03/14/2006) |
| 03/13/2006 | | Judge Patti B. Saris : Electronic ORDER entered denying 2 Motion Demanding the Court to Subject Defendant's to Strict Scrutiny Review of the Discriminatory Animus Policy (Patch, Christine) (Entered: 03/14/2006) |
| 03/14/2006 | | Judge Patti B. Saris : Electronic ORDER entered denying 11 Motion for the Court to Serve or Provide the Subpoena to Defendants. "Plaintiff should file document requests, interrogatories, and requests to admit to get necessary information within 3 months. All paper discovery shall be complete by 6/30/06. Any motion for summary judgment shall be filed by 7/30/06. Defendant shall file any opposition by 8/30/06 including any affidavit pursuant to Fed.R.Civ.P 56(f). At that point, I will decide whether to permit depositions." (Patch, Christine) (Entered: 03/14/2006) |
| 03/30/2006 | 23 | Certified and Transmitted Record on Appeal to US Court of Appeals re 22 Notice of Appeal, (Attachments: # 1)(Ramos, Jeanette) (Entered: 03/30/2006) |
| 04/05/2006 | 24 | USCA Case Number 06-1549 for 22 Notice of Appeal, filed by Anthony Bayad,. (Ramos, Jeanette) (Entered: 04/05/2006) |
| 04/11/2006 | 25 | MOTION for Sanctions by Anthony Bayad.(Patch, Christine) (Entered: 04/13/2006) |
| 04/14/2006 | 26 | AFFIDAVIT of Anthony Bayad in Support of the So Called "Cisco-No-Hire-List", also Called "the Sensitivelist.xls." (Attachments: # 1 Exhibit A)(Patch, Christine) (Entered: 04/20/2006) |
| 06/20/2006 | 28 | MOTION to Stay re 22 Notice of Appeal Pending Final Judgment or Order of the United States District Court of the First Circuit by Anthony Bayad.(Patch, Christine) (Entered: 06/21/2006) |
| 06/21/2006 | 27 | MOTION for Leave to File *Opposition* by Cisco Systems, Inc.,, Bruce Bastian, Kate Dcamp, Lynn Fraser, Celia Harper-Guerra, Rick Justice.(Iverson, Matthew) (Entered: 06/21/2006) |
| 06/23/2006 | 29 | Proposed Opposition re 25 MOTION for Sanctions filed by all defendants. (Iverson, Matthew) (Entered: 06/23/2006) |
| 06/23/2006 | | Judge Patti B. Saris : Electronic ORDER entered granting 27 Motion for Leave to File; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures (Patch, Christine) (Entered: 06/26/2006) |
| 07/11/2006 | 30 | RESPONSE TO ORDER TO SHOW CAUSE Why This Case Must Stand by |

**C**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-10468-PBS

Bayad v. Chambers et al                           Date Filed: 03/08/2004
Assigned to: Judge Patti B. Saris                 Jury Demand: Plaintiff
Referred to: Magistrate Judge Marianne B. Bowler  Nature of Suit: 440 Civil Rights: Other
Related Case: 1:05-cv-11005-PBS                    Jurisdiction: Federal Question
Cause: 28:1983 Civil Rights

### Plaintiff

**Anthony Bayad**                    represented by   **Anthony Bayad**
                                                      2 Magnoun Avenue
                                                      Medford, MA 02155
                                                      781-704-8982
                                                      PRO SE

V.

### Defendant

**John Chambers**                    represented by   **Bruce E. Falby**
                                                      DLA Piper Rudnick Gray Cary US LLP
                                                      33 Arch Street
                                                      26th Floor
                                                      Boston, MA 02110-1447
                                                      617-406-6020
                                                      Fax: 617-406-6100
                                                      Email: bruce.falby@dlapiper.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lisa C. Goodheart**
                                                      Sugarman, Rogers, Barshak & Cohen,
                                                      P.C.
                                                      101 Merrimac Street
                                                      Boston, MA 02114-4737
                                                      617-227-3030
                                                      Fax: 617-523-4001
                                                      Email: goodheart@srbc.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Mark W. Batten**
                                                      Proskauer Rose LLP
                                                      22nd Floor
                                                      One International Place

