UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

 *Plaintiff*,

v.

CISCO SYSTEMS, INC., BRUCE
BASTIAN, KATE DCAMP, LYNN
FRASER, CELIA HARPER-GUERRA,
and RICK JUSTICE,

 *Defendants*.

CIVIL ACTION NO. 05-11005-PBS

**DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTIONS TO CONSIDER/ADMIT**

 The defendants in the above matter ("Defendants") hereby oppose two Motions to Consider/Admit (the "Motions," Docket Entries ##62 and 63) filed by plaintiff Anthony Bayad ("Bayad").  As the documents Bayad seeks to admit are inadmissible, irrelevant, and untimely, the Court should deny both Motions.

 The "First Motion" (Docket Entry #62) seeks to admit (presumably for summary judgment purposes) the unverified complaint from Bayad v. Lucent Technologies, Inc., et al., Civil Action No. 97-06671 (S.D. Fla.) (the "Bayad Complaint").[1]  The First Motion also seeks to admit a Notice of Right to Sue from the Equal Employment Opportunity

---

[1] The United States District Court for the Southern District of Florida granted summary judgment to the defendants in that lawsuit and Bayad's appeal of the summary judgment was dismissed.  See Memorandum and Order, dated October 25, 2004, in Bayad v. Chambers, et al., Civil Action No. 04-10468-PBS ("Bayad I") at 5, attached at Tab A hereto.  Bayad's assertion that the case "is still pending . . . because the final order stated that the Court did not have jurisdiction over plaintiff action," Second Motion at 1, is an apparent reference to the fact that Bayad's appeal was dismissed for lack of jurisdiction.

Commission (the "EEOC Notice"), dating from April 1997, that was attached to the Bayad Complaint.  The "Second Motion" (Docket Entry #63) seeks to admit the unverified complaint from Elsiah v. Lucent Technologies, Inc., et al., Civil Action No. 97-06778 (S.D. Fla.) (the "Elsiah Complaint," collectively with the Bayad Complaint, the "Complaints").

The Court should deny the Motions for three reasons.  *First*, Bayad may not use the unverified Complaints either to support his own motion for summary judgment or to oppose the Defendants' pending cross-motion.  See Fragoso v. Lopez, 991 F.2d 878, 887 (1st Cir. 1993) ("We have made it crystal clear that, in opposing summary judgment, a litigant 'may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but must produce evidence which would be admissible at trial to make out the requisite issue of material fact.'"), quoting Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991); Fed. R. Civ. P. 56(e).  *Second*, the proposed submissions are irrelevant: the EEOC Notice (which presumably related to Bayad's allegations against Lucent) expired by its own terms ninety (90) days after it was issued, and both the Bayad Complaint and the Elsiah Complaint allege misconduct by Lucent employees who are not parties to this suit.  In contrast, the Order in Briddell v. Saint Gobain Abrasives, Inc., Civil Action No. 04-40146-FDS (the "Briddell Order"), which Bayad attached to the first Motion as legal authority, deals with the relevance of past discriminatory acts by the same defendants.  See Briddell Order at 3-6.  None of Bayad's proposed submissions, consequently, could have any bearing on this action.  *Finally*, the Motions are untimely.  Summary Judgment submissions were due on July 30, 2006, and the Court required all opposition material to be filed fourteen (14) days later.  Order Re:  Motion to Dismiss,

2

dated July 12, 2006, at 3-4 (the "Order," Docket Entry #31).  The Complaints and the EEOC Notice are over eight years old.  Even if they were admissible, and even if they were relevant, Bayad provides no explanation for his failure to submit them in compliance with the Court's time standards.  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1998) (even pro se parties must comply with procedural requirements).

      Bayad is, however, correct on one point.  This case is not, as Bayad candidly admits, about the so-called "No-Hire List."  First Motion at 4; Second Motion at 4.  As both Motions make clear, this case is <u>really</u> about Bayad's efforts to relitigate his unsuccessful suit against Anthony Savastano and Carl Wiese.  <u>See, e.g.</u>, First Motion at 2 (asking the Court to consider "Anthony Savastano and Carl Wiese 'act[s] of past history motive of discrimination and their personal racist vendetta . . ."); Second Motion at 4 (stating that "these two individuals (Carl Wiese & Anthony Savastano) need to stop and it is you, your honor Patti B. Sarris [sic] that need to bring this matter to closure").  As set forth fully at pages 6-9 of the Defendants' memorandum in support of their cross-motion for summary judgment (Docket Entry #34), this Court's grant of summary judgment in Bayad I bars any attempt to pursue Bayad's now-dismissed claims in a subsequent suit

[Balance of page intentionally left blank]

3

against another set of Cisco employees.  Id. at 6-9.  This Court should consequently deny the Motions and grant the Defendants summary judgment.

                Respectfully submitted,

                CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

                By their attorneys,

                /s/ Matthew Iverson
                Bruce E. Falby (BBO #544143)
                Matthew Iverson (BBO #653880)
                DLA PIPER US LLP
                33 Arch Street, 26th Floor
                Boston, MA  02110-1447
                (617) 406-6000 (*telephone*)
                (617) 406-6100 (*fax*)

Dated:  November 10, 2006

**CERTIFICATE OF SERVICE**

     I, Matthew Iverson, certify that on November 10, 2006, I served this document upon Anthony Bayad, 2 Magoun Avenue, Medford, Massachusetts, 02155, by Federal Express.

                /s/ Matthew Iverson