IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,                )
                              )
   Plaintiff ,                )
                              )  CIVIL ACTION
                              )
                              )
                              )  CASE NO. 05-11005PBS
                              )
BRUCE BASTIAN; KATE DCAMP     )
CELIA HARPER-GUERRA; LYN FRASER )
RICK JUSTICE; CISCO SYSTEMS   )
   Defendants,

**MOTION # 3 DEMAND A PROPER ACTION : OBSTRUCTION OF JUSTICE DESTRUCTION OF EVIDENCE DISCRIMINATIORY ANIMUS " CISCO-NO-HIRE- LIST AND "OTHER" EVIDENCE FOUND AT DEFENDANT "CISCO"**

**BACKGROUND ABOUT "CISCO-NO-HIRE-LIST"**

Plaintiff Bayad ( "Bayad") states to the honorable Patti B. Sarris, the District Judge, who also presided in case 04-10456PBS, that attorneys Bruce Falby et, al., and their buddies have directed intentionally their clients, the defendants in the above caption matter ( "Defendants"), Cisco, to destroy evidence in this litigation including the Cisco-No-Hire-List, where defendants conspired on discriminatory ground and on retaliatory Ground – such act is in violations of the company code of ethics and in Bayad 'violation of his civil rights and his federally protected rights guarantee by our constitution, when they posted Bayad ' name with other minorities in the following discriminatory statements:

**See Docket Entry #1 Exhibit No. 14 the Cisco-No-Hire-List.**

1

"DO NOT HIRE /TRANFER /PROMOTE **ANTHONY BAYAD** CISCO EMPL # 73799, SHOULD YOU HAVE QUESTION, CONTACT TONY SAVASTANO REGARDING ANTHONY BAYAD. INTERVIEWING MAY NOT OOCCUR WITH ANY COMPANY ON THIS LIST UNTIL THE CISCO MANAGER SERTVING THAT CUSTOMER /PARTNER APPROVES. TO INDENTIFY THE CISCO MANAGER , PLEASE VISIT STARVIPER AT : (Cisco web site)

http:/wwwin.cisco.com/CustAdv/InfoSys/sales/star/viper/

After receiving approval to continue their application, Cisco recruiter must contact the applicants current Manager to confirm interviewing should only occur after the responsible VP ( Vice President)approves No targeted recruiting efforts within these companies. Should you have questions, contact Cellia Harpper-Guerra ( (defendant)"

## STATEMENT OF FACTS

Although, Bayad states to the Honorable Patti B. Sarris, the District Judge, that the Attorneys Bruce Falby have admitted the statement of Bayad ' Manager Lynn Fraser, the Defendants, when she stated to hiring managers and recruiters without probable cause or any justification reasons, her statements under the law where discriminatory in nature and retaliatory in nature served to hurt Bayad ' future and to block him from any future employment with Cisco or any other potential employer listed in the Cisco-No-Hire-List. Such statements where admitted by her attorneys Flaby et,al., as it is provided as follow:

**See Docket Entry # 1 Exhibit No. 26 (admitted)**

Hiring Manager " Liz" states:

> " I called Lyn ( defendant and Bayad Manager) and she was very hesitant on speaking with me . Since I was an

2

internal HR Manager, she felt better. **She said that she would not recommend Anthony ( Plaintiff Anthony Bayad) to come back to Cisco** that he worked for her I believe 1 year. . ."

Your Honor, What is going on here. We let you decide what need to be decided Knowingly - when every papers and motions with facts filed by Bayad is denied without Any justification reason under the law and it is abuse of discretion as we know why. See case No. 04-10468 PBS ( D. Mass, 1995). This is a public record you honor and this is the United States District Court , an institute of freedom and justice that we call a Court for every race under the law.

### DESTRUCTION OF EVIDENCE

Bruce Flaby et, al., and their buddies were caught directing Cisco the defendants to destroy evidence on this Court record and at the watch of the Honorable Patti B. Sarris, the District judge. The attorneys were caught destroying the Cisco-No-Hire-List and other evidence when such act is called obstruction justice – destruction of evidence:

**See Exhibit 1 attached hereto " e:mail communication provided by Cisco"**

> " PLEASE **DESTORY** ANY HARD COPIES OR
> SOFT COPIES OF THIS DOCUMENT,
> INCLUDING ANY SOFT COPIES STORED ON
> YOUR COMPUTER' HARD DRIVE OR IN YOU
> EMAIL BOX."

