# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) <br> ) <br> ) <br> Plaintiff , ) <br> ) <br> ) <br> ) <br> BRUCE BASTIAN; KATE DCAMP ) <br> LYNN FRASER;CELIA HARPER-GUERRA; ) <br> RICK JUSTICE; CISCO SYSTEMS INC. ) <br> Defendants, ) | CIVIL ACTION <br><br> CASE NO. 05-11005PBS |

**"DIRECT EVIDENCE" AND "MEMORUNDOM OF LAW IN SUPPORT" OF " PLAINTIFF MOTION FOR SUMMARY JUDGMENT PROVED TO BE ALLOWED" DOCKET ENTRY #45 – "HIS RELIEF REQUESTED MUST BE GRANTED" – FOUND IN THE COMPLAINT DOCKET ENTRY #1 AT PAGE(S) 36-37 AND DOCKET ENTRY #1 EXHIBITS No. 1- 28 IN SUPPORT OF RACE DISCRIMINATION**

1.   Attorneys ' First violation of "Court Order dated 03/13/2006"
("Defendants shall fulfill their obligations under the automatic disclosure rules, <u>including any copies of the so-called –Cisco-no-hire-list</u> within 30 days")

**Plaintiff Anthony Bayad** ( "I") states:  Why this court did not act accordingly?  when the facts are straight forward,  when the  attorneys Bruce Falby et, al., made this court look without jurisdiction, when [t]hey intentionally ignored the court' order, lied about the Cisco No Hire (Bayad) list, even stated to the Appeal court of the first Circuit that it did not exist, then they stated that it existed, then they stated that it existed but it did not exist, then they stated wait a minute that some one acted ridiculously and has added Anthony Bayad ' s name it,  the list. Then they get tired of lying and I don't know what  they were thinking " of" when  they **sneaked** the hard copies of so called **the Cisco No Hire ( Bayad) list** in their (Bruce Falby and

1

Bayad).  Now we turn the court, the Hon. Patti B. Sarris, and Bayad ask the court the following:  Where is the Attorneys – Defendants ' version of the Cisco No Hire ( Bayad) List, the Electronics version of their hard copies that they provided found in their declarations;  and Why Bruce Falby et, al.,  did not comply with your order by providing his electronics version to be authenticated to his hard copies version?  Your Hon. Patti B. Sarris, the Court? You must ask why this silence is this a smoking gun or it is an evocations  or an emanation or simply obstruction of justice.  Upon review of all the Declarations of the Attorneys, Bruce Falby et, al., and the defendants docket Entry # # # # # # 36, 37, 38, 39, 41 and 42. It is a shame the attorneys are becoming the witnesses and defendants. I am reminded what my Jewish lawyer David Sales who sold my case, When he told me in French about racism as his family were considered once in history as second (2) or Third (3) as I, Anthony Bayad is now treated and considered in this Court because I am an Arab-Moroccan, and told me – that  the associate words  racism passed on:

> "These words reflect the values we were taught as children, and they define who we are as citizens of the world.

. . . . but fact of the matter David Sales meant as he should tell me that our value are:

> **"Fairness.  Respect.  Integrity.  Justice. As one nation under one God." And " Every one has rights in this country" and " the highest office of this land is Citizenship"(Hon. Chief Justice Mark L. Wolf, Lowell Mass.) And  " We, Americans welcome all immigrants of all races and all genders, who enter legally in this country, by see or by air or a la marche" ( Bayad)**

2.        **<u>Second Violation of another "Court Order dated 12/6/2006"- "depositions" by telephone pursuant Rule Of Civil Procedures 30(b)(7);</u>**

Attorneys, Bruce Falby et, al., are silence and ignoring such Court Order, knowingly Plaintiff Anthony Bayad, complied fully of their desire to run the show. No response from the attorneys as the Court Reporter and Bayad , both waiting for them to respond to us.

