UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br><br>*Plaintiff*,<br><br>v.<br><br>CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE,<br><br>*Defendants*. | CIVIL ACTION NO. 05-11005-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE AND FOR PROTECTIVE ORDER
<u>TERMINATING DISCOVERY</u>**

Defendants submit this memorandum in support of their Motion to Strike and for Protective Order Terminating Discovery (the "Defendants' Motion"). Plaintiff Anthony Bayad has recently filed a number of pleadings in the above matter (collectively, the "Filings").[1] These include (1) an affidavit referring to the Court's children (the "Affidavit," Exhibit A to Defendants' Motion); (2) a motion declaring discovery terminated (the "Discovery Motion," Docket Entry 78); (3) a motion demanding relief whose bizarre caption includes profanity (the "Demand Motion," Docket Entry 79); (4) a memorandum of law ostensibly supporting the motion for summary judgment that Bayad filed in July 2006 (the "Memorandum," Docket Entry 76); and (5) a motion seeking an emergency hearing (the "Hearing Motion," Exhibit B to Defendants' Motion). The Filings include material that is false, scandalous, and threatening.

---

[1] The certificates of service attached to several of the Filings state that Bayad served them on December 6, 2006. Defendants received service of all of the Filings between January 4, 2007 and January 8, 2007.

Part I of this Memorandum explains why this Court should deny Bayad the relief he seeks and strike or deny certain Filings. Part II of this Memorandum explains why the Filings justify a protective order terminating discovery.

## ARGUMENT

**I.     The Filings Should Be Stricken Or Denied.**

**A.     The Memorandum Is Untimely.**

The Memorandum (Docket Entry 76) purports to support Bayad's motion for summary judgment (Docket Entry 45). Pursuant to this Court's Order (Docket Entry 31), Bayad was to file all summary judgment papers by July 31, 2006, and file any papers in opposition to the Defendant's Motion for Summary Judgment by August 14, 2006. Bayad filed the Memorandum almost six months after this deadline expired, and gives no excuse for the delay. Accordingly, the Court should exclude it. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1998) (pro se status "does not insulate [a party] from complying with procedural and substantive law").[2]

**B.     The Discovery Motion States No Basis for An Award of Damages.**

The Discovery Motion (Docket Entry 78) declares that "Discovery is Terminated" and asks the Court to close the case and award Bayad $35 million dollars in damages. Bayad states no basis for an award of damages, and his request should accordingly be denied. Defendants agree that discovery should be terminated.

---

[2] The Memorandum is also insubstantial. The first seven pages repeat allegations regarding the so-called No-Hire List, Bayad's long-dismissed action against Lucent Technologies in the United States District Court of Florida, and statements made by Bayad's former supervisor about his suitability for rehiring. These Defendants have already addressed these arguments. See, e.g., Defendants' Opposition to Plaintiff's Motion #3 (Docket Entry 72); Defendants' Opposition to Plaintiff's Motion to Consider/Admit (Docket Entry 64). The balance of the Memorandum consists of allegations about Cisco job positions and Bayad's qualifications for them. They may not be considered for summary judgment purposes because they are unsupported and unsworn. Fed. R. Civ. P. 56(e).

### C. The Demand Motion Is Scandalous.

The Demand Motion (Docket Entry 79) in its caption and text accuses attorney Bruce Falby of using profanity in communications with Bayad,[3] but (unsurprisingly) Bayad does not attach a copy of the allegedly offending material. Defendants' attorneys have only sent two pieces of correspondence to Bayad. The first was a letter to Bayad's court reporting service (Exhibit C to Defendants' Motion), advising the court reporter of the Court's December 19, 2006 protective order (Docket Entry 73). The second was a letter proposing alternate deposition dates (Exhibit D to Defendants' Motion). The letters do not contain profanity and are entirely appropriate. Bayad's allegations are scandalous, and should be stricken. Fed. R. Civ. P. 12(f); Nault's Auto. Sales, Inc. v. American Honda Motor Co., Inc., 148 F.R.D. 25, 30 (D.N.H. 1993) (pleadings which use repulsive language are scandalous within the meaning of Rule 12(f)).

### D. The Affidavit is Irrelevant.

The Affidavit (Exhibit A to Defendants' Motion) does not set forth specific facts relevant to any of Bayad's pending motions.[4] Additionally, if the Affidavit is intended to support Bayad's motion for summary judgment, it is untimely. See supra Part I(A). It should therefore be stricken. Fed. R. Civ. P. 12(f).

### E. There Is No Need for a Hearing.

The Hearing Motion (Exhibit B to Defendants' Motion) requests an emergency hearing on Bayad's other motions. A hearing is unnecessary because, as set forth above, none of those

---

[3] See Demand Motion (Docket Entry 79) ("Notice: Attorneys Bruce Falby et al. Provided Me With Attachment by Fedex Today States the Following Word: 'F.U.C.K. Y.O.U.' and I Reply to Them With The Following Word: 'T.H.A.N.K. Y.O.U. M.Y. M.A.S.T.E.R.'").

