UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY BAYAD,<br>  Plaintiff,<br><br>   v.<br><br>BRUCE BASTIAN, et al.,<br>  Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11005-PBS<br>)<br>)<br>)<br>) |

**FURTHER PROCEDURAL ORDER RE: DISCOVERY
AND ORDER ON MOTIONS**

January 12, 2007

Saris, U.S.D.J.

  Upon review of the submissions of the parties with respect to the deposition discovery to be taken by Plaintiff, the Court orders the following:

1. SCHEDULE FOR DEPOSITIONS: Plaintiff may take the deposition discovery in accordance with the proposed schedule for depositions set forth in Exhibit D attached to Defendants Motion for a Protective Order and Motion to Strike (#80).[1]

2. PLACE OF DEPOSITION: The depositions shall be conducted by the Plaintiff telephonically, subject to the following parameters:

  a. At the time of each scheduled deposition, counsel for the Defendants shall be present at defense counsel's

---

[1] It is Ordered that the deposition of Celia Harper-Guerra is to take place on January 19, 2007 at 1:00 p.m. EST; the deposition of Carl Wiese is to take place on January 23, 2007 at 1:00 p.m. EST; the deposition of Anthony Savastano is to take place on January 31, 2007 at 1:00 p.m. EST; the deposition of Kate Dcamp is to take place on February 1, 2007 at 1:00 p.m. EST; the deposition of Lynn Fraser is to take place on February 1, 2007 at 1:00 p.m. EST; and the deposition of Rick Justice is to take place on February 5, 2007 at 1:00 p.m. EST.

        law offices, along with the Court Reporter engaged by the Plaintiff to take the telephonic deposition.

    b. Plaintiff shall not be present at the law offices of defense counsel, but shall only be permitted to appear by telephone.

    c. Plaintiff shall provide Attorney Falby with a telephone number at which he may be reached at the time of the scheduled deposition, and Attorney Falby shall arrange to conference-call both the witness and the Plaintiff, so that the Plaintiff shall have an opportunity to depose the witness by telephone, and the Court Reporter may report the deposition proceedings from defense counsel's office.

    d. The telephonic depositions shall not exceed four hours in length.

3. PAYMENT OF COURT REPORTER: Plaintiff has represented that he will pay the costs of the Court Reporter for each deposition. If Plaintiff cannot pay the Court Reporter, or if he otherwise decides he does not want to proceed with one or more of the scheduled depositions, he must notify the Court Reporter sufficiently in advance that he does not intend to pay for Court Reporter services for each particular deposition(s). Plaintiff shall also notify defense counsel of this fact. Counsel for the Defendant shall provide the Court Reporter with a copy of this Order. The Court will deem the failure of the Plaintiff to pay the Court Reporter as represented, and/or the failure of the Plaintiff to comply with any aspect of this Order to constitute a waiver by the Plaintiff with respect to deposition discovery of each proposed deponent not deposed under the schedule set by this Court.

4. PAYMENT OF WITNESS FEES: Plaintiff has requested Attorney Falby return $240 provided to him, which the Court presumes was made in payment of the witness fees for the six depositions. See Letter to Bruce Falby (#85)(docketed January 11, 2007). In view of this letter, it is unclear whether Plaintiff intends to proceed with the telephonic depositions, or whether he has abandoned his request to conduct the six depositions at this juncture. Accordingly, it is hereby Ordered that if Plaintiff elects not to take one or more of the depositions in accordance with the parameters set forth herein, he shall notify defense

>   counsel, the Court Reporter, and this Court, in writing, <u>by no later than January 16, 2007.</u>

5.  CLOSURE OF DISCOVERY: In accordance with this Order, all discovery, including deposition discovery, shall be deemed closed as of February 5, 2007, unless further enlarged by this Court. Discovery is limited to the six depositions previously allowed by this Court.

ORDER ON MOTIONS

In light of the above Procedural Order, and upon review of the pending motions with this Court, it is further Ordered that the Plaintiff's Motion Demanding a Proper Action (#68) is Denied; Plaintiff's Motion Notifying That Discovery is Terminated (#78) is Denied as not comprehensible; Plaintiff's Motion Demanding the Court to Grant Sua Sponte All Relief Stated in the Complaint (#79) is Denied; Defendant's Motion for a Protective Order and Motion to Strike (#80) is Denied; AND Plaintiff's Motion for Hearing on Pending Motions (#83) is Denied. The cross motions for summary judgment are reserved pending completion of discovery and supplementation of the record if necessary.

**SO ORDERED.**

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge