# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY BAYAD,

Plaintiff,   ) CIVIL ACTION
             )
             )
             ) CASE NO. 05-11005PBS
             )
BRUCE BASTIAN; KATE DCAMP )
LYNN FRASER;CELIA HARPER-GUERRA;)
RICK JUSTICE; CISCO SYSTEMS INC. )
             )
Defendants,  )

_____

## PLAINTIFF ' GOOD FAITH SETTLEMENT OFFER TO BRUCE FALBY ET. AL,

**(Notice- this settlement offer is terminated on closing business hours - 01/17/2007)**

Plaintiff Anthony Bayad, it was communicated to me by legal expert that all civil cases do settle and they do not reach trial, and in good faith I was told to proceed with an offer to show good faith to the court and to show that there is no possible settlement and the only route is trial by jury or as deemed appropriate by this court, the Hon. Patti B. Sarris. Therefore, let show for the record and in good fate as I ask Bruce Falby et, al to settle this case for a total monetary damages less than what is demanded in Docket Entry # 1 page 36-37 ( relief requested), which is totaling to approximately to $47,000,000.00. + (plus) as deemed and proper by the court, but the settlement offer that is reasonable to ask counselor, Bruce Falby et, al. is within the opinion of the economical expert, and

1

such monetary amount of damages is $35, 000,000.00 + **(plus) as deemed and proper by the court.** However, if Bruce Falby don't agree about the requested amount, as you have my authorization to ask the Hon. Patti B. Sarris to enter a monetary damage reward as deemed and proper by Jury (to Decide)– by tier of fact ( the Hon. Patti B. Sarris) – or by this court, the Hon. Patti B. Sarris ' own decision, the court decision. Hence, in case you don't accept this good faith settlement offer is introduced herein, then when the depositions are over this court will grant plaintiff summary judgment on all counts, and by doing so, this court has an obligation to grant and will grant the relief requested in the complaint, for the following relief and counts, all have been proven by preponderance of evidence – direct evidence- concrete evidence. (after discovery no settlement conference)

    **Wherefore**, Plaintiff Anthony Bayad ("I") demands that this court: See Complaint Docket # 1 page 36-37, the relief requested.

(a) declare the defendants' conduct to be in violation of my rights;

(b) enjoin defendants from engaging in such conduct in the future;

(c) award me back pay and benefits (with interest) that have accrued to date;

(d) award me front pay until normal retirement age as I am 39 years old;

(e) award me compensatory damages of $ 10,000,000.000 or more for emotional distress, mental anguish, and loss of enjoyment of life and the disparate treatment, and discrimination and false imprisonment that I suffered at the hand of the defendants;

(f) award me compensatory damages of $2, 000,000.000 for interfering with my Civil Rights, conspiring to restrict me from equal rights and benefits, and for defaming and destroying my life, and blocking me for working and conducting my business;

2

(g)     Award my damages of $3, 000,000.000 or more for defamation and damage to my business and my career and my health, my reputation, injury to my character and to my credit standing;

(h)     Award me punitive damages in the amount of $20, 000, 000. 000 or more;

(i)     Award me costs and legal fees;

(j)     Grant me such other relief as the court may deem just proper.

For the following count(s):

**PUNITIVE DAMAGES** ( Published by Dla Piper Rudnick Gray Carry 'official web site)

- "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs $4 million in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two drivers to ethnic harassment and ridicule during their two years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . etc"

1.      **COUNT I RACE DISCRIMINATION**

Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2.      **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

   Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

   Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5. **COUNT IX FALSE IMPRISONMENT**

   Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6. **RETALIATION ( NOT MASSACHUSETTS LAW )**

   Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**As the court deems and proper or tier of fact or by jury**. (See Docket Entry #1, in support)

## CERTIFICATION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon the court reporter and the Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, by Facsimile and FedEx, on January 15 , 2006.

Respectfully submitted

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155