UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD,<br>    *Plaintiff*,<br>v.<br>CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE,<br>    *Defendants*. | CIVIL ACTION NO. 05-11005-PBS |

# DEFENDANTS' EMERGENCY MOTION[1] FOR
# PROTECTIVE ORDER TERMINATING DEPOSITIONS AND FOR SANCTIONS

In September 2006, after Plaintiff Anthony Bayad ("Bayad") exhibited hostile and agitated behavior towards court personnel, this Court warned him that it would impose sanctions, including dismissal, if such behavior occurred again. See Procedural Order Dated September 14, 2006 (the "Order," Docket Entry 58) . On January 16, 2007, Bayad filed Docket Entry 87[2] in which he indirectly threatened to have a magistrate judge kidnapped and executed. Id. at 3-4. On January 19, 2007, Bayad conducted a telephonic deposition of defendant Celia Harper-Guerra (the "Deposition") that was, in reality, a three-and-a-half hour tirade.[3] If the Court's criteria for sanctions were not met before those two incidents, they have been met now. Accordingly, in advance of tomorrow's scheduled deposition of Carl Wiese, defendants request that the Court enter an order terminating depositions and dismissing this action or, if it is

---

[1] Defendants move on an emergency basis because the next deposition in this matter is scheduled for Tuesday, January 23, 2007, at 1 p.m. EST.

[2] To save space, this Motion will refer to Bayad's various filings by Docket Entry rather than by caption.

[3] A rough draft of the deposition transcript is attached at as Exhibit A to the Declaration of Matthew Iverson, submitted herewith. References to this transcript are noted as Depo. __.

unwilling to dismiss the action, proceed to resolve the Defendants' pending summary judgment motion (Docket Entry 33).

Allowing further depositions would be both unsafe and fruitless. Bayad's behavior has become more and more threatening as this litigation has unfolded. He began by leaving harassing phone calls with Cisco employees. See Defendants' Motion to Strike and for Protective Order Terminating Discovery ("Motion to Strike," Docket Entry # 80) at 2 & Exs. F-G. He progressed to making disturbing references about the Court's family, see Docket Entry 84 ¶ 6 (referring to the Court's "4 beautiful children"), and filing abusive pleadings. See, e.g., Docket Entry 71 at 3 ("I do not like you and do not like your Clients, the Defendants.") (emphasis in original); Docket Entry 79 (including profanity in caption). Docket Entry 87, in which Bayad insinuates that he has been following Magistrate Bowler and suggests that she will be kidnapped and executed during her next trip to Europe, id. at 3-4, apparently marks his graduation to threatening violence.

Nor is Magistrate Bowler Bayad's only target. During the Deposition it became clear that Bayad had also compiled information about Harper-Guerra's past residences and family, Depo. 9:5-14, 158:10-11 (stating, without being told, where Harper-Guerra had resided, and referring to Harper-Guerra having children). He also referred to paying a service to obtain personal information. Depo. 99:8-10 (referring to how it costs $30 to examine a person's background).

The deposition itself was harassing. It degenerated into an abusive harangue, delivered in a shout, and punctuated by occasional demands for an answer. See, e.g., Depo. 98:22-100:24, 151:8-155:20; Iverson Declaration ¶ 4. When Bayad did pause for a reply, he would often either cut off Harper-Guerra's answer or accuse her of committing perjury. See, e.g., Depo. 43:11-45:12.

2

In short, Bayad is misusing the deposition process in bad faith to oppress the witness, not to gather evidence. Subjecting five more witnesses to similar treatment would be harassing, pointless and cruel. The depositions should be terminated under Fed. R. Civ. P. 30(d)(4) and 26(c).

## CONCLUSION

This is intolerable. A lawsuit is supposed to further justice, and discovery is supposed to aid in that process. Bayad is using both as form of legalized stalking. The Court has the inherent power to forestall such behavior, see United States v. Kouri-Perez, 187 F.3d 1, 7-8 (1st Cir. 2006), and should use it to dismiss this action. Failing that the Court should at minimum issue a protective order, pursuant to Fed. R. Civ. P. 26(c) terminating further deposition discovery.

Respectfully submitted,

CISCO SYSTEMS, INC., BRUCE BASTIAN, KATE DCAMP, LYNN FRASER, CELIA HARPER-GUERRA, and RICK JUSTICE

By their attorneys,

/s/ Bruce E. Falby
Bruce E. Falby (BBO #544143)
Matthew Iverson (BBO #653880)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  January 22, 2007

## CERTIFICATE OF SERVICE

I, Bruce E. Falby, certify that on January 22, 2007, I served this document upon Anthony Bayad, 2 Magoun Avenue, Medford, Massachusetts, 02155, by Federal Express.

/s/ Bruce E. Falby
Bruce E. Falby