## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff , ) | CIVIL ACTION |
| ) | |
| ) | CASE NO. 05-11005PBS |
| ) | |
| BRUCE BASTIAN; KATE DCAMP ) | |
| LYNN FRASER;CELIA HARPER-GUERRA; ) | |
| RICK JUSTICE; CISCO SYSTEMS INC.   ) | |
| Defendants, ) | |

### MOTION MOVES THE COURT TO ENTER FINAL JUDGEMENT FOR THE PLAINTIFF

The weighting of the evidence, and drawing of legitimate inference from the facts, allow Plaintiff Anthony Bayad ("I") to move this court to Grant "All Relief Requested" found in the Complaint Docket Entry # 1 at page 36-37 as matter of law. Wherefore, Defendants and their lawyers, Bruce Flaby et, al., bearing the burden of defense has lost, the allocation of the burden of defense have drove the case's final disposition. With support of the complaint Docket Entry # 1 and it(s) 27 Exhibits Numbered 1 thru- 27, and Defendants Celia Harper Guerra under oaths testimonies admitted that my civil right had been violated –even admitted that her partner in crime defendant, Lynn Fraser, has intentionally violated my civil rights and violated her company Cisco Business Code of Conduct and Ethics; see Cellia Harper Guerra ' Deposition taken on January 19, 2006; see other witnesses affidavit(s) found in the

1

complaint docket Entry #1 Exhibits No. 2, 3, 4, and especially 4, 5 , 6, 7, and the list goes on. Hence, the pleading and the depositions on file with the affidavits do show that I the plaintiff is entitled to judgment as matter of law. Fed. R. Civ. P. 56(c). Because, I the plaintiff the movant has made such showing of fact is material, has affect the outcome of the suit under the applicable law. *Santiago-Ramos v. Cential P.R. Wireless Corp.*, 217 F. 3d 46, 52 (1st Cir. 2000), and a genuine " issue is one supported by such evidence that a reasonable jury, drawing favorable inferences, " will resolve it in favor of the plaintiff , I " *Triangle trading Co., Inc. v. Robroy Indus.*, 200 F. 3d 1, 2 ( 1st Cir. 1999) ( quoting *Smith v. F.W. Morse & Co.,* 76 F. 3d 413, 428 (1st Cir. 1996). Although, in considering the Final court order, the Court must grant the final order in favor of the plaintiff, I, when the court has construe the evidence and the interferences drawn from the underlying facts (*in supported in the complaint docket entry # 1 and its 27 Direct evidence attached as exhibits 1 . . . thru 27)* in the light most favorable I, the Plaintiff Anthony Bayad, I.

    **Wherefore**, Plaintiff Anthony Bayad ("I") demands that this court: See Complaint Docket # 1 page 36-37, the relief requested including the **PUNITIVE DAMAGES**

    (a)    declare the defendants' conduct to be in violation of my rights;

    (b)    enjoin defendants from engaging in such conduct in the future;

    (c)    award me back pay and benefits (with interest) that have accrued to date;

    (d)    award me front pay until normal retirement age as I am 39 years old;

(e)      award me compensatory damages of $ 10,000,000.000 or more for emotional distress, mental anguish, and loss of enjoyment of life and the disparate treatment, and discrimination and false imprisonment that I suffered at the hand of the defendants;

(f)      award me compensatory damages of $2, 000,000.000 for interfering with my Civil Rights, conspiring to restrict me from equal rights and benefits, and for defaming and destroying my life, and blocking me for working and conducting my business;

(g)      Award my damages of $3, 000,000.000 or more for defamation and damage to my business and my career and my health, my reputation, injury to my character and to my credit standing;

(h)      Award me punitive damages in the amount of $20, 000, 000. 000 or more;

(i)      Award me costs and legal fees;

(j)      Grant me such other relief as the court may deem just proper.

For the following count(s):

**PUNITIVE DAMAGES ( Published by Dla Piper Rudnick Gray Carry 'official web site)**

- "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs **$4 million** in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two **drivers to ethnic harassment** and ridicule during their two years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . etc"

1. **COUNT I RACE DISCRIMINATION**

      Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2.    **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

      Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3.    **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

      Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4.    **COUNT VIII CONSPIRACY**

      Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5.    **COUNT IX FALSE IMPRISONMENT**

      Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6.    **RETALIATION ( NOT MASSACHUSETTS LAW )**

Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**As the court deems and proper or tier of fact or by jury**. (See Docket Entry #1, in **support**)

## CERTIFACTION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, First class - U.S. Mail on March 14, 2007.

**Respectfully submitted**

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

5