# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | CASE NO. 05-11005PBS |
| ) | |
| BRUCE BASTIAN; KATE DCAMP ) | |
| LYNN FRASER;CELIA HARPER-GUERRA; ) | |
| RICK JUSTICE; CISCO SYSTEMS INC. ) | |
| Defendants, ) | |

### SUPPLEMENT FILING OF THE ORIGINAL UNDER OATH DEPOSITION ' TRANCRIPT OF DEFENDANT CELIA HARPER-GUERRA IN SUPPORT THE FINAL JUDMENT FOR THE PLAINTIFF

Plaintiff Anthony Bayad ("I") file the deposition of Celia Harper Guerra taken under oath, the original transcript proves that I the plaintiff was discriminated against on basis of race in violation of Titled 42 Section 1981 and 1985 and in Violation of Title VII Section 703 and 704 ( prohibit retaliation), which led to my constructive discharge/block my opportune to be hire nor to be certify nor to conduct business, and I the Plaintiff met the burden of proof, that intentional discrimination has occurred . see *Burdine*, 450 U.S at 254; see *Cruz –Ramos v. Puerto Rico Sun Oil Co*. 202 F. 3d 381, 384 ( 1st Cir.)

**Wherefore**, Plaintiff Anthony Bayad ("I") demands that this court: See Complaint Docket # 1 page 36-37, the relief requested.

(a)    declare the defendants' conduct to be in violation of my rights;

1

(b)   enjoin defendants from engaging in such conduct in the future;

(c)   award me back pay and benefits (with interest) that have accrued to date;

(d)   award me front pay until normal retirement age as I am 39 years old;

(e)   award me compensatory damages of $ 10,000,000.000 or more for emotional distress, mental anguish, and loss of enjoyment of life and the disparate treatment, and discrimination and false imprisonment that I suffered at the hand of the defendants;

(f)   award me compensatory damages of $2, 000,000.000 for interfering with my Civil Rights, conspiring to restrict me from equal rights and benefits, and for defaming and destroying my life, and blocking me for working and conducting my business;

(g)   Award my damages of $3, 000,000.000 or more for defamation and damage to my business and my career and my health, my reputation, injury to my character and to my credit standing;

(h)   Award me punitive damages in the amount of $20, 000, 000. 000 or more;

(i)   Award me costs and legal fees;

(j)   Grant me such other relief as the court may deem just proper.

For the following count(s):

**PUNITIVE DAMAGES ( Published by Dla Piper Rudnick Gray Carry 'official web site)**

•   "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs **$4 million** in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California

2

jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two <u>drivers to ethnic harassment</u> and ridicule during their two years of employment at FedEx (June 2, 2006). <u>See</u> In <u>Zubulake v. UBS Warburg</u>, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . etc"

1. **COUNT I RACE DISCRIMINATION**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. <u>see</u> <u>Santiago-Ramos vs. Centennial P.R. Wireless Corp.</u>, 217 F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

    Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. <u>see</u> <u>Santiago-Ramos vs. Centennial P.R. Wireless Corp.</u>, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

    Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. <u>see</u> <u>Santiago-Ramos vs. Centennial P.R. Wireless Corp.</u>, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

    Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. <u>see</u> <u>Santiago-Ramos vs. Centennial P.R. Wireless Corp.</u>, 217 F. 3d 46, 56 ( 1st Cir.)

5. **COUNT IX FALSE IMPRISONMENT**

      Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6.     **RETALIATION ( NOT MASSACHUSETTS LAW )**

      Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**As the court deems and proper or tier of fact or by jury** . (See Docket Entry #1, in support)

### CERTIFACTION OF SERVICE

      I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, First class - U.S. Mail on March 14, 2007.

Respectfully submitted

*/s/ Anthony Bayad*

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155