## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| Plaintiff , ) | CIVIL ACTION |
| ) | |
| ) | CASE NO. 05-11005PBS |
| BUCE BASTIAN; KATE DCAMP ) | |
| LYNN FRASER;CELIA HARPER-GUERRA; ) | |
| RICK JUSTICE; CISCO SYSTEMS INC. ) | |
| Defendants, ) | |

**SUPPLEMENT FILING OF RECOMMENDATION LETTERS FROM CISCO SYSTEMS CEO - EXECUTIVE JOHN CHAMBERS AND PRESIDENT OF LUCENT TECHNOLOGIES AND AZTEC COMMUNICATION' EXECUTIVES ALL ATTEST TING TO PLAINTIFF BAYAD' OUTSTANDING JOB PERFORMANCE DURING HIS EMPLOYMENT AT BOTH COMPANIES LUCENT AND CISCO AND**

Anthony Bayad, I the Plaintiff file [3] signed corporate office letters provided to me during my employment at Cisco Systems and Lucent Technologies and Aztec Communication company. These letter[s] speaks for it(s) self and prove to the court that during my employment at Lucent Technologies Inc. , Aztec Communications Inc., and now Cisco Systems that the content of these letter speaks for it self and this court has duty to review such signed letters and insert them as direct evidence in support of Final Judgment for the Plaintiff . See Exhibits labeled  No.  3 – 4 -5–is Attached hereto .

**Wherefore**, Plaintiff Anthony Bayad ("I") demands that this court: See Complaint Docket # 1 page 36-37, the relief requested.

(a) declare the defendants' conduct to be in violation of my rights;

(b) enjoin defendants from engaging in such conduct in the future;

1

(c) award me back pay and benefits (with interest) that have accrued to date;

(d) award me front pay until normal retirement age as I am 39 years old;

(e) award me compensatory damages of $ 10,000,000.000 or more for emotional distress, mental anguish, and loss of enjoyment of life and the disparate treatment, and discrimination and false imprisonment that I suffered at the hand of the defendants;

(f) award me compensatory damages of $2, 000,000.000 for interfering with my Civil Rights, conspiring to restrict me from equal rights and benefits, and for defaming and destroying my life, and blocking me for working and conducting my business;

(g) Award my damages of $3, 000,000.000 or more for defamation and damage to my business and my career and my health, my reputation, injury to my character and to my credit standing;

(h) Award me punitive damages in the amount of $20, 000, 000. 000 or more;

(i) Award me costs and legal fees;

(j) Grant me such other relief as the court may deem just proper.

For the following count(s):

**PUNITIVE DAMAGES ( Published by Dla Piper Rudnick Gray Carry 'official web site)**

- "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs $4 million in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two drivers to ethnic harassment and ridicule during their two

2

years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . etc"

1. **COUNT I RACE DISCRIMINATION**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

    Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

    Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

    Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5. **COUNT IX FALSE IMPRISONMENT**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established

the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6.     **RETALIATION ( NOT MASSACHUSETTS LAW )**

Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**As the court deems and proper or tier of fact or by jury** . (See Docket Entry #1,  in support)

### CERTIFICATION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, First class - U.S. Mail on March 30, 2007.

Respectfully submitted

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

4

*Congratulations Anthony!*
*Lynn*



21 August 2000

Anthony Bayad
278 Main Street Unit 1H
Melrose, MA USA

Dear Anthony,

I want to congratulate you on our 42nd quarter of consecutive revenue and earnings growth, which was the strongest quarter and year-over-year growth we've seen in more than four years, and a great finish to a very solid year. Our Q4 revenue growth versus the same quarter last year was 61% and FY2000 revenues grew 55% over FY1999 revenues. We are in a very strong market, and this fiscal year has been a great illustration of continued, successful execution on the part of our employees throughout the entire company.

Your individual contributions have played a significant role in making fiscal year 2000 a success. As a result, you will be receiving a Cisco Incentive Plan (CIP) bonus for $5,858.05 in recognition of your accomplishments this past year. You will receive your bonus via direct deposit or, if you do not have direct deposit, via mail to your home.

Business leaders increasingly understand that Internet-based applications will determine the success and even survival of their companies. This is occurring across all geographies and with government leaders as well, and has been a topic of discussion in my meetings with over 70% of the global Fortune 500 CEOs and boards during the last two years.

Given this, I am very optimistic about the opportunities for fiscal year 2001. Taking advantage of these opportunities will require the same focus and attention on teamwork that made this year so successful. Having said that, I truly believe this is the best team in the world and one that is capable of achieving our destiny of leading the Internet Revolution.

Sincerely,

*John Chambers*

John Chambers
President and Chief Executive Officer



**Lucent Technologies**
Bell Labs Innovations

July 3, 1996

Lucent Technologies Inc.
Suite 110
1019 Central Parkway North
San Antonio, Texas 78232

Jeff Akers
National Vice President of Technical Support Operations
Lucent Technologies
6140 Greenwood Plaza Boulevard
Englewood, CO 80111

Dear Jeff:

Your organization employs two gentlemen out of the Largo, FL operations that are outstanding in their knowledge level as well as dedication in the data networking field. Amado Navas and Anthony Bayad know what it takes to support customers who are creating new wide area networks (WANs) and who need support for existing WANs using our product line. Anthony went beyond the normal call of duty to work after hours over several evenings to complete a new network installation for Play by Play out of San Antonio, TX. This was a 7 site installation of BayNetworks routers and data access equipment that required an after hours cutover beginning one Friday night and lasting through until the following Saturday afternoon. The customer had purchased another company and needed access to the new network. This installation was so complex that the customer did not have the correct and complete information that we normally need to achieve a successful installation. The fact that the customer did not have the information necessary about their own network is not uncommon in the SBD marketplace.

These two gentlemen exemplify the type of technical assistance and dedication that we need to be successful in this marketplace. This sale started out as a $40,000 sale and because of their technical skills and willingness to assist, this turned into a $140,000 sale with over $30,000 in services. Once the customer saw the complexity of their network and how skillful Anthony was, they allowed us to assist them in other areas that a consultant had attempted to assist them with.

Please extend our gratitude to both Anthony and Amado for their support. We would not be able to sell wide area networks of this type without people like them.

Sincerely,

Larry Clarkson
General Manager
SBD San Antonio

cc: Jennifer K. Ramirez, ASC
    Amado Navas, Technical Support Manager
    Anthony Bayad, Systems Engineer

*Lucent Technologies-Formerly the Communications Systems and Technology Units of AT&T*  AT&T

**AZTEC TECHNOLOGY PARTNERS, INC.** - New England Region
52 Roland Street • Boston, MA 02129 • Tel 617.623.3100 • Fax 617.628.6211 • www.aztectech.com

March 30, 2000

To Whom it may concern:

**Anthony Bayad** has approached me regarding a job opportunity that he's evaluating at Cisco Systems. Anthony has been with Aztec Technology Partners for the past 2 years and has demonstrated excellent work ethics and professional growth. As his direct manager, I encouraged Anthony to further explore the job opportunity at Cisco Systems as it is a major step in his career development and will honor his resignation, when tendered, to join Cisco Systems.

Aztec Technology Partners views Anthony's opportunity of employment at Cisco as a positive career move for him and a way to further strengthen our already strong relationship with Cisco Systems.

Sincerely,

Kamil J. Alachi
Director, Technology