# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY BAYAD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | CASE NO. 05-11005PBS |
| BUCE BASTIAN; KATE DCAMP ) | |
| LYNN FRASER;CELIA HARPER-GUERRA; ) | |
| RICK JUSTICE; CISCO SYSTEMS INC. ) | |
| Defendants, ) | |

**SUPPLEMENT FILING OF TESTIMONY OF FIRE DEPARTMENT PROVE WHAT MANAGERS OF LUCENT TECHNOLOGIES AND NOW MANGER OF CISCO SYSTEMS – CARL WIESE AND TONY SAVASTANO ( CASE No. 04-10468PBS) HATE CRIME-**

Anthony Bayad, I the plaintiff file the Fire Department testimonies that shows what they have done to me at Lucent Technologies and they could not do the same thing at Cisco systems because at Cisco they are Executives with over 200,000.00 Dollars in Salaries and Millions of Stocks – shares of Cisco Systems – they are millionaire, and they could not jeopardize the fortune. But at Lucent Technologies they were baby managers in the learning phase and only making 100,000.00 ++ dollars and only small numbers of stocks. I like to advise this court or who ever is presiding that these two managers Carl Wiese and Savastano at Lucent Technologies, I the Plaintiff was teaching them how the technology works and they wanted me the plaintiff at Lucent Technologies to write a business plan how to save the company from failing. Let me repeat they wanted me to work on the plan and when I refused they told me to go and open an office and train people to use my model and to copy me for they can give it to their CEO . Unfortunately,

1

they played with me and I followed their play along. I must tell openly that they are a losers. I don' t know what is going on with Cisco for hiring them ? I do know, now, why they are hired is because of the color of their skin and their race and the sound of their English. Respectfully, in 20 or 30 year all Europe will be multiracial and America will go back to civil war – white with Spanish and black – the minorities and we are seen it right now that our young men and women – the minorities, all carry guns and all are killing them selves, here in Boston, because they do not have a job – all unemployed as I, me the Plaintiff Bayad, 10 year unemployed, but Carl wise is not unemployed and protected and Tony Savastano is not unemployed and he is protected. Please this is history and let not history repeat it self because now they are many and many educated minority as I that this wonderful country need as help and as role model. Thank you. See Exhibits Attached hereto .

**Wherefore**, Plaintiff Anthony Bayad ("I") demands that this court: See Complaint Docket # 1 page 36-37, the relief requested.

(a)     declare the defendants' conduct to be in violation of my rights;

(b)     enjoin defendants from engaging in such conduct in the future;

(c)     award me back pay and benefits (with interest) that have accrued to date;

(d)     award me front pay until normal retirement age as I am 39 years old;

(e)     award me compensatory damages of $ 10,000,000.000 or more for emotional distress, mental anguish, and loss of enjoyment of life and the disparate treatment, and discrimination and false imprisonment that I suffered at the hand of the defendants;

(f) award me compensatory damages of $2, 000,000.000 for interfering with my Civil Rights, conspiring to restrict me from equal rights and benefits, and for defaming and destroying my life, and blocking me for working and conducting my business;

(g) Award my damages of $3, 000,000.000 or more for defamation and damage to my business and my career and my health, my reputation, injury to my character and to my credit standing;

(h) Award me punitive damages in the amount of $20, 000, 000. 000 or more;

(i) Award me costs and legal fees;

(j) Grant me such other relief as the court may deem just proper.