| | | Summary Judgment, <u>74</u> Opposition to Motion. c/s. Case Law attached but not scanned. (Edge, Eugenia) Additional attachment(s) added on 3/10/2005 (Edge, Eugenia). (Entered: 03/10/2005) |
|---|---|---|
| 03/09/2005 | <u>79</u> | NOTICE of filing all the interrogatories and request for admission served to defendants Chambers Et.Al. (This notice serves for all the filing and assumed admitted). c/s. by Anthony Bayad (Attachments: # <u>1</u> Exhibits 1 thru 24)(Edge, Eugenia) (Entered: 03/10/2005) |
| 03/09/2005 | <u>80</u> | NOTICE of filing all the interrogatories and request for admission served to defendants Chambers Et.Al. (This notice serves for all the filing and assumed admitted). c/s. by Anthony Bayad (Edge, Eugenia) (Entered: 03/10/2005) |
| 03/09/2005 | <u>81</u> | NOTICE of filing all the interrogatories and request for admission served to defendants Chambers Et.Al. (This notice serves for all the filing and assumed admitted). c/s. by Anthony Bayad (Attachments: # <u>1</u> Exhibits 1 thru 25)(Edge, Eugenia) (Entered: 03/10/2005) |
| 03/09/2005 | <u>82</u> | NOTICE of filing all the interrogatories and request for admission served to defendants Chambers Et.Al. (This notice serves for all the filing and assumed admitted). c/s. by Anthony Bayad (Attachments: # <u>1</u> Exhibit 1 thru 25)(Edge, Eugenia) (Entered: 03/10/2005) |
| 03/09/2005 | <u>83</u> | Proposed Document(s) submitted by Anthony Bayad. Document received: filing of preponderance of evidence in support of his cross-motion for summary judgment and in support of his claim against John Chambers, Anthony Savastano and Carl Wiese. c/s. (Attachments: # <u>1</u> Exhibit 1 thru 34) (Edge, Eugenia) (Entered: 03/10/2005) |
| 03/18/2005 | <u>84</u> | Judge Marianne B. Bowler: Electronic ORDER entered sealing ex parte letter sent to the court by the plaintiff. (Bowler, Marianne) Additional attachment(s) added on 3/18/2005 (Saccoccio, Dianalynn). (Entered: 03/18/2005) |
| 03/21/2005 | <u>85</u> | Opposition re <u>73</u> MOTION for Summary Judgment filed by John Chambers, Anthony Savastano, Carl Wiese. (Falby, Bruce) (Entered: 03/21/2005) |
| 03/21/2005 | <u>86</u> | DECLARATION of *Robin C. Tarr* by John Chambers, Anthony Savastano, Carl Wiese. (Falby, Bruce) (Entered: 03/21/2005) |
| 03/22/2005 | | Electronic clerk's notes for proceedings held before Magistrate Judge Marianne B. Bowler: Motion hearing held on 3/22/2005; <u>65</u> Defendants' Motion for Summary Judgment filed by John Chambers, Anthony Savastano and Carl Wiese and <u>73</u> Plaintiff's Cross Motion for Summary Judgment filed by Anthony Bayad; Anthony Bayad, Pro Se and Bruce Falby for defts.; The court hears argument on the motions and takes the matter under advisement; The court advises the parties that docket entry # <u>54</u> Defendants'Motion for Protective Order will be allowed and the pltf. is instructed that all communication concerning the case and the defts. is to be made in writing and directed at counsel for the defts., Bruce Falby. (Tape #Digital.) (Saccoccio, Dianalynn) (Entered: 03/23/2005) |
| 03/22/2005 | <u>87</u> | NOTICE of Filing Plaintiff Pro Se's Statement of facts given at the hearing (March 22, 2005) as matter of right by Anthony Bayad. c/s. (Edge, Eugenia) |

# D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-10468-GAO |
| | ) |
| JOHN CHAMBERS, PATRICIA RUSSO, | ) |
| ANTHONY SAVASTANO, and | ) |
| CARL WIESE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF CARL WIESE

I, CARL WIESE, declare under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, the following:

1.     I am the Area Vice President for Advanced Technology with Cisco Systems, Inc. ("Cisco"). I have worked at Cisco at its Edison, New Jersey facility since August 27, 2002.

2.     I submit this declaration in support of the Motion for Summary Judgment of myself, John Chambers and Anthony Savastano in connection with the captioned matter.

3.     I had no involvement with and have no personal knowledge of the facts surrounding Anthony Bayad's employment with Cisco. I was not aware that Mr. Bayad had worked at Cisco until after he filed this lawsuit in 2004.

4.     As I understand Mr. Bayad's allegations, Cisco terminated his employment in May 2001, more than a year before I began work at Cisco.