Your Honor, Patti B. Sarris, the district Court, Bayad states to you that you have initiated an order stating in it ( see docket Entry # dated 03/13/2006) the following:

> " 03/13/2006    Patti B. Sarris : Electronic ORDER
> entered denying 12 Motion to Stay Discovery. "
> Defendants shall fulfill their obligations under the

3

automatic disclosure rules, **including any copies of the so-called Cisco-no-Hire-List** within 30 days." (Patch, Christine) ( Entered: 03/14/2006)"

Your Honor, the facts are straight forward, when the Attorneys have not provided the **soft** copies  nor  the **electronics** copies  of  the so called the Cisco-No-Hire-List  to Bayad nor have they provided to this Court. No electronics copies were provided by attorneys,  because they destroyed the electronics/ soft copies – email copies of the so called Cisco-No-Hire-List. However,  they provided some hard copies only of the so called Cisco-No-Hire_list. Those hard copies  were compared/verifiable and identical and match Bayad ' copies the Cisco- not- hire- list, the sub file called " **Cisco-Act-DB-DT**", such sub directory found contains  10 to 100 minorities as Bayad are posted not to be hired- provided by the attorneys them selves. It is a shame that the attorneys Bruce Falby and his gang are still lying and arguing that is not discriminatory list. The Cisco List states  not to hire Khalid and Ahmed and kalul and kapul and bomabi and monba, and such list is not is not discriminatory. Our argument as we don't see John  Smith or Ivana or trump or Bruce or Falby or Matthias or David Sales or Julie or Diana. We rest our case.  It is shame that this case is still pending. God Bless the Blue eyes and the White rich and god bless the United States of America and god Bless Boston.

**See Exhibit 2 is  the Cisco no-hire-list** ( first page only the attorneys have provided found in Bayad **soft** copies, the sub file "**Cisco-Act-DB-DT**" that is also found in the declaration of Cellia Harpper Guerra the Defendant, that is also found in the Declaration or Paula Hughes Declaration, that is also found in the declaration of Bruce Falby and Iverson.)

4

**SeeDocket Entry # 36, 40, 42.**

Additionally, your honor, Why the attorneys are providing their declaration dockets **Entry 36 and others**, knowingly their mere objective is to win cases as they are not defendants. It is wrong and it is shame to them to take advantage of a litigant because of his ' race, his race of Arab in a Federal Court knwopingly it is against the law to do so. Please, see *Fragoso v. Lopez*, 991 F.2d 878, 887 ( 1 st Cir. 1993) 9" we have made it crystal clear that, in opposing summary judgment, a litigant ' may not rest upon mere allegation in, say, an unverified complaint or lawyer's brief may not rest upon mere allegations in, say, an unverified complaint or lawyers ' brief, but must produce evidence which would be admissible at trial to make out the requisite issue of material fact.") . The attorneys provided such case intentional to provoke Bayad as they are desperate when they used "**911**" numbering in such case followed with another case that start with the name Kelly the attorney for my brothers. We know what is going on here and we know how to fight for our rights.

**See Docket Entry # 64 ( case laws contain 911 and Kelly and Ahmed)**

You honor, Patti B. Sarris, do you know why they used such case law knowingly it is against the Professional ethics and the rules of this court, the United States District Court of Massachusetts. Such misconduct in this litigation is against the law when they used case law containing " 911" followed by Kelly ;' name the attorney for my brother that Ivan and Bruce Falby have blocked his motions to vacate baseless charges and the "911"; *Fragoso v. Lopez* ("911")   911 F.2d 878, 887 ( 1st Circuit). Do you know your

honor how this attorneys Bruce Falby are desperate and stupid and racist to defame some one who grew up in this country and never left the country the US. From 1988 to 2001 in such period of time Bayad never left the country even to the Cancun or the Caribbean. Why they using the 911 case laws and *Ahmed vs. Rosenblatt*, 118 F.3d 886, 890 ( 1st Circuit)to send a message to you that Bayad is an Arab terrorist , even thought they knew that attorneys or any officer of the court cannot discriminate against any minority litigant because of his race that is disparate treatments are racially motivated and discriminatory. See *Florida Bar v. Frederick*, 756 So. 2d 79 ( 2000). Additionally, such attorneys and their friends are barred form engaging in conduct prejudicial to administration of justice which adversely on fitness to practice law warrants six months suspension. See The Florida Bar v. Jones, 403 So. 2d 13 40 ( 1981). Also, false filing and knowingly is false response in regard to Court order and making the court looks without jurisdiction by not complying with the Court order date 03/13/2006 ( to provide any copies of the so called the Cisco-no-hire-list). See Florida Bar v. Corbin, 701 So. 2d 334 ( "1997").