_____

Now comes,  Plaintiff Anthony Bayad ("I") move this court to <u>allow</u> my "Motion of Summary Judgment" and to Grant "All Relief Requested"  found in the Complaint Docket Entry #  1 at page 36-37 as matter of law. Wherefore, Defendants and their army of lawyers, Bruce Flaby et, al., bearing the burden of defense  has lost, the allocation of the burden of defense have drove the case's final disposition. . We can go no further, when the facts are straight forward, such discriminatory animus list, the Cisco –No- Hire- List is direct evidence  that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see <u>Santiago-Ramos vs.  Centennial   P.R. Wireless Corp</u>., 217 F. 3d 46, 56 ( 1st Cir.). Hence,  we reiterate to this court that  the attorneys have not comply with the rule of evidence and have violated the order of this court dated 03/13/2006, the hon. Patti B. Sarris Presided. " Where are the defendants and their attorneys ' electronics copies?"  they refused  to provide it - are silence in this matter. I advise  this Court, when  I have informed this court  thru motions that the defendants and their army of lawyers did not provide me or this court the electronics of the Cisco- No-hire-List that is found in their attachments found  in their declarations. Again,  I informed this court as I did now, that they have only provided the Hard copies that authentic my hard copies. Hence, the attorneys are in violation- in contempt with the court when they did not comply with this  court ' order dated 03/13/06.

See my motions for default judgment – my motion of sanction, all denied are found at Docket Entry # # # # # # # 2, 25,26, 46, 47, 49 52- 53. However, I provided the electronics copies of the Cisco- No-Hire-List and I provided about 2 to 3 affidavits explaining in it(s) - in support of the so called the Cisco-No-Hire-List, the discriminatory animus list targeting me and others minorities with similar background and race.

3. **<u>Similar act of discrimination is admissible Title VII Section & 704 is retro-active and cure plaintiff' claims of discrimination- defendants- Cisco Systems Inc./ Lucent Technologies Inc. / international Networking Services Inc., the same defendants</u>**

(See Docket Entry # 1 at page 2-3 Jurisdiction- mentioned *Title VII* once being used against the same defendants – invoke *Title VII Section 704* ( Prohibiting retaliation))

**<u>See Docket Entry # 1 Exhibit No.26</u> for the following facts,Defendant Lyn Fraser statement**

Moreover, in support of the Cisco-No-Hire-List, Lynn Fraser, the defendant, my former manager, openly stated to hiring managers and recruiter(s) that she doesn't recommend Anthony Bayad (I) back to Cisco Systems as she told other hiring manager(s) in close sessions " not to hire Anthony Bayad, I." Why defendant Lynn Fraser and others are discriminating against me is because Anthony Savastano and Carl Wiese, defendants, Cisco Systems; <u>see</u> in case No. 04-10468 PBS (D. Mass.) ( This case has been proved absent of any discovery but the record states otherwise). These Owners of Cisco Systems – defendants in the above caption matter, have spotted me working with them at Cisco Systems. See Docket Entry # 1 Exhibits No. 4, 5, 6, 7, 8, 9, 10. And, to prove similar

act of discrimination by the same defendant, we turn now the attention of this court and we ask to review Bayad ' Motion of similar act of discrimination is admissible" Docket Entry # 63 and in support of such motion " similar act of discrimination is admissible and history/motive and intend is admissible, such motion should be allowed, when it supported by this court own order, the ORDER DATE NOVEMBER 10, 2005 CASE No. 04-CV40146FDS (D. Mass); And we turn to similar act of discrimination and violation of Title VII 704 that prohibit retaliation when a plaintiff was engaged in protective activities and has complained and has participated in a law suit under Title VII, See *Bayad v. Lucent Technologies (Cisco Systems Carl Wiese) Anthony Savastano (Cisco Systems), et al*. case No. U.S.D.C., S.D. Fla., Case **No. 97-6671-Civ-Roettger**; Also see Docket Entry # 1 , the complaint, (similar act of discrimination is admissible and history of discriminatory by the same defendants is admissible): See the ORDER DATE NOVEMBER 10, 2005 CASE No. **04-CV40146FDS** (D. Mass)  The Honorable Chief Magistrate Judge, the hon. Charles B. Swartwood III, has ordered :

( see Page 3-4)