[4] With the exception of a general statement alleging that the Defendants and Lucent Technologies provided Bayad with the exhibits attached to the Complaint, Affidavit ¶ 1, the Affidavit is an expression of Bayad's frustration with the legal system.

motions warrant relief.

**II.     Discovery Should Be Terminated.**

The Defendants have made a good-faith attempt to arrange telephonic depositions in accordance with the Court's December 6, 2006 discovery order.  See Exhibits C and D to Defendants' Motion.  Nevertheless, it is apparent from the Filings' tenor that depositions, should they be allowed to proceed, will be a vehicle for Bayad to verbally harass the defendants.  See, e.g., Demand Motion (Docket Entry 79) in caption and at 3 (using profanity); see also Notice to Attorneys for the Records (Docket Entry 71) at 3 ("I do not like you and do not like your Clients, the Defendants.") (emphasis in original).

Bayad's repeated use of subtly threatening statements in his pleadings is unsettling.  His Affidavit invokes the Court's "4 beautiful children."  Affidavit ¶ 6 (Exhibit A to Defendants' Motion).  See also Discovery Motion (Docket Entry 78) at 2 ("Mr. Eliot Managing partner of DLA Piper Rudnick Gray Cary US LLP, I like him to say hello to his friends and my friends, and tell them that Anthony 'says Hello'."); id. at 3 ("Your honor close this case. Because there is always another avenue- an open door that I going to!").

Mr. Bayad is not rational.  A review of the Filings confirms it.  As a further example, shortly before Christmas, undersigned counsel received a box in the mail from Mr. Bayad decorated with pictures of Mickey Mouse and Huey, Dewey and Louie (to which Mr. Bayad had added nonsensical dialogue balloons).  The box contained an enormous baby pacifier.  See Affidavit of Bruce E. Falby ("Falby Affidavit") ¶ 6.

Until Magistrate Bowler ordered him to stop, Mr. Bayad made repeated telephone calls to Cisco's employees, leaving lengthy, rambling, emotional and sometimes threatening voicemails. He also made multiple calls almost every day to Cisco's outside counsel, filling their voicemail

4

machines with incoherent messages. Defendants in Bayad v. Chambers, C.A. No. 04-10468-GAO, filed a motion for a protective order to limit Bayad to written communications with counsel only, which Magistrate Bowler granted. Falby Affidavit ¶ 5. That motion was supported by two volumes of examples of Mr. Bayad's voicemails, which defendants re-submit to the Court in support of their motion. See Exhibits E, F, and G to Defendants' Motion.

These incoherent and threatening voicemails, as well as Mr. Bayad's recent Filings, portend the likely nature of Mr. Bayad's "questioning" at the four-hour depositions allowed by the Court's December 6, 2006 Procedural Order Re: Discovery (Docket Entry 67).

Each of the six witnesses whose depositions have been ordered has already submitted an affidavit disavowing any knowledge of Bayad's accusations, see Defendants' Opposition to Plaintiff's Response to Court Order at 4-7 (Docket Entry 61). As the Court has noted, Bayad has failed to explain why he needs the deposition of each witness. December 6, 2006 Procedural Order Re: Discovery, p. 1 (Docket Entry 67).

Under all the circumstances, there is no justification for forcing each witness to submit to four hours of telephone harassment and abuse by an irrational and threatening pro se litigant. See Delor v. Intercosmos Media Group, Inc., 2005 U.S. LEXIS 17683 (E.D.La.) (refusing to permit additional depositions where pro se plaintiff's behavior was "disruptive, obstreperous and harassing" and he employed "threatening words and conduct.").

Defendants therefore request that discovery be terminated, as Bayad has already declared. See Discovery Motion ("Motion Notifying that Discovery is Terminated") (Docket Entry 78). To the extent depositions are permitted at all, defendants request that they be limited to depositions upon written questions under Fed. R. Civ. P. 31.

5

**CONCLUSION**

For the reasons set forth above, defendants request that the Court (1) strike the Memorandum, Demand Motion, and Affidavit; (2) deny the Discovery and Hearing Motions (except insofar as the Discovery Motion requests that discovery be terminated), and (3) enter a protective order terminating discovery or, alternatively, limiting it to depositions by written questions.

        Respectfully submitted,

        CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

        By their attorneys,

        /s/ Bruce E. Falby
        Bruce E. Falby (BBO #544143)
        Matthew Iverson (BBO #653880)
        DLA PIPER US LLP
        33 Arch Street, 26th Floor
        Boston, MA  02110-1447
        (617) 406-6000 (*telephone*)

Dated:  January 11, 2007        (617) 406-6100 (*fax*)

**CERTIFICATE OF SERVICE**

I, Bruce E. Falby, certify that on January 11, 2007, I served this document upon Anthony Bayad, 2 Magoun Avenue, Medford, Massachusetts, 02155, by Federal Express.

        /s/ Bruce E. Falby
        Bruce E. Falby