For the following count(s):

**PUNITIVE DAMAGES** ( Published by Dla Piper Rudnick Gray Carry 'official web site)

- "The record are clear that federal race discrimination claims brought under Title 42 Section 1981 as well as claims brought under numerous state laws are not subject to **any limits**, A recent unpublished opinion in the Fourth Circuit Court of Appeals, *White v. BFI Waste Services, LLC* (No. 05-1804, 4th Cir. May 23, 2006), serves as a pointed, when the jury in *White* found that defendant BFI's supervisors subjected two African-American plaintiffs to a racially hostile work environment for over **ten years** and awarded the plaintiffs **$4 million** in punitive damages on top of $1.2 million in compensatory damages. And Several recent cases illustrate just how costly discrimination and harassment punitive damages can be; also In *Issa v. Roadway Package Sys.*, a California jury awarded two FedEx drivers $50 million in punitive damages after finding that a manager subjected the two drivers to ethnic harassment and ridicule during their two years of employment at FedEx (June 2, 2006). See In *Zubulake v. UBS Warburg*, a federal jury in New York awarded a single plaintiff over $20 million in punitive damages on her gender discrimination claims (April 6, 2005). . . . . etc"

1. **COUNT I RACE DISCRIMINATION**

    Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the

inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

2. **COUNT III CLASSIFICATION OF RACE – CISCO-NO-HIRE-LIST**

   Respectfully, Plaintiff request relief on Count III ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

3. **COUNT VI BREACH OF ORAL CONTACT AND CONTRACTUAL OF OBLIGATION**

   Respectfully, Plaintiff request relief on Count VI ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

4. **COUNT VIII CONSPIRACY**

   Respectfully, Plaintiff request relief on Count VIII ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

5. **COUNT IX FALSE IMPRISONMENT**

   Respectfully, Plaintiff request relief on Count I ( Race Discrimination) record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

6. **RETALIATION ( NOT MASSACHUSETTS LAW )**

   Respectfully, Plaintiff request relief on Count ( Retaliation record contains direct evidence exist supporting such claim, is evidence that established the existence of discriminatory intend behind the employment decision without the

inference or the presumption. see *Santiago-Ramos vs. Centennial P.R. Wireless Corp.*, 217 F. 3d 46, 56 ( 1st Cir.)

**As the court deems and proper or tier of fact or by jury.** (See Docket Entry #1, in support)

### CERTIFICATION OF SERVICE

I, Anthony Bayad, certify that I caused this document to be served upon Attorney Bruce Falby, Dla Piper Rudnick Gray Cray Carry, 33 Arch Street, 26 th, Boston, MA 02110, First class - U.S. Mail on March 30, 2007.

Respectfully submitted

Anthony Bayad
2 Magoun Avenue
Medford, MA 02155

5

GIETZEN & ASSOCIATES, INC.
1302 NORTH MARION STREET
TAMPA, FLORIDA 33602
(813) 223-3233
FEDERAL I.D. #59-2975034


REPORT OF INTERVIEW

IN RE: BAYAD

DATE OF INTERVIEW: AUGUST 5, 1997

PERSON INTERVIEWED: JIM PLANTS
    TELEPHONE: 393-8711
    ADDRESS: 8971 STARKEY ROAD
    SEMINOLE, FLORIDA

LOCATION OF INTERVIEW: FIRE DEPARTMENT
    ADMINISTRATIVE HEADQUARTERS
    70th AVENUE
    SEMINOLE, FLORIDA


AFTER INTRODUCING MYSELF AND STATING THE NATURE OF THE INTERVIEW, MR. PLANTS MADE THE FOLLOWING COMMENTS CONCERNING A RESCUE THAT TOOK PLACE ON JANUARY 23RD, 1997 AT APPROXIMATELY 4:12 PM AT LUCENT TECHNOLOGIES ON 8545 126TH AVENUE NORTH, LARGO, FLORIDA 33773.

MR. PLANTS IS EMPLOYED BY FIRE RESCUE PINELLAS COUNTY.