5.      Although I knew Mr. Bayad when we both worked at Lucent in 1997, I did not interact in any way with Mr. Bayad during the period of his employment with Cisco or at any time thereafter.

6.      I have no personal knowledge concerning, and have had no involvement with, any decision regarding Mr. Bayad's employment with Cisco, the termination of his employment, or Mr. Bayad's alleged subsequent attempts to obtain re-employment with Cisco or employment elsewhere.

7.      I have no involvement with the administering or scoring of Cisco Certified Internetworking Engineer ("CCIE") certifications.

8.      To my knowledge, Cisco does not maintain a no-hire list targeting minorities as alleged by Mr. Bayad.

9.      I have no personal knowledge concerning, and have had no involvement with, any decision regarding Mr. Bayad's alleged attempts to foster any type of business relationship with Cisco or any other entity, on behalf of himself or any affiliated entity.

10.      I have never communicated with John Chambers about Mr. Bayad.  Since 1997, I have had no communications with Anthony Savastano about Mr. Bayad.

February _15_, 2005

_Carl Wiese_
Carl Wiese

**E**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY BAYAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 04-10468-GAO |
| v. | ) | |
| | ) | |
| JOHN CHAMBERS, PATRICIA RUSSO, | ) | |
| ANTHONY SAVASTANO, and | ) | |
| CARL WIESE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF ANTHONY SAVASTANO

I, ANTHONY SAVASTANO, declare under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, the following:

1.    I am a Vice President of Finance for Cisco Systems, Inc. ("Cisco").  I have worked at Cisco's San Jose, California facility since April 28, 2000.

2.    I submit this declaration in support of the Motion for Summary Judgment of myself, John Chambers and Carl Wiese in connection with the captioned matter.

3.    I had no involvement with and have no personal knowledge of the facts surrounding Anthony Bayad's employment with Cisco.

4.    I did not interact in any way with Mr. Bayad during the period of his employment with Cisco and have not interacted with Mr. Bayad at any time since June 24, 1998 when I was deposed in connection with Mr. Bayad's lawsuit against Lucent Technologies, myself and others.

5.    I have no personal knowledge concerning, and have had no involvement with, any decision regarding Mr. Bayad's employment with Cisco, the termination of his employment, or

Mr. Bayad's alleged subsequent attempts to obtain re-employment with Cisco or employment elsewhere.

6.    I have no involvement with the administering or scoring of Cisco Certified Internetworking Engineer ("CCIE") certifications.

7.    To my knowledge, Cisco does not maintain a no-hire list targeting minorities as alleged by Mr. Bayad.

8.    My attorneys have provided me with a copy of the "no-hire" list Mr. Bayad produced in the course of this litigation. I have never seen it before. I never placed or instructed anyone to place Mr. Bayad's name on a "no-hire" list. Nor did I ever instruct anyone at Cisco not to hire, promote, or transfer Mr. Bayad.

9.    I have no personal knowledge concerning, and have had no involvement with, any decision regarding Mr. Bayad's alleged attempts to foster any type of business relationship with Cisco or any other entity, on behalf of himself or any affiliated entity.

10.    I have never communicated with John Chambers about Mr. Bayad. Since 1997, I have had no communications with Carl Wiese about Mr. Bayad.

February 15, 2005

Anthony Savastano

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

     *Plaintiff*,

v.

CISCO SYSTEMS, INC., et al.,

     *Defendants*.

CIVIL ACTION NO. 05-11005-PBS

## AFFIDAVIT OF NILI YAVIN

I, NILI YAVIN, declare under the pains and penalties of perjury, pursuant to 28 U.S.C. § 1746, the following:

1.     I am a legal assistant at the law firm of DLA Piper US LLP.  The facts set forth in this affidavit are based upon my own personal knowledge and a review of information provided to me by Cisco Systems, Inc. ("Cisco").

2.     Cisco has provided me with the work locations of six employees:  Carl Wiese, Anthony Savastano, Lynn Fraser, Celia Harper-Guerra, Rick Justice, and Kate DCamp.  On instructions from counsel, I have estimated the fees and allowances that would be payable under 28 U.S.C. § 1821 were these six employees required to attend a one-day deposition in Boston, Massachusetts.  Attached as <u>Exhibit A</u> is a chart documenting my calculations, as well as the assumptions underlying my calculations.

3.     According to my estimate, Carl Wiese would be entitled to $640.68 in expenses under the criteria set forth in 28 U.S.C. § 1821.