**PUNITIVE DAMAGES** ( Published by Dla Piper Rudnick Gray Carry 'official web site)

"The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs **$4 million** in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two drivers to ethnic harassment and ridicule during their two years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a

6

federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . etc"

1. **COUNT I RACE DISCRIMINATION**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

    Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

    Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

    Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5. **COUNT IX FALSE IMPRISONMENT**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference

or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6. **RETALIATION ( NOT MASSACHUSETTS LAW )**

Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**WHEREFORE, the Plaintiff respectfully seek relief on punitive and on all the above claims, that survived defendants ' motion to dismiss ( docket No. 4 ), that stated in the Order of the United States District Court, the honorable Patti B. Sarris, as the court deems and proper or tier of fact or by jury .**

## CERTIFICATION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, by First class - U.S. Mail on Devember 5 , 2006.

Respectfully submitted

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

The Cisco Correspondence was authored by the **_CISCO ETHICS PROGRAM OFFICER_** and was **_quoted as it was stated_**:

*************************************************************************

" From: Shawna Callahan [scallaha@cisco.com]
Sent: Tuesday, March 16, 2004 7:15 PM
To: scallaha@cisco.com
Cc: nrubin@cisco.com
Subject: Immediate Action Required - **Avaya Document**

**Importance:** High
Dear Employee,

It has come to our attention that on or about February 20 you may have received an email with the header, "Avaya response to CiscoCallManager4.0". The email contained an attached document that was entitled "Avaya Competitive Alert".

There is some question as to whether Cisco should have been given this document. To ensure that Cisco employees meet our company's high ethical standards and act in accordance with the law, do not forward this document. **Please destroy any hard or soft copies of this document, including any soft copies stored on your computer's hard drive or in your email box.** Please respond to this email identifying whether you had this document in your possession, listing the email addresses of anyone to whom you forwarded the document and confirming that the required action was taken to destroy any copies in your possession.

Distribution of confidential competitive documents is a violation of company policy and future violations could be subject to disciplinary action. For your reference, here is the Legal Policy on Using Competitive Documents: http://wwwin-tools.cisco.com/sales/go/marketingmi/copyright?ServiceId=86&ServiceType=1&ModuleId=18120&message_id=85101&module_id=18120.

If you have any questions, please contact Shawna Callahan (scallaha@cisco.com or 408-853-0290) or Neal Rubin (nrubin@cisco.com or 408-853-1705).

Thank you for your prompt attention to this matter.

Shawna Callahan
Ethics Program

*Shawna Callahan*
*Ethics Program Office*
*WW Diversity & Ethics*
*Cisco Systems, Inc.*

*phone: 408-853-0290*
*email: scallaha@cisco.com* " *********************************************************

2

**HIGHLY SENSITIVE**

**CONFIDENTIAL**
- DO NOT DOWNLOAD: The Sensitive List is updated on a regular basis and changes are made to company listings.

FOR RECRUITING PURPOSES ONLY

**HIGHLY SENSITIVE**
- Do not forward this spreadsheet outside of Cisco Sales HR / CSHR
- Should you have questions, contact Tony Bastardo regarding Anthony Bazar.
- Interviewing may not occur with any company on this list until the Cisco Manager servicing that Customer/Partner approves. To identify the Cisco Manager, please visit StarViper at http://wwwin.cisco.com/CustAdv/InfoSys/sales/star/viper/
- After receiving approval to continue their application, Cisco recruiter must contact the applicant's current manager to confirm interviewing should only occur after the responsible Cisco VP approves.
- No targeted recruiting efforts within these companies
- Should you have questions, contact Celia Harper-Guerra.

**SENSITIVE**
- The recruiter may schedule interviews with candidates that have directly applied to Cisco.
- Targeted recruiting efforts within these companies should occur only with the express agreement of the responsible Cisco VP.