> "This court has previously found that, " plaintiff[s] should be permitted to show that defendants' past practices manifest a pattern of . . .discrimination." Jackson v. Harvard, 111 F.R.D. 472, 475 ( D. Mass. 1986, D.J.). In other words , evidence of a pattern of behavior is relevant to discrimination claims such as those which have been asserted by plaintiff. See e.q. Scales v. J.C. Bradford and Co., 925 F.R.D. 901, 906 ( 6th Cir. 1991) ("It is well settled that information concerning an employer' s general employment practices is relevant even to title VII/(1981/1985) individual disparate impact claim";

>  Gleen v. Williams, 209 F.R.D. 279, 282 (D.D.C. 2002)
>  "similar acts of discrimination is admissible ... "

**Defendants**, Cisco Systems Its owners/partners Carl Wiese and Tony Savastano mentioned above were named defendants in Florida United States District Court, have conspired with Lynn Fraser to discriminate against me and to destroy my life and my career because I am an Arab of Race and an American with an origin of Morocco. See such discriminatory statements: The complaint Docket Entry 1 Exhibit No.26. When we can go no further, when the attorneys' inserted a defense to Defendant Lynn Fraser discriminatory statements: that she told the hiring Managers that she doesn't recommend Anthony Bayad not to be hired with any potential employer(s), simply because he is not a CCIE ( Cisco Certify Internetworking Expert). I take their defense as telling us that Lyn Fraser, My former Manager openly Blocked my employment with Cisco and with any potential employer[s] published in the discriminatory Animus list, the Cisco-No-Hire( Bayad) List, but the attorneys don't believe so because they introduced her declaration contradicting them selves that: I ( Anthony Bayad) was less utilized. I provided to them strong facts, the Cisco Time Sheets that the attorneys themselves admitted t it, these time sheets show that I was more utilized than my co-Workers, such prove are – Anthony Bayad hours are ≥ ( more or equal) than my coworker at Cisco Systems. See Docket Entry # 1 of the time sheet. Then, the Attorneys went further and stated on the records in their defense that Anthony Bayad was less qualify expertise wise. Here, we can go no further, when the facts embedded in the complaint Docket Entry # 1

7

Exhibit No. 2, the Job Review where my manager Lynn Fraser, the Defendant, wrote in such review that I was training my coworker as she putted it to me that I needed to " put a cable to my head and download all the information to my white coworker"; also, see my credentials embedded in docket Entry # 1 Exhibit No. 12 ( College Grad-dean list 4 times Certify Internetworking Expert Level from fortune 500 company- and list goes on and on). We return now to the CCIE ( Cisco Certify Internetworking expert), this defense is not standing tall as it is very damaging to their clients, the defendants, Cisco Systems, because when the jury will hear such defense, when I, Anthony Bayad a college Grad in the field of Internetworking- Hardware and software level, I am Security Expert at the FBI Level , I am Cyber Law Expert, I am Expert troubleshooter at the FBI and NSA level, I am Security Tester Penetration, and the list goes on and on, but my Managers and my white coworker are not; when I am Certify Internetworking Expert Level and Defendant Lyn Fraser and my white coworkers are not; when I am Cisco Systems Certify Internetworking Engineer and AVVID ( IP TELEPHONY trained specialist), I am Bay Network - Nortel Certify Internetworking Expert level, and I am Proteon Certify By this company, Proteon Inc., on about the year of 1990 even before the birth of Cisco Systems and it certification. I rest my case in this area. I also add to this court, to demand the attorneys to provide a paper that Anthony Bayad cannot be re-hired back to Cisco Systems as the defendants have done, because the only documents is the Cisco No – Hire ( Bayad) List, and because, I don't <u>see</u> **Docket Entry # 1 Exhibit No. 21 – Cisco jobs descriptions –called prerequisites** none of these Cisco job prerequisites state or required