MR. PLANTS STATED HE WAS TOLD THE BASIC LIFE SUPPORT CREW HAD PULLED MR. BAYAD OUT OF A FOUNTAIN AT LUCENT TECHNOLOGIES. MR. PLANTS STATED

WHEN HE CAME IN CONTACT WITH MR. BAYAD HE WAS WET. MR. PLANTS STATED MR. BAYAD TOLD HIM HE WAS IN THE FOUNTAIN BECAUSE HE WAS VERY HOT. MR. PLANTS STATED MR. BAYAD TOLD HIM LICENT TECHNOLOGIES PERSONNEL KEPT HIM LOCKED IN A ROOM THAT WAS VERY HOT WHERE HE COULD NOT GO TO THE BATHROOM OR GET ANYTHING TO EAT OR DRINK. MR PLANTS STATED MR. BAYAD TOLD HIM THE COMPANY HAD MORE OR LESS LURED HIM TO THEIR OFFICE FROM FORT LAUDERDALE. MR. PLANTS STATED MR. BAYAD SAID THERE WAS SOMETHING ABOUT AN EXPENSE ACCOUNT WHICH HE HAS PAID BACK BUT THE COMPANY WAS MAKING A BIG DEAL OUT OF IT. MR. PLANTS STATED MR. BAYAD REQUESTED HIS DOCTOR. MR. PLANTS ASSURED MR. BAYAD THAT AFTER HE WAS TAKEN TO THE HOSPITAL CONTACT WOULD BE MADE WITH HIS DOCTOR. MR. PLANTS STATED MR. BAYAD TOLD HIM HE HAD A SLEEP DISORDER.

MR. PLANTS WAS A LITTLE UNSURE AS TO EXACTLY WHEN MR. BAYAD WAS FIRED. MR. PLANTS DOES REMEMBER COMPANY OFFICIALS SPEAKING WITH MR. BAYAD IN THE AMBULANCE WHERE THEY TOOK CREDENTIALS FROM HIM AND TOLD HIM HE COULD NOT COME BACK ON THE PROPERTY OR HE WOULD BE CONSIDERED TRESPASSING.

MR. PLANTS STATED MR. BAYAD WAS VERY DISTRAUGHT OVER WHAT HAPPENED TO HIM. MR. PLANTS BELIEVED MR. BAYAD WHEN HE TOLD HIM HE HAD BEEN LOCKED IN A ROOM. MR. PLANTS STATED MR. BAYAD NEVER REFUSED CARE HE WAS JUST EXCITED AND SHAKEN UP OVER WHAT HAPPENED TO HIM. MR. PLANTS

STATED HE ALSO THOUGHT THERE WAS A LITTLE BIT OF A LANGUAGE BARRIER BETWEEN MR. BAYAD AND ALL OF THE OFFICIALS THAT WERE AROUND HIM. MR. PLANTS STATED AFTER A LITTLE WHILE MR. BAYAD CALMED DOWN AND COOPERATED WITH EVERYONE FULLY.

MR. PLANTS STATED MR. BAYAD HAD A FRIEND WITH HIM. MR. BAYAD TOLD THEM HE HAD A FRIEND WAITING FOR HIM IN THE CAR. MR. PLANT STATED AFTER A LITTLE BIT OF TIME THEY WERE ABLE TO FIND THE FRIEND WHO APPEARED TO BE THE SAME NATIONALITY AS MR. BAYAD. MR. PLANTS DOES NOT REMEMBER THE FRIENDS NAME, BUT STATED THE FRIEND HELPED TO CALM MR. BAYAD DOWN AND GET HIM TAKEN TO THE HOSPITAL.

MR. PLANTS STATED HE DID NOT KNOW IF MR. BAYAD WAS BAKER ACTED OR NOT. MR. PLANTS STATED IF THAT DECISION WAS MADE IT WAS MADE BY POLICE, NOT BY THE RESCUERS.

MR. PLANTS STATED HE NEVER HEARD MR. BAYAD SAY HE WANTED TO HARM HIMSELF IN ANY WAY. MR. PLANTS STATED HE DID NOT BELIEVE MR. BAYAD WAS SUICIDAL. MR. PLANTS STATED AFTER MR. BAYAD CALMED DOWN HE EVEN THANKED RESCUERS FOR TRYING TO HELP HIM AND APOLOGIZED FOR HIS EXCITEMENT WHEN THEY FIRST CONTACTED HIM. MR. PLANTS STATED HE DID NOT BELIEVE MR. BAYAD EVER POSED A THREAT TO HIMSELF OR THE RESCUERS ON SCENE.