4.    According to my estimate, Anthony Savastano would be entitled to $885.00 in expenses under the criteria set forth in 28 U.S.C. § 1821.

5.    According to my estimate, Lynn Fraser would be entitled to $100.66 in expenses under the criteria set forth in 28 U.S.C. § 1821.

6.    According to my estimate, Celia Harper-Guerra would be entitled to $552.59 in expenses under the criteria set forth in 28 U.S.C. § 1821.

7.    According to my estimate, Richard Justice would be entitled to $885.00 in expenses under the criteria set forth in 28 U.S.C. § 1821.

8.    According to my estimate, Kate DCamp would be entitled to $885.00 in expenses under the criteria set forth in 28 U.S.C. § 1821.

Signed under the pains and penalties of perjury this _30_ day of October 2006.

_____
NILI YAVIN

2

# EXHIBIT A

## ESTIMATE OF WITNESS EXPENSES FOR DEPOSITION ON NOVEMBER 15, 2006

| Location | Witness Fee | Mileage used | Flight[1] | Hotel (max lodging is $168.00[2] | Travel Time & Dates | Subsidence (cannot exceed $64.00 a day )1st & last day are $48.00 | Total[3] |
|---|---|---|---|---|---|---|---|
| **CARL WIESE** | | | | | | | |
| ▓ | 1 day x $40.00 per diem = **$40.00** | ▓ to airport and back (24.75 x 2 = 49.5 miles x .445 reimburse ment rate) = **$22.08** | $530.60 | NO | 1 Day Arrive in Boston at 7:00 a.m. leave Boston at 7:00 p.m. on 11/15/06 | $48.00 x 1 day = **$48.00** | **$640.68** |
| **ANTHONY SAVASTANO** | | | | | | | |
| ▓ | 3 days x $40.00 per diem = **$120.00** | NO | $269.00 | 2 nights x $168.00 = **$336.00** | 3 Days Arrive in Boston at 5:00 p.m. on 11/14/06 and leave at 12:00 p.m. on 11/16/06 | $48.00 x 2 + $64.00 = **$160.00** | **$885.00** |

REDACTED

---

[1] Air fare subject to change as fare quotes are as of 10/24/06.
[2] Excludes taxes.
[3] Does not include parking, ferry, road fees and tolls authorized in § 5704(d) of Title 5.

REDACTED

| Location | Witness Fee | Mileage used | Flight[1] | Hotel (max lodging is $168.00[2] | Travel Time & Dates | Subsidence (cannot exceed $64.00 a day )1st & last day are $48.00 | Total[3] |
|---|---|---|---|---|---|---|---|
| | | | **LYNN FRASER** | | | | |
| ■ | 1 day x $40.00 per diem = **$40.00** | to Boston and back 14.23 x 2 = 28.46 miles x .445 reimbursement rate = **$12.66** | **NO** | **NO** | 1 Day Arrive in Boston before 10:00 a.m. leave Boston after 5:00 p.m. 11/15/06 | $48.00 x 1 day = **$48.00** | **$100.66** |
| | | | **CELIA HARPER-GUERRA** | | | | |
| ■ | 2 days x $40.00 per diem = **$80.00** | **NO** | **$192.59** | 1 night x $168.00 = **$168.00** | 2 Days Arrive in Boston at 9 pm on 11/14/06 and leave at 7 pm on 11/15/06 | $48.00 + $64.00= **$112.00** | **$552.59** |
| | | | **RICK JUSTICE** | | | | |
| ■ | 3 days x $40.00 per diem = **$120.00** | **NO** | **$269.00** | 2 nights x $168.00 = **$336.00** | 3 Days Arrive in Boston at 5:00 p.m. on 11/14/06 and leave at 12:00 p.m. on 11/16/06 | $48.00 x 2 + $64.00 = **$160.00** | **$885.00** |

| Location | Witness Fee | Mileage used | Flight[1] | Hotel (max lodging is $168.00[2] | Travel Time & Dates | Subsidence (cannot exceed $64.00 a day )1st & last day are $48.00 | Total[3] |
|---|---|---|---|---|---|---|---|
| | | | KATE DCAMP | | | | |
| ▆▆▆▆ | 3 days x $40.00 per diem = **$120.00** | **NO** | **$269.00** | 2 nights x $168.00 = **$336.00** | 3 Days Arrive in Boston at 5 pm on 11/14/06 and leave at 12:00 pm on 11/16/06 | $48.00 x 2 + $64.00 = **$160.00** | <u>**$885.00**</u> |

REDACTED