**CUSTOMER/PARTNER/TRAINING PARTNERS**
- Interviewing may not occur until the Cisco Manager servicing that Customer/Partner approves.

| HIGHLY SENSITIVE | CISCO CONTACT | SENSITIVE | CISCO CONTACT | COMMENTS | AUTHORIZED RESELLERS | IKD |
|---|---|---|---|---|---|---|
| ALL CCIE's employed by ANY Customer/Partners | | Acxiom | Bob Bruce | | Alexander Open System | |
| AE Business Solutions | | Adobe | | Whitney Tomlin | Alcom Electronics, Inc. | |
| Alcatel | | Allant-Canada | Dean Trad | | Alta Technology Partner | |
| All Erse | | . Bell Canada | | | Baker Communication | |
| Ameritech (now SBC) | | | | | | |
| | | Albei | | | Barcode Consultant | |
| Andersen Consulting | | American Family Insurance | Glen Loren | | Computer Sciences Corp | |
| AOL | | Ambitor | Bill Hanahan | Whitney Tomlin | Dataway Computer System | |
| AT&T (see below) | | Apple | Arnaldo Monagan | | Intelligent Computer Consult | |
| Atel Broadband | | Arcom Electronics, | Bob Okazaki (cable only) | | Lechine Data Computer Guide | |
| Bell Atlantic Mobile (aka Verizon Wireless) | | AT&T - Canada | Jim Rach | | Friends, Inc | |
| Bell South | | BC Telus - Canada | Todd Hasselhock | | Equant Integration Svcs | |
| Berone Information Networks Corporation | | British Telecom | Kristin Brumgartner | | GTSI Corp | |
| Bissing | | Cable Wireless | Eric Russe | | Itecom Information Svc Inc | |
| BP etc... | | Calihoma | Craig Todd | | Info Systems, Inc | |
| Broadreach Computing | | CentrvoliEl Camino | Bob Bruce | | Internetwork Engineering | |
| Californmi | | Charles Schwab - customer | Whitney Tomlin | Whitney Tomlin | LAN Corporation | |
| Cabeus | | Chevron | Joe Espusto | Whitney Tomlin | Masterlink Enterprises | |
| Chase Manhattan Bank | | CompuCom | Nickey Lewis | | METRVA Networksvs Corporation | |
| Comcast Technology Services | | Compuserve | Marc Adam | | Midland Systems, Inc | |
| Comcast Communications | | Computer Horizons | Bob Bruce | | Mountain States Networking | |
| Comscan, Inc | | Comstor | Rick Adams | | Natura Normurry Lan Corp. | |
| | | CSW | Bob Bruce | | Phoenix Networks, Inc | |
| | | Cybercal | | | REAL Applications Solutions | |
| | | Datato | Bob Bruce | | RSL Communications Networking | |
| | | | | | CDW, Ben & July 1999 | Symbolic Hsw List |

BBH (aka Gerunty and GTEI) | Bell Bryce |

Americas / Americas Int / AusNZ / Singapore / HK / Taiwan / PRC / Korea / India / UK / EMEA / CISCO-ACT-08-01 (double click) / CISCO-ACT-08-01 / WPRO / WPRO - cont'd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

    *Plaintiff*,

v.

CISCO SYSTEMS, INC., BRUCE
BASTIAN, KATE DCAMP, LYNN
FRASER, CELIA HARPER-GUERRA,
and RICK JUSTICE,

    *Defendants*.

CIVIL ACTION NO. 05-11005-PBS

## DEFENDANTS' OPPOSITION
## TO PLAINTIFF'S MOTIONS TO CONSIDER/ADMIT

The defendants in the above matter ("Defendants") hereby oppose two Motions to Consider/Admit (the "Motions," Docket Entries ##62 and 63) filed by plaintiff Anthony Bayad ("Bayad"). As the documents Bayad seeks to admit are inadmissible, irrelevant, and untimely, the Court should deny both Motions.

The "First Motion" (Docket Entry #62) seeks to admit (presumably for summary judgment purposes) the unverified complaint from Bayad v. Lucent Technologies, Inc., et al., Civil Action No. 97-06671 (S.D. Fla.) (the "Bayad Complaint").[1] The First Motion also seeks to admit a Notice of Right to Sue from the Equal Employment Opportunity

---

[1] The United States District Court for the Southern District of Florida granted summary judgment to the defendants in that lawsuit and Bayad's appeal of the summary judgment was dismissed. See Memorandum and Order, dated October 25, 2004, in Bayad v. Chambers, et al., Civil Action No. 04-10468-PBS ("Bayad I") at 5, attached at Tab A hereto. Bayad's assertion that the case "is still pending . . . because the final order stated that the Court did not have jurisdiction over plaintiff action," Second Motion at 1, is an apparent reference to the fact that Bayad's appeal was dismissed for lack of jurisdiction.