CCIE . Additionally, I reviewed all the positions and its descriptions that Cisco Systems, the defendants called its jobs prerequisites. I must tell this court I was flabbergasted when none of these Job Descriptions and requirements have mentioned, the word CCIE. I found no statements that indicate that the applicants need to be a so Called CCIE. I advise this court that if we turn our clock 3 years back and one step back in time, I found as I reviewed my "Cisco Offer Letter ( Cisco Employment Contract)"such paper of Cisco doesn't state that I need[ed] to be CCIE or any thing about the CCIE. I found as I reviewed my record - I did not found any letter or document from Cisco Systems nor any communication – email – nor voice mail originated from Cisco- from My manager Lynn Fraser, the defendant, directing me to be CCIE. But, I found that my employment review was high average as it states that Anthony Bayad (l) meet and exceed expectations and states in it that I was training my coworkers. See Docket Entry # 1 Exhibit No. 1 and Exhibit No.2 of such direct Evidence. Although, I state to this court that the attorneys, Bruce Falby et, al. ' affirmative defenses, respectfully, under the Fed. R. Civ. P. Rule 12(b)(6), referring to their Cross Motion for summary judgment, a conversion of their motion to dismiss is not subject to judicial notice, and <u>constitute inadmissible hearsay.</u> See complaint Docket Entry # 1 Exhibit No.21 , Exhibits No. 1 and No.2 and No.3 . These direct evidence embedded in the Complaint speaks for it self in the record of support of discrimination claims. However, what is striking the most – surprising the most – smoking gun, when this above caption law suit was filed,

9

thereafter the attorneys did not waste time, have ran and have directed their clients Cisco Systems to change the content of all the job descriptions, the prerequisites at Cisco to include but not limiting that all applicants, the engineers seeking jobs and employed that they need to be certify within one (1) year of their employment at Cisco Systems. First of all, I applaud at the attorneys, when I call such move a smoking gun. It is a shame, when the facts embedded in the Complaints Docket Entry #1 Exhibit No.21 states otherwise. I state to the hon. Patti B. Sarris, the court, that Hon. Gorge O'Toole has once ruled, " when an employer or defendant, at different times, gives different and arguable inconsistent explanations in discrimination case, Jury my interfere that articulated reasons are pretexts for race discrimination. See <u>Dominguez v. Shuttle Caribbean, Inc</u>., 202 F.3d 424, 431-32 ( 1st Cir.); and in the above facts and the record drawn , Bruce Falby et, al., Counselor(s) various explanations and statements and records and exhibits , Counselor(s) attempt to conceal its true reason for taking the challenge action (which can be considered <u>Reeves v. Sanderson Plumbing Products, Inc</u>., 530 U.S. 133, 147-49 (2000).

The supreme Court states : (about those who do not know who to lie as Bruce Falby et,al.)

> **" The proffering a false reason for the challenged action would be ordinarily support the inference that the real reason was unlawful, and such a proffer may be made in the defendants ' origin explanation to the plaintiff, in its position statement to the ( EEOC) or other enforcement agency, in its responses to discovery, in its pretrial court filing, or in its efforts to confuse the Jury during opening or closing statements. In none of these situations is the plaintiff barred from relying on the employer ' s deceit unless the employer attempts to repeat the deceit in the evidence it offers at trial. Nowhere, in the law is there rule that a liar suffers advers consequences only if he or she repeats the lie in court."**

However, It is easy to win a case when counselor(s)< Bruce Falby et, al., can change the law by simply asserting arguments or defense or tweaking the statements and the law, which provides more protection that the law currently allows, this does not mean, however that they can insert any argument without backing it up and declarations of their own, but without proper supervision from the Court, the Hon. Patti B. Sarris, and without proper discovery as proscribed by law, Federal Rule of Evidence and Federal Rule of Civil Procedures, and Counselor(s) admit in their defense that there is a " Fire" ( disputed Facts) in this discrimination law suit, but declare there is no "Smoke" ( pretending no disputable facts); Thus, the smoke is only coming from the " Smoking Gun"

4. **Defendants, Cellia Harper-Guerra & Kate Dcamp, Cisco Human Resources, are Sending me Company e;mails of correspondence requesting me to provide my race and my gender before being hired. Are these Cisco e:mail correspondence discriminatory or retaliatory? I believe both? See docket Entry #1 Exhib. No. 26- 27**

( Kate Dcamp has committed perjury when she stated that she is not S.V.P Human Resources when I know the women and I met her and I wrote to her letters and e:mails, she is the S.V.P Human Resources) What is going on see Docket Entry # # 46 -47)