Commission (the "EEOC Notice"), dating from April 1997, that was attached to the Bayad Complaint. The "Second Motion" (Docket Entry #63) seeks to admit the unverified complaint from <u>Elsiah v. Lucent Technologies, Inc., et al.</u>, Civil Action No. 97-06778 (S.D. Fla.) (the "Elsiah Complaint," collectively with the Bayad Complaint, the "Complaints").

The Court should deny the Motions for three reasons. *First*, Bayad may not use the unverified Complaints either to support his own motion for summary judgment or to oppose the Defendants' pending cross-motion. See <u>Fragoso v. Lopez</u>, 991 F.2d 878, 887 (1st Cir. 1993) ("We have made it crystal clear that, in opposing summary judgment, a litigant 'may not rest upon mere allegations in, say, an unverified complaint or lawyer's brief, but must produce evidence which would be admissible at trial to make out the requisite issue of material fact.'"), quoting <u>Kelly v. United States</u>, 924 F.2d 355, 357 (1st Cir. 1991); Fed. R. Civ. P. 56(e). *Second*, the proposed submissions are irrelevant: the EEOC Notice (which presumably related to Bayad's allegations against Lucent) expired by its own terms ninety (90) days after it was issued, and both the Bayad Complaint and the Elsiah Complaint allege misconduct by Lucent employees who are not parties to this suit. In contrast, the Order in <u>Briddell v. Saint Gobain Abrasives, Inc.</u>, Civil Action No. 04-40146-FDS (the "Briddell Order"), which Bayad attached to the first Motion as legal authority, deals with the relevance of past discriminatory acts by the <u>same</u> defendants. See Briddell Order at 3-6. None of Bayad's proposed submissions, consequently, could have any bearing on this action. *Finally*, the Motions are untimely. Summary Judgment submissions were due on July 30, 2006, and the Court required all opposition material to be filed fourteen (14) days later. Order Re: Motion to Dismiss,

2

dated July 12, 2006, at 3-4 (the "Order," Docket Entry #31). The Complaints and the EEOC Notice are over eight years old. Even if they were admissible, and even if they were relevant, Bayad provides no explanation for his failure to submit them in compliance with the Court's time standards. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1998) (even pro se parties must comply with procedural requirements).

Bayad is, however, correct on one point. This case is not, as Bayad candidly admits, about the so-called "No-Hire List." First Motion at 4; Second Motion at 4. As both Motions make clear, this case is really about Bayad's efforts to relitigate his unsuccessful suit against Anthony Savastano and Carl Wiese. See, e.g., First Motion at 2 (asking the Court to consider "Anthony Savastano and Carl Wiese 'act[s] of past history motive of discrimination and their personal racist vendetta . . ."); Second Motion at 4 (stating that "these two individuals (Carl Wiese & Anthony Savastano) need to stop and it is you, your honor Patti B. Sarris [sic] that need to bring this matter to closure"). As set forth fully at pages 6-9 of the Defendants' memorandum in support of their cross-motion for summary judgment (Docket Entry #34), this Court's grant of summary judgment in Bayad I bars any attempt to pursue Bayad's now-dismissed claims in a subsequent suit

[Balance of page intentionally left blank]

against another set of Cisco employees. Id. at 6-9. This Court should consequently deny the Motions and grant the Defendants summary judgment.

        Respectfully submitted,

        CISCO SYSTEMS, INC., BRUCE BASTIAN,
        KATE DCAMP, LYNN FRASER, CELIA
        HARPER-GUERRA, and RICK JUSTICE

        By their attorneys,

        /s/ Matthew Iverson
        Bruce E. Falby (BBO #544143)
        Matthew Iverson (BBO #653880)
        DLA PIPER US LLP
        33 Arch Street, 26th Floor
        Boston, MA  02110-1447
        (617) 406-6000 (*telephone*)
        (617) 406-6100 (*fax*)

Dated:  November 10, 2006

### CERTIFICATE OF SERVICE

I, Matthew Iverson, certify that on November 10, 2006, I served this document upon Anthony Bayad, 2 Magoun Avenue, Medford, Massachusetts, 02155, by Federal Express.

        /s/ Matthew Iverson

BOST1\449154.1
26573-15