Hence, I like to point out to this court that each time I apply for a position with Cisco Systems and I go thru the proper channel, it means I apply for a job contacting Defendants Kate Dcamp and Cellia Harper Guerra the Cisco-No-Hire-List Admin., Cisco Systems Human Resources, these defendants are very funny and I think it is a stupid of their actions (1) they are Human Resources, (2) they publish and promote diversity at work place, (3) they participated in writing and distributing the Cisco Business Code of Ethics prohibiting discrimination in the work place, (3) when they

promote open communication channel to upper management in regard to sexual harassment and discrimination and fraud and the list goes on and on. It very stupid that their action is being racist and against the law, when they reply to my job request – by sending me in retaliatory and on discriminatory ground a correspondence asking me to identify my race and my gender before being hired. It is a shame. However, when I skip them and I apply for a position with Cisco Systems – contacting directly the hiring manager, who proceed with an interview and an oral offer upon verification of my employment at Cisco and what this means the hiring manager need to speak with my former Manager, Lynn Fraser, Cisco Systems. I let this court to figure the next step. : o' not to hire Anthony Bayad. Therefore, if I cannot be hired how can I conduct Business . How can I tell my customers and my clients that I worked at Cisco Systems and I am an expert on their AVVID technology ( IP Telephony Architecture) and the list goes on and on. You honor, men and women of honor, I proved my case and the depositions is only going to disbar – to suspend and to prove that the attorneys and others have conspired and openly denied me, denied me my rights of due process a constitutional rights that they are all enjoying and for some reason, I am not, as I guarantee with a prove as I have done in this court, that the reason my rights are not secured in the book of law - are not secured to me, as no hearing in this court was scheduled, for one sole reason is  because <u>I am an American with an Arab of race</u>, and absolutely not of my color of my skin.

**<u>Anthony Bayad statement to those who believe,  all races and genders are equal under the  law</u>**

How ever, you guys have a future - a job and family to go to but where is mine- my future, I will tell you my future was put to sleep by too people Carl Wiese and Anthony Saavastano, whom are hiding behind the golden parachute and their army of lawyer that the American People are paying for it, Cisco is a publicly traded company. It is not right, when "the very essence of Civil Right of every individual to claim the protection of the laws whenever the receives an injury." And " Purpose of law is to prevent the strong from always having their way." Ovid. God Bless because there are lot of men and women of highest honor and integrity and this country is a wonderful country.(see

"These words reflect the values we were taught as children, and they define who we are as citizens of the world."

"Fairness. Respect. Integrity. Justice. As one nation under one God."

**Wherefore**, Plaintiff Anthony Bayad ("I") demands that this court: See Complaint Docket # 1 page 36-37, the relief requested.

(a)   declare the defendants' conduct to be in violation of my rights;

(b)   enjoin defendants from engaging in such conduct in the future;

(c)   award me back pay and benefits (with interest) that have accrued to date;

(d)   award me front pay until normal retirement age as I am 39 years old;

(e)   award me compensatory damages of $ 10,000,000.000 or more for emotional distress, mental anguish, and loss of enjoyment of life and the disparate treatment, and discrimination and false imprisonment that I suffered at the hand of the defendants;

(f) award me compensatory damages of $2, 000,000.000 for interfering with my Civil Rights, conspiring to restrict me from equal rights and benefits, and for defaming and destroying my life, and blocking me for working and conducting my business;

(g) Award my damages of $3, 000,000.000 or more for defamation and damage to my business and my career and my health, my reputation, injury to my character and to my credit standing;

(h) Award me punitive damages in the amount of $20, 000, 000. 000 or more;

(i) Award me costs and legal fees;

(j) Grant me such other relief as the court may deem just proper.

For the following count(s):

**PUNITIVE DAMAGES** ( Published by Dla Piper Rudnick Gray Carry 'official web site)

- "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs $4 million in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two drivers to ethnic harassment and ridicule during their two years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . . etc"

1. **COUNT I RACE DISCRIMINATION**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the

inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5. **COUNT IX FALSE IMPRISONMENT**

Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6. **RETALIATION ( NOT MASSACHUSETTS LAW )**

Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the

inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**As the court deems and proper or tier of fact or by jury**. (See Docket Entry #1, in support)

## CONCLUSION

Again the defendants and their attorneys, Bruce Falby Et, Al., are in violation of the second order dated December 6 , 2006.

## CERTIFACTION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, First class - U.S. Mail on January 3, 2007.

Respectfully submitted

_____

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155